MHL

IN THE
UNITED STATES DISTRIT COURT
NORTHER DISTRICT OF ILLINOIS
EASTREN DIVISION

RECEIVED

JAN 3 1 2008  aew
JAN 31 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

LARRY RODGERS,
ROBBIE J, MOORE,
      PLAINTIFF(S),

      V.

ROD BLAGOJEVICH;
In his individual and Official
Capacities as Governor for the
State of Illinois;
LISA MADIGAN;
In her individual and Official
Capacities as Attorney General
for the State of Illinois;
ROGER E, WALKER JR, HOWARD A,
PETERS III, ODIE WASHINGTON,
DONALD A. SNYDER JR,
In their individual and official
Capacities as Director and former
Directors of the Illinois
Department of Corrections:
MARLA ZIELINSKI:
IN HER INDIVIDUAL AND OFFICIAL
Capacities as Business Adiminatrator
for the Menard .C.C.
TERRY L McCANN, JAMES CHRANS;
DEIDRA BATTAGLIA; THOMAS F, PAGE;
SALVADORE GODINEZ;GEORGE DETELLA;
RICHARD B, GRAMLEY;GEORGE WELBORN;
KENNETH R, BRAILT; JOHNATHAN R, WALLS;
DONALD A, HULICK;ALAN UCHTMAN; JOHN
JANE DOES;
In their individual and official
capacities as Wardens and former
wardens of the Illinois Department of
Corrections;
      DEFENDANT(S) (SEE ATTACHED PAGE FOR ADDITIONAL DEFENDANT(S).

CASE NO _____
Supplied By Clerk

JURY TRAIL DEMANDED:

08CV686
JUDGE DARRAH
MAGISTRATE JUDGE DENLOW

TITLE 42 U.S.C.§1983
TITLE 42 U.S.C.§1985(3)
TITLE 42 U.S.C.§1986
2000 CC RELIGIOUS LAND INSTITUTIONALIZED PERSONS ACT

PAGE 1 OF 80

## APPENDIX

| | |
|---|---|
| PLAINTIFF'S MOORE COMPLAINT | PAGE 1-20 |
| RELIEF REQUESTED | PAGE 71-80 |
| DEFENDANT'S | PAGE 2-4 |
| STATEMENT OF FACTS | PAGE 7-20 |
| PREVIOUS LAWSUITS | PAGE 6-7 |
| PLAINTIFF'S RODGERS COMPLAINT | PAGE 21-80 |
| DEFENDANT'S | PAGE 21-38 |
| EXHAISTION OF ADMINISTRATIVE REMEDIES | PAGE 38-39 |
| PREVIOU LAWSUITS | PAGE 40 |
| JURISDICTION AND VENUE | PAGE 41 |
| PRELIMINARY STATEMENT | PAGE 41-45 |
| CLASS ALLEGATIONS | PAGE 45-47 |
| STATEMENT OF FACTS | PAGE 47-71 |
| RELIEF REQUESTED | PAGE 71-80 |
| EXHIBITS | A-Z1 |
| MOTION FOR CERTIFICATION OF CLASS | PAGE 1 OF 8 |
| MOTION TO WAIVE COPYING REQUIRINGMENTS | PAGE 1 OF 2 |
| AFFIDAVIT IN SUPPORT OF MOTION TO WAIVE COPING REQUIREMENT | PAGE 1 OF 2 |
| ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER AND TRO | PAGE 1 OF 2 |
| MOTION FOR PRELIMINARY INJUNCTION AND TRO | PAGE 1 OF 4 |
| DECLARETION IN SUPPORT OF TRO AND PRELIMINARY INJUNCTION | PAGE 1 OF 4 |
| MEMORANDMUM OF LAW IN SUPPORT OF TRO | PAGE 1 OF 15 |
| IN FORMA PAUPERIS WITH FINANCIAL AFFIDAVITS | |
| MOTION FOR APPOINTMENT OF COUNSEL | PAGE 1 OF 2 |
| 2# AFFIDAVITS IN SUPPORT OF MOTION FOR APPOINTMENT OF COUNSEL | PAGE 1 OF 3 |
| MEMRANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT OF COUNSEL | PAGE 1 OF 9 |

**.I.  PLAINTIFF(S):**

   **A.**  NAME: ROBBIE J, MOORE

   **B.**  LIST OF ALL ALIASES:  NONE

   **C.**  PRISONERS IDENTIFICATION NUMBER: B+16483

   **D.**  PLACE OF PRESENT CONFINEMENT: STATEVILLE C.C.

   **E.**  ADDRESS: P.O.BOX 112 JOLIET,ILL 60434

**.II.  DEFENDANT(S);**

   **A.**  DEFENDANT: ODIE WASHINGTON

   TITLE: FORMER DIRECTOR OF THE ILLINOIS DEPARTMENT OF CORRECTIONS,AT THE TIME OF THE EVENTS DESCRIBED HEREIN HE WAS RESPONSIABLE FOR THE CONDITIONS AND OPERATIONS IN THE ILLINOIS DEPARTMENT OF CORRECTIONS, HE WAS THE FINAL POLICY MAKER, AND IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.

   PLACE OF EMPLOYMENT: 1301 CONCORDA COURT, SPRINGFIELD,ILL 62794

   **B.**  DEFENDANT: HOWARD A, PETERS III,

   TITLE: FORMER DIRECTOR OF THE ILLINOIS DEPARTMENT OF CORRECTIONS, AT THE TIME OF THE EVENTS DESCRIBED HEREIN,HE WAS RESPONSIABLE FOR THE CONDITIONS AND OPERATIONS IN THE IDOC, HE WAS THE FINAL POLICY MAKER, HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.

   PLACE OF EMPLOYMENT: 1301 CONDCORDA CORT, SPRINGFILED ILL 62794

   **C.**  DEFENDANT: DONALD A SNYDER JR,

   TITLE:  FORMER DIRECTOR OF THE ILLINOIS DEPARTMENT OF CORRECTIONS, AT THE TIME OF THE ENVETS DESCRIBED HEREIN, HE WAS RESPONSIBLE FOF THE CONDITIONS AND OPERATIONS IN THE IDOC, HE WAS THE FINAL

POLICY MAKER, AND HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL

CAPACITIES.

PLACE OF EMPLOYMENT: 1301 CONCORDA COURT SPRINGFIELD, ILL, 62794


D.    DEFENDANT: ROGER E, WALKER JR,

TITLE: DIRECTOR OF THE ILLINOIS DEPARTMENT OF CORRECTIONS, HE

IS RESPONSIBLE FOR THE CONDITIONS AND OPERATIONS IN THE ILLINOIS

DEPARTMENT OF CORRECTIONS, HE IS THE FINAL POLICY MAKER, HE IS SUED

IN HIS INDIVIDUAL AND OFFICIAL CAPACTIS

PLACE OF EMPLOYMENT: 1301 CONCORDA COURT, SPRINGFIELD, ILL, 62794.


E.    DEFENDANT: ROD BLAGOJEVICH

TITLE: GOVERNOR FOR THE STATE OF ILLINOIS, HE IS THE SUPREME EXECUTIVE

POWER, NAD SHALL BE RESPONSIBLE FOR THE FAITHFUL EXECUTION OF THE

LAWS, HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.

PLEACE OF EMPLOYMENT: 100 W, RANDOLPH, 12TH FL, CHICAGO, ILL 60601.


F.    DEFENDANT: LISA MADIGAN

TITLE: ATTORNEY GENERAL FOR THE STATE OF ILLINOIS, SHE IS THE

LEGAL OFFICER OF THE STATE, AND SHALL HAVE THE DUTIES AND POWERS

THAT ARE PRESCRIBED BY LAW, ARTICLE 5. SECTION 15 OF THE ILLINOIS

STATE CONSTITUTION, SHE IS SUED IN HER INDIVIDUAL AND OFFICIAL

CAPACITIES.

PLEACE OF EMPLOYMENT: 100 W, RANDOLPH STREET, 12TH FL, CHAIEGO

ILL, 60601.


G.    DEFENDANT:  TERRY L, McCANN

TITLE: CHIEF ADMINISTRATIVE OFFICER OF THE STATEVILLE C.C. AND ADMINISTRATIVE DIRECTIVE OF DIRECTOR WALKER, HE IS RESPONSIBLE FOR THE OPERATIONAL ACTIVITIES WITHIN HIS ASSIGNED INSTITUTION, AS WELL AS THE TREATMENT AND REHABILITATION OF INMATES, HE CARRIES OUT POLICIES,PROCEDURES AND INSTRUNTION OF THE DIRECTOR AND ASSOCIATE DIRECTORS, HE SUPERVISES STAFF IN MAINTAINING AND ENFORCING DISC-IPLINARY,SAFETY,SECURITY,SANITARY AND CUSTODIAL MEASURES, HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.

PLACE OF EMPLOYMENT: ROUTE 53# P.O.BOX-112 JOLIET,ILL 60434 STATE-VILLE CORRECTIONAL CENTER.


H.    DEFENDANT: GEORGE E,DETELLA

TITLE: FORMER CHIEF ADMINISTRATIVE OFFICER OF STATEVILLE C.C. UNDER ADMINISTRATIVE DIRECTIVE OF DIRECTOR ODIE WASHINGTON HE IS RESPONISBLE FOR THE OPERATIONAL ACTIVITIES WITHIN HIS ASSIGNED INSTITUTION, AS WELL AS THE TREATMENT AND REHABILITATION OF INMAETS HE CARRIES OUT POLICIES,PROCEDURES AND INSTRUCTION OF THE DIRECTOR, AND ASSOCIATE DIRECTORS, HE SUPERVISES STAFF IN MAINTAINNING AND ENFORCING DISCIPLINARY,SAFETY,SECURITY,SANITARY AND CUSTODIAL MEASURES, HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CPIIS.

PLACE OF EMPLOYMENT: ROUTE 53# P.O.BOX-112 JOLIET, ILL 60434


I.    DEFENDANT: KENNETH R, BRIELY

TITLE: FORMER CHIEF ADMINISTRATIVE OFFICER OF STATEVILLE C.C. UNDER ADMINISTRATIVE DIRECTIVE OF DIRECTOR DONALD A, SNYDER JR, HE IS RESPONSIBLE FOR THE OPERATIONAL ACTIVITIES WITHIN HIS ASSIGNED INSTITUTION, AS WELL AS THE TREATMENT AND REHABILITATION OF INMATES,

HE CARRIES OUT POLICIES,PROCEDURES AND INSTRUCTIONS OF THE

DIRECTOR AND ASSOCIATE DIRECTORS,HE SUPERVISES STAFF AND MAIN-

TAINING AND ENFORCING DISCIPLINARY,SAFETY,SECURITY, SANITARY AND

CUSTODIAL MEASURES, HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL

CAPACITIES.

PLACE OF EMPLOYMENT: ROUTE 53 P.O.BOX-112 JOLET,ILL 60434


J.   DEFENDANT: THOMAS F, PAGE

TITLE: FORMER CHIEF ADMINISTRATIVE OFFICER OF MENARD C.C. UNDER

ADMINISTRATIVE DIRECTIVE OF DIRECTOR DONALD A, SNYDER JR, HE IS

RESSPONSIBLE FOR OPERATIONAL ACTIVITIES WITHIN HIS ASSIGNED

INSTITUTION, AS WELL AS THE TREATMENT AND REHABILITATION OF INMATES,

HE CARRIES OUT POLICIES,PROCEDURES AND INSTRUCTIONS OF THE DIRECTOR

AND ASSOCIATE DIRECTOR, HE SUPERVISES STAFF IN MAINTAINING AND

ENFORCING DISCIPLINARY,SAFETY,SECURITY,SANITARY AND CUSTODIAL

MEASURES, HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CPAPACITIES.

PLACE OF EMPLOYMENT: 711 KASKASKIA STREET, MENARD,ILL 62259


K.   DEFENDANT: JOHNATHAN R, WALLS

TITLE: FORMER CHIEF ADMINISTRATIVE OFFICER OF MENARD,C.C. UNDER

ADMINISTRATIVE DIRECTIVE OF DIRECTOR DONALD A, SNYDER JR, HE IS

RESPONSIBLE FOR THE OPERATIONAL ACTIVITIES WITHING HIS ASSIGNED

INSTITUTION,AS WELL AS THE TREATMENT AND REHABILITATIN OF INMATES

HE CARRIES OUT POLICIES,PROCEDURES,AND INSTRUCTIONS OF THE DIRECTOR

AND ASSOCIATE DIRECTORS, HE SUPERVISES STAFF IN AMINTAINING AND

ENFORCING DISCIPLINARY,SAFETY,SECURITY,SANITARY AND CUSTODIAL

MEASURES, HE IS SUED IN HIS INDIVIDUAL ANDOFFCAL CAPACITIES.

PLACE OF EMPLOYMENT: 711 KASKASKIA STREET, MEANARD,ILL 62259



L.   DEFENDANT: EDDIE JONES

TITLE: WARDEN OF PONTIAC C.C. UNDER ADMINISTRATIVE DIRECTIVE OF

DIRECTOR WALKER JR, HE IS RESPONSIBLE FOR OPERIONAL ACTIVITIES

WITHING HIS ASSIGNED INSTITUTION, AS WELL AS THE TREATMENT AND

REHABILITATION OF INMATES,HE CARRIES OUT POLICIES,PROCEDURES AND

INSTRUCTIONS OF THE DIRECTOR AND ASSOCIARE DIRECTORS, HE SUPERVISES

STAFF AND MAINTAINING AND ENFORCING DISCIPLINARY,SAFTY,SECURITY,

SANITARY AND CUSTODIAL MEASURES, HE IS BEING SUED IN HIS INDIV-

IDUAL CAPACITIES.

PLACE OF EMPLOYMENT: P.O.BOX 99 PONTIAC ILL 61764


M.   DEFENDANT: MARLA ZIELINSKI

TITLE: BUSINESS ADMINISTRATOR FOR MENARD C.C.

PLACE OF EMPLOYMENT: 711 KASKASKIA STREET, MENARD,ILL 62259


AT ALL TIMES RELEVENT TO THE EVENTS DESCRIBED HEREIN, THE DEFENDANT(S) HAVE

ACTED IN THE COLOR OF STATE AND FEDERAL LAW.

PLAINTIFF HAVE NO KNOWLEDGE IF THE NAMED DEFENDANT(S) ARE STILL EMPLOYED

AS DIRECTORS, WARDENS, AND EMPLOYEES, OR ARE WORKING IN SOME OTHER CAPACITY

OF THE IDOC, PLAINTIFF NAMES THEIR PREDECESSORS AND SUCESSORS IN OFFICE AS

DEFENDANT(S) IN THIS ACTION.


.III. LIST ALL LAWSUITS.

A.   NAME OF CASE AND DOCKET NUMBER: ROBBIE MOORE V. VERMILLION COUNTY

6-C-2153

B.   APPROXIMATE DTATE OF FILING: SEPT,18TH,2006

C.   LIST OF ALL PLAINTIFF(S) INCLUDING ALIASES:+ ROBBIE MOORE

D.   LIST ALL DEFENDANT9S): VERMILLION COUNTY (VIA) THOMAS FAHEY, CLAUDIA

     ANDERSON, WILLIAM SHON,LISA LOVELACE,LARRY MILLS

E.   COURT IN WHICH CASE WAS FILED: U.S.DISTRICT URBANA(CENTERAL)

F.   NAME OF JUDGE TO WHOM CASE WAS ASSIGNED: MICHAEL MCCUSKEY

G.   BAISC CLAIMS MADE: VIOLATION OF RIGHTS:

H.   DISPOSTION OF THE CASE: DISMISSED

I.   APPROXIMATE DATE OF DISPOSITION: OCT,24TH,2006


.IV. STATEMENT OF FACTS:

1) Plaintiff Robbie J,Moore was recieved into the Illinois Department of Corr-
ections on or about August or September 1997, during the two years plaintiff
was confined at the Stateville correctional center wher plaintiff was repeatedly
deprived of his property entitlement of the Illinois Appropriated idle pay
allowance of $10.00 monthly by defendant(s) George E,Detella (Warden)Detella)
and unknown business administrator acting in collusion,corroboration and
conspiracy with defendant(s) Odie Washionton,(Director Washington) and Peters III,
(Associate Director Peters) who repeatedly deprived plaintiff under an illegal
institutional policies of prison lockdowns, Legal fees and segregation con-
finement, this actions of the defendant(s) to divert, Embezzle or misappro-
priate Illinois prisoners hyigenic idle pay,and even though the defendant(s)
had no legal standing to divert or withhold plaintiffs property entitlement,
in violation of the United States Constitution, Illinois State Constitution,
and the defendant(s) own Rules and regulatiions which in turn deprived plaintiff
of his Due Process Rights and Equal Protection and subjected plaintiff to
Cruel and unusual punishment,whith violates plaintiffs Fifth(5th) Eighth (8th)

and Fourteenth (14th) Amendment Rights to the United States Constitution.

2) On or about December 1999 plaintiff was transfered from Stateville c.c. to
Menard C.C. where defendant(s) Thomas F.Page (warden Page( and unknown business
administrator repeatedly was deprived of his property entitlement of $10.00
monthly idle pay while acting in collusion, corroboration and conspiracy with
defendant Odie Washington(Director Washington) who repeatedly deprived plaintif
of his property entitlement under an illegal institutional policy of prison
lock downs, legal fees, segregation confinement, this action of the defendant(s)
to divert, embezzle,or misappropriate Illinois prisoners hyigene idle pay even
though the defendant(s) had no legal standing to divert or other wise withhold
plaintiffs property entitlement,in violation of the united States Constitution,
Illinois State Constitution,and the defendant(s) own Rules and Regulation
which in turn deprived plaintiff of his Due Process and Equal Protection and
subjected plaintiff to Cruel and unusual punishment, in violation of plaintiff(s)
Fifth (5th) Eighth(8th) and Fourteenth(14th) Amendments to the United states
constitution.

3) On or about 2002 plaintiff was transfered to Pontiac C.C. from Menard C.C.
where defendant(s) Eddie Jones (Warden Jones) and unknown business administrator
repeatedly deprived plaintiff of his property entitlement of $10 .00 monthly
idle pay while acting in collusion, corroboration and conspiracy with
Defendant Snyder,(director Snyder... who repeatedly deprived plaintiff of his
property entitlement under an illegal Institutional policies of prison lock downs
Legal fees, Segregation confinement, copy fees and Restitution payment, the
actions of the defendant(s) to divert, embexzle, or misapporpriate Illinois
prisoners hyigene idle pay enven though the defendant(s) had no legal standing

to divert or other wise withhold plaintiffs idle pay, in viiolation of the
United State Constitution, Illinois State Constitution, and the defendant(s) own
Rules and regulations, which in turn violates plaintiff(s) Due Process and
Equal Protectiion Rights and subjected plaintiff to Cruel and Unusual punishment,
in violation of plaintiffs Fifth(5th) Eighth(8th) and Fourteenth (14th) Amendment
Right to the United States Constitution.

4) On or about 2006 plaintiff was transfered from Pontiac C.C. to Stateville C.C.
wher defendant(s) Kenneth R, Briley, (warden Briley) and unknown business
administrator acting in collusion, corroboration and conspiracy with Defendant
Walker jr, (director Walker jr) to deprive plaintiff of his monthly idle pay
entitlement under an illegal prison policy of institutional lockdowns, Segregatation
confinement, and restitution fees, even though the defendant(s) had no legal
standing to divert, embezzle or other wise withhold Illinois Appripriated prisoners
idle pay, in violation of the United States Constitution, Illinois State
Constitution and the defendant(s) own Rules and Regulatiions, which in turn
violates plaintiffs Right to Due Process and Equal Protection in violation of
his Eighth (8th) and Fourteenth (14th) Amendment Rights to the United States
Constitution.

5). On or about 2006 defendant Terry ,L McCann became Warden at the Stateville
C.C. and unknown Business administrator acting in collusion, corroboration and
conspiracy with defendant Walker jr (Director Walker) to deprive plaintiff
of his monthly idle pay entitlement under the illegal prison policies of
institutional lockdowns, Segregation confinement, and restitution payment
even though the defendant(s) had no legal standing to divert, embezzle or
other wise withhold Illinois Appropriated prisoners idle pay, in violation

of the United State Constitution, Illinois State Constitution and the defendant(s) own Rules and Regulations, which in turn violations plaintiffs Due Process and Equal Protection Rights in violation of his Eighth (8th) And Fourteenth (14th) Amendment Rights to the United States Constitution.

## IMMINENT DANGER/CONDITIONS OF CONFINEMENT:

6) On or about March 19th,2007 Plaintiff was interviewed by Stateville internal Affairs concerning his need for Protective Custody.

7) On or about March      ,2007 plaintiff Robbie J,Moore was than interviewed by Statevilles Counslor Mrs,Anna Dockery who requested that plaintiff fill out and return to her Protective Custody forms to be pleaced in X-House in which the plaintiff completed and returned to the counslor that same day.

8) Plaintiff was denied protective custody by defendant Terry L,McCann(Warden McCann) dispite the fact that he declared Inmates Dunigan,(A-60402),Tipton, (A-01054), and Wilson,(N-14081) as his enemies at Stateville C.C.

9) On or about July 20th,2007 plaintiff was approved protective custody by the Administrative Review Board(ARB).

10) Since plaintiff have been approved protective custody at the Stateville C.C. X-house, plaintiff have not been afforded the same Rights and Privileges (i,e.) Educational Oportunities,Vocational Opportunities, Religious Services and or access to the Law Library as provided to other inmates in General Population, all due to the plaintiff being housed in protective custody.

11) Plaintiff has requested several times to attend school, work programs and to able to attend his religious services, plaintiff was told by counslor Baldwin that if he wanted to go to school, he had to sign out of protective custody and return to general population.

12) Since March,2007 plaintiffs out of cell exercise area which is approximately 40x20 feet where 32 protective custody inmates are locked on the yard with no supervision from security staff for approx,five hours with the exception of one population yard tower that is approximately 200 to 250 yards away from the protective cusody unit, and is assigned to watch approx,75 to 100 population inmates on their yard time, protective custody yard tower is unmanned and condemed.

13) Plaintiff is repeatedly denied access to proper toilet facilities, and are forced to urinate and deficate in a corner by the stairs, there is no access to a toliet, or a phone or staff in case of an emergency as provided to inmates in general population.

14) During the winter months plaintiff is denied access to indoor recreation (gym) as inmates in general population and are forced to stay out in the cold for five hours with inadequate (state) clothing. (i,e. No winter boots,Hats, or thermals) as provided to inmates in general population(With Jobs).

15) Each time plaintiff goes to the hospital as a protective custody inmate, plaintiff and other inmates in protective custody are secured in a holding area with inmates from general population, and each time plaitiff request

a hair cut, it is from an inmate from general population who is assigned as
a barber in protective custody unit.


## DENIAL OF ADEQUATE MEDICAL AND MENTIAL HEALTH TREATMENT:

16) Plaintiff is repeatedly denied access to adeqaute medical (Dental) care
becasue of his protective custody status and being housed in X-House where
inmates are often told that(NO HOSPITAL PASSES ARE BEING RAN TODAY) and that
only emergency passes are honorable, plaintiff have been waiting for almost
one year for complete dentures upper and lowers, plaintiff cannot eat 60% of
meals served without his teeth, and plaintiff have repeatedly submitted
Dental request,and even requested for a soft diet from the Doctors and
Medical Director Ghosh and is denied, Plaintiff have lost approximately 12
to 15 pounds because he is unable to eat his food.


17) Plaintiff is constently being denied his mental health passes because of
his protective custody status,and has to write the mental health staff and
request to be rescheduled again and again becasue the officers in X-House
has labled plaintiff a child molester becasue of his case and is often denying
plaintiff out of cell access.


## HEALTH,FIRE AND SAFETY VIOLATIONS:

18) Since March,2007, plaintiff have been housed in X-House protective custody
where he is secured with pad-locks on the cell doors becasue the original
locks have not been maintained and not working, there is approximately 50#
cells in X-House, all of which are secured with pad-locks holding approx,

100# inmates approved and none  approved, as well as orintation and sick

wing inmates  all secured with pad-locks which creates a grave danger in case

of an emergency of any kind.


19) During the Months of July and August,2007, a storm knocked out all of the

power in X-House,plaintiff was in complete darkness from approx, 8:23pm until

some time that next day when the maintainence came in, the defendant(s) has

failed to ensure this building is kept up to Health,Fire and Safety codes by

installing flood lights, Fire wall and doors, Sprinkers and or fire alarms.

nor have the defendant(s) exercised a fire drill for inmates in protective

custody area since plaintiff has been assigned here, each cell is opened

manually with a small key on a key ring of approximately 7-10 other keys that

all look the same, several officers can't tell the difference when opening

the cells for yard, chow, Hospital and other movement and sometimes take

almost a minute or two to find the right key. The fire alarm is completely

opened, and there is no wireing to the fire alarm on plaintiffs gallary.


## DENIAL OF RELIGIOUS LAND USE AND
## INSTITUTIONALIZED PERSONS ACT 2000 CC:


20) The defendant(s) here at Stateville C.C. have imposed a burden upon the

plaintiffs religious beliefs and practices on the grounds that plaintiff is

in protective custody, these burdens and restrictions are not justifiable

nor are they comparable to the treatment of inmates in general population.


21) Plaintiff and other protective custody inmates have repeatedly submitted

request to the defendant(s) for religious services for inmates in X-House

protective custody to attend religious services in accordance with their

demonmenational beliefs, and the defendant(s) have refused to provide plaintif
and other inmates in X-House protective unit any services as inmates in general
population.


22) Every Religious Demonmenation in general population at Stateville c.c.
have no restrictions or burdens placed on their movement, expression or privileges
concerning their Rights to congregate weekly in the chaple with other members
of their religion except for protective inmates in X-House.


23) Plaintiffs religious beliefs are Druidism, and have been for years as his
IDOC records indicate, dispite this, the Defendant(s) have repeatedly denied
plaintiff all opprotunities for plaintiff to pursue his faith and to congregate
weekly as allowed and comparable to inmates in general population.


24) Druidism is the original form of the ancient Irish Scott, The Church of
Wicca is a younger version of plaintiffs Keltoi Dridue "Celtic Druid"
On specific days plaintiff and members of his faith possess sacred holidays
which caanot be porperly honored without assistence from a cleric/Priest
(Priestess) due to the fact that plaintiff do not possess any of the utencils
needed 1. A Gong (Bell,Cymbal)etc, 2. An alter cover, 3. A Prayer Mat, 4.Candles,
5.Incence, 6. A Wand, 7. A Relic (Sacred/Holy Symbole) 8. A Mantle (Robe).
9. A Goblet, 10. A Chalice, 11. A Prayer book(Spell book) and 12. A Temple
(Santuary,place to pray and Meditate. by Federal guidelines, plaintiff is
allowed some of his utencils in his cell so that he can practice his belief,
Yet, Stateville c.c. has routinely denied plaintiff all access to his Religious
practice and beliefs.

25) The actions of the defendant(s) clearly show that the unlawful and uncon-
stitutional policies and restrictions which has been placed on plaintiff and
other inmates in X-House protective custody unit is estabilshed only as a form
of punishment/penalty for being in protective custody, As Counslor Anna
Dockery Stated, "Protective Custody Inmates are looked upon by officers as
(Stool Pigeons and Child Molesters") and will not be treated the same as inmates
and general population.

26) The discrimination against Protective Custody Inmates as to the better
treatment of inmates in general population, shows however, that the restrictions
on the plaintiff and other inmates in X-House protective unit is not necessary
to serve a compelling Government interest, and is applied with intentional
Discrimination.

## DENIAL OF ACCESS TO COURTS/LAW LIBRARY:

27) Since March, 2007, plaintiff has been repeatedly denied access to the Law
Library which in turn denies plaintiff access to the Courts, Materials used
in legal actions, Caase law, research, Copying, Notary all because plaintiff is
in protective custody status.

28) Mrs, Baker the chief Librarian at Stateville C.C. has given all of her
workers Fridays off, which is the day that X-House is scheduled to go to the
Law Library, including Mrs, Mason the paralegal and informs x_house staff
not to be bringing any one over becasue there is no one there to assist her
and that it is not in her general contract to service inmates, the copyer

is broken and sent the entire X-House line back to the cell house denying plaintiff

access to the Law library, plaintiff have not been to the Law Library in

two (2) Months, and plaintiff has to draft his complaint on this paper becasue

he is denied access to the legal materials needed.


## DELIBERATE INDIFFERENCE

29) From March 2007 until the drafting of this complaint, plaintiff have been

and are continued to be denied allaccess to Religious services, Educational,

Vocational, Drug and Acohol Programs to earn Good Time Credits, Adequate and

meaningful access to the Courts/Law Library, Adequate and meaningful Medical/

Dental/Mental Health care, Provided adequate Protection as a protective Custody

inmate, and Equal Protection and Due Process Rights as provided to inmates in

General population concerning adequate living condition.


## DUE PROCESS AND EQUATE PROTECTION VIOLATIONS:

30) In 2003, Defendant(s) Rod Blagojevich,Lisa Madigan and Roger E,Walker jr,

being represented by the Illinois General Assembly, thereupon, entered into

a collective bargaining agreement, with IDOC employees assigned to the Commissary

and Deitary departments throughout the State, plaintiff wasnot appointed any

legal representation, when the defednant(s) elected to use 40% of the profits

from the sales throughout the department of corrections for the special benefit

of the committed person which include, but not limited to the advancement of

Inmates Pay-Roll, for the special benefit of the employees, and for the

advancement and reinburstment of employees travles, In violation of plaintiffs

Fourttenth (14th)and Sixteenth (16th) Amendment Rights to the United United

States Constitution.

31) The Defendant(s) Further agreed to use the remainder of the profits from
commissary stores to pay the wages and benefits of their employees covered
under the collective bargaining agreement who are employed at commissary
facilities of the Department,and then to pay the cost of their Dietary Staff.

32)

### CONSPIRACY,FRUAD AND EMBEZZLEMENT:

32) Defendant Roger E.Walker jr,(director Walker) further continued this unlawful
policy in each Facliity of( the IDOC acting in collusion, corroboration and
conspiracy with each named Warden and Business Administrator enforcing that if
an Inmate should cuase a level-1 through level-4 lock down,each inmate would
not recieve his/her Monthly idle pay of $10.00 these actions deprived and
continues to deprive plaintiff of his property entitlement,in violation of
Illinois State Law, (IDOC) Rules and Regulations and Plaintiffs Right under
the Fourteenth (14th) Amendment to the United States Constitution.

33 Defendant Walker jr, acting in collusion, corroboration and conspiracy with
each named warden and business administrator of the Illinois Department of
Corrections (IDOC) to defruad plaintiff, further agreed to utilize more funds
from Inmates idle pay by deliberately reducing the monthly idle pay from
$15.00 a mohth to $10.00 a month, and further reduced the amount of monthly
pay an inmate can earn from prison assignments from $45.00 a Month to $28.20
a month.

34 Defendant Walker jr, further enforced these unlawful and unconstitutional



policies throughout each Facility,acting in collusion,corroboration with
each named Warden and business administrator that if an inmate is sent to
segregation for any infraction of the rules that inmate(plaintiff) would not
recieve his idle pay of $10.00 even though the adjustment committee placed
no sanctions on the plaintiffs idle pay, these actions deprives plaintiff
pf his Right Due Process of the Law, which violates plaintiff Fourteenth (14th)
Amendment Right to the United States Constitution.

34. The defendant(s) have used and continue to use the earnings from the sales
of inmates commissary Stores and the idle pay taken from plaintiff without
affording plaintiff any legal representation, plaintiff is now faced with being
Taxed 35% on Tobacco products and 25% for none Tobacco products without any
legal representation, which in turn, violates plaintiffs Fourteenth (14th) and
Sixteenth (16th) Amendment Rights to the United States Constitution.

35) The actions of defendant's intentionally prevents plaintiff from adequately
pursuing his criminal Appeal or Reddress for constitutional violations, as
plaintiff is faced with either (Purchasing)Hygiene items from the inmates
commissary or (pursuing)his criminal Appeal,Petitioning the Courts and paying
the cost of U.S.Postage and Court filing fees.

36) The actions of the defendant(s) to divert,withhold or other wise embezzle
plaintiffs monthly idle pay which appropriated by the Illinois State and
Federal Government for the plaintiffs personal hyigene care is a direct
violation of the plaintiffs right to due process and equal protection.

37) Plaintiffs placement records will clearly show that plaintiff have been

repeatedly retaliated against and discriminated against becasue of his Crime

Religion and Protective Custody Status, and in 2001 plaintiff was written

false disciplinary report titled Gang and or unauthorized Activity for approx,

40 pages of "Pagan Writings which the institution called "White Suprimist

Literature. and in 1997 and 1998 plaintiff was placed in Segregation for

practicing his Religion which the institution called "Witchcraft and or Satanic

writing material.


### CONSPIRACY:

38) Plaintiff reallege and incorporate herein paragraph 1#. through 37# in this

complaint.


39) The defendant(s) through their unlawful actions, policies,practices and

procedures have conspired to established an unlawful system which operates

outside of the law, Rules and Regulations written, and that each defendant(s)

Directors,Wardens and Business Administrators Past and present have collectively

Embezzled, Diverted, Misappropriated or other wise withheld plaintiffs monthly

ilde allowance and other funds devired from 40% of the inmates commissary

funds and profits under prison policies enforced through the States of Illinois

against plaintiff which in turn deprived plaintiff of His Constitutional Rights.


### EMBEZZELMENT:

40) The actions of Defendant(s) to incorporate such policies, procedures and

practices is clearly an act of Embezzlement,which have been enforced unlawfully

throughout the State of Illinois against plaintiff and all other Inmates for

as far back as 1997, prehaps even longer. thus, constituting the act of

Conspiracy and Embezzlement by knowningly and intentionally diverting and



Misappropriating Illinois State Funds which clearly violates plaintiff(s)

Rights afforded to him by virture of the Illinois State Constitution and the

United states Constotution.

## CLAIMS UPON WHICH RELIEF MAY BE GRANTED:

WHEREFORE, plaintiff request this Honorable Court to enter the relief requested

in the attached complaint for both plaintiff(s).

## CERTIFICATION:

By signing this complaint, I certify that the facts stated herein are true
and correct to the best of my knowledge and belief, I understand that if this
certification is not true I may be subject to sanctions by the Court.

Signed this _27TH_ day of _JAN_ 2008

_Robbie J. Moore_
(Robbie J, Moore) B-16483
P.O. BOX-112
JOLIET, ILL 60434

## .I. PLAINTIFF:

1. Plaintiff, Larry Rodgers, is currently incarcerated within the Illinois Department of Corrections.

B. Date of Birth: **AUGUST 10TH, 1965**

C LIST OF ALL ALIASES ROBERT CONWAY

D. PRISONERS IDENTIFICATION NUMBER N-53436

E. PLACE OF CONFINEMENT: STATEVILLE CORRECTIONAL CENTER

F. ADDRESS: ROUTE #53, P.O.BOX-112 JOLIET, ILL 60434


## .II. DEFENDANT(S)

A. Defendant: **ROD BLAGOJEVICH**

TITLE: **GOVERNOR FOR THE STATE OF ILLINOIS, HE IS THE SUPREME EXECUTIVE POWER, AND SHALL BE RESPONSIBLE FOR THE FAITHFUL EXECUTION OF THE LAWS, HE IS BEING SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.**

PLACE OF EMPLOYMENT:    100 W, RANDOLPH STREET 12TH FL

CHIAGO, ILL60601

B. DEFENDANT: **LISA MADIGAN**

TITLE: **ATTORNEY GENERAL FOR THE STATE OF ILLINOIS,,SHE IS THE LEGAL OFFICER OF THE STATE.AND SHALL HAVE THE DUTIES AND POWERS THAT MAY BE PRESCRIBED BY LAW. ARTICLE 5.SECTION 15. OF THE CONSTITUTION OF THE STATE OF ILLINOIS, SHE IS BEING SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITIES.**

PLACE OF EMPLOYMENT: **100 W,RANDOLPH, 12TH FL. CHICAGO,ILL 60601.**

C. DEFENDANT: **ROGER E,WALKER JR:**

TITLE: **DIRECTOR ILLINOIS DEPARTMENT OF CORRECTIONS, HE IS RESPONSIBLE FOR THE CONDITIONS AND OPERATIONS IN THE ILLIN-**

-OIS DEPARTMENT OF CORRECTIONS, HE IS THE FINAL POLICY MAKER,

AND HE IS BEING SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.

PLACE OF EMPLOYMENT: 1301 CONCORDIA COURT,SPRINGFIELD,ILL 62794.


D   DEFENDANT:ODIE WASHINGTON

TITLE: FORMER DIRECTOR OF THE ILLINOIS DEPARTMENT OF CORR-

-ECTIONS,AT THE TIME OF THESE VIOLATIONS HE WAS RESPONSIBLE

FOR THE CONDITIONS AND OPERATIONS IN THE ILLINOIS DEPARTMENT

OF CORRECTIONS, HE WAS THE FINAL POLICY MAKER,AND HE IS BEING

SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.

PLACE OF EMPLOYMENT: 1301 CONCORDIA COURT,SPRINGFIELD,ILL 62794.


E. DEFENDANT: HOWARD A,PETERS III,

TITLE: FORMER DIRECTOR OF THE ILLINOIS DEPARTMENT OF CORR-

-ECTIONS,AT THE TIME OF THESE VIOLATIONS HE WAS RESPONSIBLE

FOR THE CONDITION AND OPERATIONS IN THE ILLINOIS DEPARTMENT

OF CORRECTIONS,HE WAS THE FINAL POLICY MAKER,AND HE IS BEING

SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.

PLACE OF EMPLOYMENT: 1301 CONCORDIA COURT, SPRINGFIELD ILL,62794


F. DEFENDANT: DONALD A,SNYDER JR,

TITLE: FORMER DIRECTOR OF THE ILLINOIS DEPARTMENT OF CORR-

-ECTIONS,AT THE TIME OF THESE VIOLATES HE WAS RESPONSIBLE FOR

THE CONDITIONS AND OPERATIONS IN THE ILLINOIS DEPARTMENT OF

CORRECTIONS,HE WAS THE FINAL POLICY MAKER,AND HE IS BEING

SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.

PLACE OF EMPLOYMENT: 1301 CONCORDIA COURT,SPRINGFIELD,ILL 62794

G. DEFENDANT: MABLE ZIELINSKI

   TITLE: BUSINESS ADMINISTRATOR FOR THE MENARD CORRECTIONAL

   CENTER.

   PLACE OF EMPLOYMENT: 711 KASKASKIA STREET, MENARD, ILL 62259


H. DEFENDANT: TERRY L, McCANN

   TITLE: CHIEF ADMINISTRATIVE OFFICER, OF STATEVILLE C.C. AND

   UNDER ADMINISTRATIVE DIRECTION OF DIRECTOR WALKER JR, HE IS

   RESPONSIBLE FOR OPERATIONAL ACTIVITIES WITHIN HIS ASSIGNED

   INSTITUTION, AS WELL AS THE TREATMENT AND REHABILITATION OF

   INMATES, HE CARRIES OUT POLICIES, PROCEDURES AND INSTRUCTION

   OF THE DIRECTOR AND ASSOCIATE DIRECTORS, HE SUPERVISES STAFF

   IN MAINTAINING AND ENFORCING DISCIPLINARY, SAFTY, SECURITY,

   SANITARY AND CUSTODIAL MEASURES, HE IS BEING SUED IN HIS IN-

   DIVIDUAL AND OFFICIAL CAPACITIES.

   PLACE OF EMPLOYMENT: ROUTE #53, P.O. BOX112 JOLIET, ILL 60434

   STATEVILLE CORRECTIONAL CENTER.


I. DEFENDANT: DEIDRA BATTAGLIA

   TITLE: FORMER CHIEF ADMINISTRATIVE OFFICER OF STATEVILLE C.

   UNDER ADMINISTRATIVE DIRECTIVE OF DIRECTOR WALKER JR, AT THE

   TIME OF THE EVENT DISCRIBED HEREIN, SHE WAS RESPONSIBLE FOR

   OPERATIONAL ACTIVITIES WITHIN HER ASSIGNED INSTITUTION, AS

   WELL AS THE TREATMENT AND REHABILITATION OF INMATES, SHE

   CARRIES OUT POLICIES, PROCEDURES AND INSTRUCTIONS OF THE DIR-

   ECTOR AND ASSOCIATE DIRECTORS, SHE SUPERVISES STAFF AND

   MAINTAINING AND ENFORCING DISCIPLINARY, SAFTY, SECURITY, SANITARY

AND CUSTODIAL M●SURES,SHE IS BEING SUED IN H● INDIVIDUAL

AND OFFICIAL CAPACITIES.


J. DEFENDANT: CHARLES L,HINSLEY

   TITLE: FORMER CHIEF ADMINISTRATIVE OFFICER OF MENARD CORECT--

   IONAL CENTER UNADMINISTRATIVE DIRECTIVE OF DIRECTOR WALKER JR,

   HE IS RESPONSIBLE FOR OPERATIONAL ACTIVITIES WITHIN HIS ASS--

   IGNED INSTITUTION,AS WELL AS THE TREATMENT AND REHABILITATION

   OF INMATES.HE CARRIES OUT POLICIES,PROCEDURES AND INSTRUCTION

   OF THE DIRECTOR AND ASSOCIATE DIRECTORS,HE SUPERVISES STAFF

   IN MAINTAINING AND ENFORCING DISCIPLINARY,SAFTY,SECURITY,

   SANITARY AND CUSTODIAL MEASURES,HE IS BEING SUED IN HIS

   INDIVIDUAL AND OFFICIAL CAPACITIES.

   PLACE OF EMPLOYMENT: 711 KASKASKIA STREET,MENARD,ILL 62259


K. DEFENDANT: JAMES CRANS

   TITLE: FORMER CHIEF ADMINISTRATIVE OFFICER OF JOLIET,CORREC-

   TIONAL CENTER UNDER ADMINISTRAIVE DIRECTIVE OF DIRECTOR RICHARD

   B,GRAMLEY,HE IS RESPONSIBLE FOR OPERATIONAL ACTIVITIES WITHIN

   HIS ASSIGNED INSTITUTION,AS WELL AS THE TREATMENT AND

   REHABILITATION OF INMATES,HE CARRIES OUT POLICIES,PROCEDURES

   AND INSTRUCTIONS OF THE DIRECTOR AND ASSOCIATE DIRECTORS,HE

   SUPERVISES STAFF IN MAINTAINING AND ENFORCING DISCIPLINARY

   SAFTY,SECURITY,SANITARY AND CUSTODIAL MEASURES,HE IS BEING

   SUE IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.

   PLACE OF EMPLOYMENT: 1125 COLLINS STREET,JOLIET,ILL 60432



L. DEFENDANT: SALVADORE GODINEZ

TITLE: FORMER CHIEF ADMINISTRATIVE OFFICER OF STATEVILLE C..C
UNDER ADMINISTRATIVE DIRECTIVE OF DIRECTOR DONALD A,SNYDER JR,
AT THE TIME OF THE EVENTS DISCRIBED HEREIN, HE WAS RESPONSI-
BLE FOR OPERATIONAL ACTIVITIES WITHIN HIS ASSIGNED INSTITUT-
ION,AS WELL AS THE TREATMENT AND REHABILITATION OF INMATES,
HE CARRIES OUT POLICIES,PROCEDURES AND INSTRUCTIONS OF THE
DIRECTOR AND ASSOCIATE DIRECTORS, HE SUPERVISES STAFF IN
MAINTAINING AND ENFORCING DISICPLINARY,SAFTY,SUCURITY, SANI-
ARY AND CUSTODIAL MEASURES,HE IS BEING SUED IN HIS INDIVIUAL
AND OFFICIAL CAPACITIES.

PLACE OF EMPLOYMENT: ROUTE #53,P.O.BOX-112 JOLIET,ILL 60434


M. DEFENDANT: JERRY GILMORE

TITLE: FORMER CHIEF ADMINISTRATIVE OFFICER OF PONTIAC C.C.
AND UNDER ADMINISTRATIVE DIRECTIVE OF DIRECTOR
             ,HE IS RESPONSIBLE FOR OPERATIONAL ACTIVITIES
WITHIN HIS ASSIGNED INSTITUTION,AS WELL AS THE TREATMENT AND
REHABILITATION OF INMATES,HE CARRIES OUT POLICIES,PROCEDURES
AND INSTRUCTIONS OF THE DIRECTOR AND ASSOCIATE DIRECTORS,HE
ALSO SUPERVISES STAFF IN MAINTAINING AND ENFORCING DISCIPLI-
ARY,SAFTY,SECURTY,SANITARY AND CUSTIDIAL MEASURES,HE IS BEI-
-NG SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.

PLACE OF EMPLOYMENT. P.O.BOX-99 PONTIAC,ILL 61764


N. DEFENDANT: KENNETH BRADLY

TITLE: FORMER CHIEF ADIMINISTRATIVE OFFICER OF STATEVILLE C.C.

UNDER ADMINISTRATIVE DIRECTIVE OF DIRECTOR WALKER JR,AT THE TIME

OF THE EVENTS DISCRIBED HEREIN,HE IS RESPONSIBLE FOR

OPERATIONAL ACTIVITIES WITHIN HIS ASSIGNED INSTITUTION AS WELL

AS THE TREATMENT AND REHABILITATION OF INMATES,HE CARRIES OUT

POLICIES,PROCEDURES AND INSTRUCTIONS OF THE DIRECTOR AND

ASSICIATE DIRECTORS,HE SUPERVISES STAFF AND MAINTAINING AND

ENFORCING DISCIPLINARY,SAFTY,SECURITY,SANITARY AND CUSTODIAL

MEASURES,HE IS BEING SUED IN HIS INDIVIDUAL AND OFFICIAL

CAPACITIES.

PLACE OF EMPLOYMENT: ROUTE #53 P.O.BOX-112,JOLIET,ILL 60434

o.    DEFENDANT: THOMAS F,PAGE

TITLE: FORMER CHIEF ADMINISTRATIVE OFFICER OF MENARD C.C.

UNDER ADMINISTRATIVE DIRECTIVE OF DIRECTOR DONALD A.SNYDER JR

AT THE TIME OF THE EVENTS DISCRIBED HEREIN,HE WAS RESPONSIB-

LE FOR THE OPERATIONAL ACTIVITIES WITHIN HIS ASSIGNED INST-

ITUTION,AS WELL AS THE TREATMENT AND REHABILITATION OF IN-

MATES,HE CARRIES OUT POLICIES,PROCEDURES AND INSTRUCTIONS OF

THE DIRECTOR AND ASSOCIATE DIRECTORS,HE SUPERVISES STAFF

IN MAINTAINING AND ENFORCING DISCIPLINARY,SAFTY,SECURITY,

SANITARY AND CUSTODIAL MEASURES,HE IS BEING SUED IN HIS

INDIVIDUAL AND OFFICIAL CAPACITIES.

PLACE OF EMPLOYMENT: 711 KASKASKIA STREET,MENARD,ILL 62259

P.    DEFENDANT: DOANLD A,HULICK

TITLE: CHIEF ADMINISTRATOR OFFICER OF MENARD,C.C UNDER

DIRECTIVE OF DIRECTOR ROGER E,WALKER JR, AT THE TIME OF

THE EVENTS DISCRIBED HEREIN,HE WAS RESPONSIBLE FOR THE

OPERATIONAL ACTIVITIES WITHIN HIS ASSIGNED INSTITUTION, AS
WELL AS THE TREATMENT AND REHABILITATION OF INMATES, HE CARRIES
OUT POLICIES, PROCEDURES AND INSTRUCTIONS OF THE DIRECTOR
AND ASSOCIATE DIRECTOR, HE SUPERVISES STAFF IN MAINTAINING
AND ENFORCING DISCIPLINARY, SAFTY, SECURITY, SANITARY AND
CUSTODIAL MEASURES, HE IS BEING SUED IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES.

PLACE OF AMPLOYMENT: 711 KASKASKIA STREET, MENARD, ILL 62259


Q.    DEFENDANT: ALAN UCHTMAN

TITLE: FORMER CHIEF ADMINISTRATIVE OFFICER OF MENARD C.C.
UNDER ADMINISTRATIVE DIRECTIVE OF DIRECTOR ROGER E, WALKER JR,
AT THE TIME DISCRIBED HEREIN, HE IS RESPONSIBLE FOR OPERAT-
IONAL ACTIVITIES WITHIN HIS ASSIGNED INSTITUTION, AS WELL AS
THE TREATMENT AND REHABILITATION OF INMATES, HE CARRIES OUT
POLICIES, PROCEDURES AND INSTRUCTIONS OF THE DIRECTOR AND ASSOCIATE
DIRECTORS, HE SUPERVISES STAFF IN MAINTAINING AND ENFORCING
DISCIPLINARY, SAFTY, SECURITY, SANITARY AND CUSTODIAL MEASURES
HE IS BEING SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.
PLACE OF EMPLOYMENT: 711 KASKASKIA STREET, MENAD, ILL 62259


R.    DEFENDANT: GEORGE E, DeTELLA

TITLE: FORMER CHIEF ADMINISTRATIVE OFFICER OF STATEVILLE C.C.
UNDER DIRECTIVE OF DIRECTOR DONALD A, SYNDER JR, AT THE TIME
OF THE EVENTS DISCRIBED HEREIN, HE WAS RESPONSIBLE FOR THE
OPERATIONAL ACTIVITIES WITHIN HIS ASSIGNED INSTITUTION, AS WELL
AS THE TREATMENT AND REHABILITATION OF INMATES, HE CARRIES

OUT POLICIES,PROCEDURES AND INSTRUCTIONS OF THE DIRECTOR AND ASSO-

IATE DIRECTORS,HE SUPERVISES STAFF IN MAINTAINING AND ENFORCING

DISCIPLINARY,SAFTY,SECURITY,SANITARY AND CUSTODIAL MEASURES,

HE IS BEING SUED IN HIS INDIVIDUAL AND OFFICITIES.

PLACE OF EMPLOYMENT: ROUTE #53 P.O.BOX-112 JOLIET,ILL 60434


S.   DEFENDANT: GEORGE WELBORN

TITLE:FORMER CHIEF ADMINISTRATIVE OFFICER OF THE MENRD C.C.

UNDER ADMINISTRIVE DIRECTIVE OF DIRECTOR DONALD, A, SNYDER JR,

HE IS RESPONSIBLE FOR OPERATIONAL ACTIVITIES WITHIN HIS

ASSIGNED INSTITUTION,AS WELL AS THE TREATMENT AND REHABILIT-

ATION OF INMATES, HE CARRIES OUT POLICIES,PROCEDURES AND

INSTRUCTIONS OF THE DIRECTOR AND ASSOCIATE DIRECTORS,HE ALSO

SUPERVISES STAFF IN MAINTAINING AND ENFORCING DISCIPLINARY

SAFTY,SECURITY,SANITARY AND CUSTODIAL MEASURES,HE IS BEING

SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.

PLACE OF EMPLOYMENT: 711 KASKASKIA STREET MENARD,ILL 62259


T.   DEFENDANT: JACK HARTWIG

TITLE: FORMER CHIEF ADMINISTRATIVE OFFICER OF BIG MUDDY

RIVER CORRECTIONAL CENTER UNDER ADMINISTRATIVE DIRECTIVE

OF DIRECTOR JOHN DOE,HE IS RESPONSIBLE FOR OPERATIONAL

ACTIVITIES WITHIN HIS ASSIGNED INSTITUTION,AS WELL AS THE

TREATMENT AND REHABILITATION OF INMATES,HE CARRIES OUT

POLICIES,PROCEDURES AND INSTRUCTIONS OF THE DIRECTOR AND

ASSOCIATE DIRECTORS,HE ALSO SUPERVISES STAFF IN MAINTAINING

AND ENFORCING DISCIPLINARY,SAFTY,SECURITY,SANITARY AND

CUSTODIAL MEASURES,HE IS BEING SUED IN HIS INDIVIDUAL AND

OFFICIAL CAPACITIES.

PLACE OF EMPLOYMENT: 251 NORTH ILLINOIS HIGHWAY#37 P.O.BOX

1000 Ina, ILL 62846-1000


U.   DEFENDANT: PAUL BARNETT JR,

TITLE: FORMER CHIEF ADMINISTRATIVE OFFICER OF DANVILLE C.C.

UNDER ADMINISTRATIVE DIRECTIVE OF DIRECTOR JOHN DOE,AT THE

TIME OF THE EVENTS DESCIRBED HEREIN,HE WAS RESPONSIBLE FOR

OPERATIONAL ACTIVITIES WITHIN HIS ASSIGNED INSTITUTION,AS

WELL AS THE TREATMENT AND REHABILITATION OF INMATES, HE

CARRIES OUT POLICIES,PROCEDURES AND INSTRUCTIONS OF THE

DIRECTOR AND ASSOCIATE DIRECTORS,HE ALSO SUPERVISES IN

MAINTAINING AND ENFORCING DISCIPLINARY,SAFTY,SANITARY AND

CUSTODIAL MEASURES,HE IS BEING SUED IN HIS INDIVIDUAL AND

OFFICIAL CAPACITIES.

PLACE OF EMPLOYMENT: R.R ROUTE #5 136 PO BOX-4001 DANVILLE

ILLINOIS,61843-4001


V.   DEFENDANT: KEITH NELSON

TITLE: FORMER CHIEF ADMINSTRATIVE OFFICER OF DIXON C.C.

UNDER ADMINISTRATIVE OF DIRECTOR JOHN DOE,HE IS RESPONSIBLE

FOR THE OPERATIONAL ACTIVITIES WITHIN HIS ASSIGNED INSTITUT-

ION,AS WELL AS THE TREAMTENT AND REHABILITATION OF INMATES,

HE CARRIE SOUT POLICIES,PROCEDURES AND INSTRUCTIONS OF THE

DIRECTOR AND ASSOCIATE DIRECTORS,HE ALSO SUPERVISES STAFF IN

MAINTAINING AND ENFORCING DISCIPLINARY,SAFTY,SECURITY,AND



SANITARY AND CUSTODIAL MEARSURES,HE IS BEING SUED IN HIS

INDIVIDUAL AND OFFICIAL CAPACITIES.

PLACE OF EMPLOYMENT: 2600 NORTH BRINTON AVE, P.O.BOX-1200

DIXON,ILLINOIS 61021


W.     DEFENDANT: SERGIO MOLINA

TITLE: FORMER CHIEF ADMINISTRATIVE OFFICER OF EAST MOLINE C.C.

UNDER ADMINISTRATIVE DIRECTIVE OF DIRECTOR JOHN DOE,HE IS

RESPONSIBLE FOR THE OPERATIONAL ACTIVITIES WITHIN HIS ASSIGNED

INSTITUTION,AS WELL AS THE TREATMENT AND REHABILITATION OF

INMATES,HE CARRIE SOUT POLICIES,PORCEDURES,AND INSTRUCTION

OF THE DIRECTOR AND ASSOCIATE DIRECTORS,ALSO SUPERVISES STAFF

IN MAINTAINING IN ENFORCING DISCIPLINARY,SAFTY,SECURITY AND

CUSTODIAL MEASURES,HE IS BEING SUED IN HIS INDIVIDUAL AND

OFFICIAL CAPACITIES.

PLACE OF EMPLOYMENT: 100 EAST HILLCREST ROAD,EAST MOLINE

ILLINOIS 61244


X      DEFENDANT: KENNETH DOBUCKI

FORMER CHIEF ADMINISTRATIVE OFFICER OF GRAHAM C.C. UNDER

ADMINISTRATIVE DIRECTIVE OF DIRECTOR JOHN DOE,AT THE TIME

OF THE EVENTS DESCRIBED HEREIN,HE WAS RESPONSIBLE FOR THE

OPERATIONAL ACTIVITIES WITHIN HIS ASSIGNED INSTITUTION, AS

WELL AS THE TREATMENT AND REHABILITATION OF INMATES,HE

CARRIES OUT POLICIES,PROCEDURES AND INSTRUCTION OF THE

DIRECTOR AND ASSOCIATE DIRECTORS,HE ALSO SUPERVISES STAFF



IN MAINTAINING AND ENFORCING DISCIPLINARY,SAFTY,SECURITY

SANITARY AND CUSTODIAL MEASURES,HE IS BEING SUED IN HIS

INDIVIDUAL AND OFFICIAL CAPACITIES.

PLACE OF EMPLOTMENT: R.R. #1 HIGHWAY 185 P.O.BOX-499

HILLSBORO,ILLINOIS 62049


Y.    DEFENDANT: RODNEY ABITOW

TITLE: FORMER CHIEF ADMINISTRATIVE OFFICER OF ILLINOIS RIVER

C.C. UNDER ADMINISTRATIVE DIRECTIVE OF DIRECTOR JOHN DOE,

AT THE TIME OF THE EVENTS DESCRIBED HEREIN,HE WAS RESPON-

SIBLE FOR THE OVER ALL OPERATIONAL ACTIVITIES WITHIN HIS

ASSIGNED INSTITUTION,AS WELL AS THE TREATMENT AND REHABIL-

ITATION OF INMATES,HE CARRIES OUT POLICIES,PROCEDURES AND

INSTRUCTION OF THE DIRECT AND ASSOCIATE DIRECTORS,HE ALSO

SUPERIVISES STAFF IN MAINTAINING AND ENFORCING DISCIPLINARY

SAFTY,SECURITY,SANITARY AND CUSTODIAL MEASURES,HE IS BEING

SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.

PLACE OF EMPLOYMENT: ROUTE #9 WEST,P.O.BOX-999 CANTON ILL

61520


Z.    DEFENDANT: STEPHEN McEVERS

TITLE: FORMER CHIEF ADMINISTRATIVE OFFICER OF JACKSONVILLE

C.C. UNDER ADMINISTRATIVE DIRECTIVE OF DIRECTOR JOHN DOE

AT THE TIME OF THE EVENTS DESCRIBED WITHIN THIS COMPLAINT

HE WAS RESPONSIBLE FOR THE OPERATIONAL ACTIVITIES WITHIN

HIS ASSIGNED INSTITUTION,AS WELL AS THE TREATMENT AND REHAB-

ILITATION OF INMATES,HE CARRIES OUT POLICIES,PROCEDURES AND



INSTRUCTIONS OF THE DIRECTOR AND ASSOCIATE DIRECTOR, HE ALSO
SUPERVISES STAFF AND MAINTAINING IN ENFORCING DISCIPLINARY
SAFTY,SECURITY,SANITARY AND CUSTODIAL MEASURES,HE IS BEING
SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.
PLACE OF EMPLOYMENT: 2268 EAST MORTON AVE,JACKSONVILLE,ILL
62650


A-1   DEFENDANT: KEITH COOPER
      TITLE: FORMER CHIEF ADMINISTRATIVE OFFICER OF JOLIET,C.C.
      AT THE TIME OF THE EVENTS DESCRIBED HEREIN.HE WAS RESPONSIBLE
      FOR THE OPERATIONAL ACTIVITIES WITHIN HIS ASSIGNED INSTIT-
      UTION,AS WELL AS THE TREAMENT AND REHABILITATION OF INMATES,
      HE CARRIES OUT POLICIES,PROCEDURES AND INSTRUCTIONS OF THE
      DIRECTOR AND ASSOCIATE DIRECTORS,HE ALSO SUPERVISES STAFF
      IN MAINTAINING AND ENFORCING DISCIPLINARY,SAFTY,SECURITY,
      SANITARY AND CUSTODIAL MEASURES,HE IS BEING SUED IN HIS
      INDIVIDUAL AND OFFICIAL CAPACITIES.
      PLACE OF EMPLOYMENT: P.O.BOX-515 1125 COLLINS STREET,JOLIET
      ILLINOIS 60432


B-2.  DEFENDANT: AUGUSTUS SCOTT JR:
      TITLE: FORMER CHIEF ADMINISTRATIVE OFFICER OF LINCOLN C.C.
      UNDER ADMINSTRATIVE DIRECTIVE OF DIRECTOR JOHN DOE, AT THE
      TIME OF THE EVENTS DESCRIBED HEREIN,HE WAS RESPONSIBLE FOR
      THE OPERATIONAL ACTIVITIES WITHIN HIS ASSIGNED INSTITUTION,
      AS WELL AS THE TREATMENT AND REHABILITATION OF INMATES,
      HE CARRIES OUT POLICIES.PROCEDURES AND INSTRUCTIONS OF THE

DIRECTOR AND ASSOCIATE DIRECTORS,HE ALSO SUPERVISES STAFF AND

MAINTAINING AND ENFORCING DISCIPLINARY,SAFTY,SECURITY,SANITARY

AND CUSTODIAL MEASURES,HE IS SUED IN HIS INDIVIDUAL AND

OFFICIAL CAPACITIES.

PLACE OF EMPLOYMENT: 1098 135th STREET,P.O.BOX-549,LINCOLN

ILLINOIS, 62656.


C-1.  DEFENDANT: DAN BOSSE

TITLE: FORMER CHIEF ADMINISTRATIVE OFFICIER OF LOGAN C.C.

UNDER ADMINISTRATIVE DIRECTIVE OF DIRECTOR JOHN DOE,AT THE

TIME OF THE EVENTS DESCRIBED HEREIN,HE WAS RESPONSIBLE FOR

THE OPERATIONAL ACTIVITIES WITHIN HIS ASSIGNED INSTITUTION,

AS WELL AS THE TREATMENT AND REHABILITATION OF INMATES,HE

CARRIES OUT POLICIES,PROCEDURES,AND INSTRUCTIONS OF THE DIR-

ECTOR AND ASSOCIATE DIRECTORS,HE ALSO SUPERVISES STAFF IN

MAINTAINING DISCIPLINARY,SAFTY,SECURITY,SANITARY AND CUSTODIAL

MEASURES,HE IS BEING SUED IN HIS INDIVIDUAL AND OFFICIAL

CAPACITIES.

PLACE OF EMPLOYMENT: 1096 135th STREET,P.O.BOX-1000 LINCOLN

ILLINOIS 62656


D-1.  DEFENDANT: MAJORIE DONAHUE

TITLE: FORMER CHIEF ADMINISTRATIVE OFFICER OF ROBINSON C.C.

UNDER ADMINISTRATIVE DIRECTIVE OF DIRECTOR JOHN DOE,AT THE

TIME OF THE EVENTS DESCRIBED HEREIN HE/SHE WAS RESPONSIBLE

FOR THE OPERATIONAL ACTIVITIES WITHIN HIS/HER INSTITUTION

AS WELL AS THE TREATMENT AND REHABILITATION OF INMATES.

HE/SHE CARRIES OUT POLICIES,PROCEDURES AND INSTRUCTIONS
OF THE DIRECTOR AND ASSOCIATE DIRECTORS,HE/SHE ALSO SUPERVISES
STAFF IN MAINTAINING AND ENFORCING DISCIPLINARY AND SAFTY,
SECURITY,SANITARY AND CUSTODIAL MEASURES,HE/SHE IS BEING
SUED IN HER/HIS INDIVIDUAL AND OFFICIAL CAPACITIES.
PLACE OF EMPLOYMENT: 13423 EAST 1150th,AVE P.O.BOX-1000
ROBINSON,ILLINOIS 62454


E-1.  DEFENDANT: RICHARD McVICAR
      TITLE: FORMER CHIEF ADMINISTRATIVE OFFICER OF  SHANWEE C.C.
      UNDER ADMINISTRATIVE DIRECTIVE OF DIRECTOR JOHN DOE,AT THE
      TIME OF THE EVENTS DESCRIBED HEREIN,HE WAS RE SPONSIBLE FOR
      THE OPERATIONAL ACTIVITIES WITHIN HIS ASSIGNED INSTITUTION.
      AS WELL AS THE TREATMENT AND REHABILITATION OF INMATES,
      HE CARRIES OUT POLICIES,PROCEDURES AND INSTRUCTIONS OF THE
      DIRECTOR AND ASSOCIATE DIRECTORS,HE ALSO SUPERVISES STAFF
IN MAINTAINING AND ENFORCING DISCIPLINARY,SAFTY,SECURITY,SANITARY
      AND CUSTODIAL MEASURES,HE IS BEING SUED IN HIS INDIVIDUAL
      AND OFFICIAL CAPACITIES.
      PLACE OF EMPLOYEMENT: HIGHWAY 146 EAST, P.O.BOX-400 VIENNA
      ILLINOIS,62995


F-1.  DEFENDANT: THOMAS ROTH
      TITLE: CHIEF ADMINISTRIVE OFFICER OF SHERIDAN C.C. UNDER
      ADMINISTRIVE DIRECTIVE OF DIRECTOR JOHN DOE,AT THE TIME OF
      THE EVENTS DESCRIBED HEREIN,HE WAS RESPONSIBLE FOR THE OPER-
      ATIONAL ACTIVITIES WITHIN HIS ASSIGNED INSTITUTION.

AS WELL AS THE TREATMENT AND REHABILITATION OF INMATES,HE
ALSO CARRIES OUT POLICIES,PROCEDURES, AND INSTRUCTIONS OF
THE DIRECTOR AND ASSOCIATE DIRECTORS,HE ALSO SUPERVISES
STAFF IN MAINTAINING AND ENFORCING DISCPLINARY,SAFTY,SECURITY
SANITARY AND CUSTODUAL MEASURES,HE IS BEING SUED IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES.

PLACE OF EMPLOYMENT:



G-1.  DEFENDANT: EDWARD GREEN

TITLE: FORMER CHIEF ADMINISTRATIVE OFFICER OF SOUTHWESTERN C.C.
UNDER THE ADMINISTRATIVE DIRECTIVE OF DIRECTOR JOHN DOE,AT
THE TIME OF THE EVENTS DESCRIBED HEREIN,HE WAS RESPONSIBLE
FOR THE OPERATIONAL ACTIVITIES WITHIN HIS ASSIGNED INSTITUTION,
AS WELL AS THE TREATMENT AND REHABILITATION OF INMATES,HE
CARRIES OUT POLICIES,PROCEDURES,AND INSTRUCTIONS OF THE
DIRECTOR AND ASSOCIATE DIRECTORS, HE ALSO SUPERVISES STAFF
IN MAINTAINING AND ENFORCING DISCIPLINARY,SAFTY,SECURITY,
SANITARY AND CUSTODIAL MEASURES,HE IS BEING SUED IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES.

PLACE OF EMPLOYMENT:  950 KINGSTON HIGHWAY STREET,EAST,
ST,LOUIS,ILLINOIS 62203-0050


H-1   DEFENDANT: ANTHONY SCILLA

TITLE: FORMER CHIEF ADMINISTRATIVE OFFICER OF TAYLORVILLE
C.C. UNDER ADMINISTRATIVE DIRECTIVE OF DIRECTOR JOHN DOE
AT THE TIME OF THE EVENTS DESCRIBED HEREIN,HE WAS RESPON-
SIBLE FOR THE OPERATIONAL ACTIVITIES WITHIN HIS ASSIGNED
INSTITUTION,AS WELL AS THE TREATMENT AND REHABILITATION

OF INMATES,HE CARRIES OUT POLICIES,PROCEDURES,AND INSTRUCTIONS

OF THE DIRECTOR AND ASSOCIATE DIRECTORS,HE ALSO SUPERVISES

STAFF IN MAINTAINING AND ENFORCING DISCIPLINARY,SAFTY,SECUR-

ITY,SANITARY AND CUSTODIAL MEASURES,HE IS BEING SUED IN HIS

INDIVIDUAL AND OFFICIAL CAPACITIES.

PLACE OF EMPLOYMENT: ROUTE #29 SOUTH,P.O.BOX-1000

TAYLORVILLE,ILLINOIS 62568


I-1.  DEFENDANT: MICHAEL BAKER

TITLE:CHIEF ADMINISTRATIVE OFFICER OF VANDALIA C.C. UNDER

ADMINISTRIVE DIRECTIVE OF DIRECTOR JOHN DOE,AT THE TIME OF

THE EVENTS DESCRIBED HEREIN HE WAS RESPONSIBLE FOR THE

OPERATIONAL ACTIVITIES WITHIN HIS ASSIGNED INSTITUTION.

AS WELL AS THE TREATMENT AND REHABILITATION OF INMATES,

HE CARRIES OUT POLICIES,PROCEDURE,AND INSTRUCTIONS OF THE

DIRECTOR AND ASSOCIATE DIRECTORS,HE ALSO SUPERVISES STAFF

IN MAINTAINING AND ENFORCING DISCIPLINARY,SAFTY,SECURITY,

SANITARY AND CUSTODIAL MEASURES,HE IS SUED IN HIS INDIVIDUAL

AND OFFICIAL CAPACITIES.

PLACE OF EMPLOYMENT: ROUTE#51 NORTH,P.O.BOX-500 VANDALIA

ILLINOIS,62471


J-1.  DEFENDANT: RODNEY TALLY

TITLE: FORMER CHIEF ADMINISTRATIVE OFFICER UNDER DIRECTOR

JOHN DOE,AT THE TIME OF THE EVENTS DESCRIBED HEREIN HE WAS

RESPONSIBLE FOR THE OPERATIONAL ACTIVITIES WITHIN HIS ASSIGNED

INSTITUTION,AS WELL AS THE TREATMENT AND REHABILITATION OF

INMATES,HE CARRIES OUT POLICIES,PROCEDURES AND INSTRUCTIONS

OF THE DIRECTOR AND ASSOCIATE DIRECTOR, HE ALSO SUPERVISES STAFF AND MAINTAINING

AND ENFORCING DISCPLINARY,SAFETY, SECURITY ,SANITARY AND CUSTODIAL MEASURES,

HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.

PLACE OF EMPLOYEMENT; HIGHWAY 146 EAST,P.O.BOX-200 VIENNA ILLINOIS,62995


K-1 DEFENDANT: WILLIAM O'SULLIVAN

     TITLE: FORMER CHIEF ADMINISTRATIVE OFFICER OF WESTERN ILLINOIS C.C. UNDER

ADMINISTRATIVE DIRECTVE OF DIRECTOR JOHN DOE, AT THE TIME OF THE EVENTS DESCRIBED

HEREIN,HE WAS RESPONSIBLE FOR THE OPERATIONAL ACTIVITIES WITHIN HIS ASSIGNED

INSTITUTION, AS WELL AS THE TREATMENT AND REHABILITATION OF INMATES, HE CARRIES

OUT POLICIES,PROCEDURES AND INSTRUCTIONS OF THE DIRECTOR AND ASSOCIATE DIRECTORS,

HE ALSO SUPERVISES STAFF IN MAINTAINING AND ENFORCEING DISCIPLINARY,SAFTY,

SECURITY,SANITARY AND CUSTODIAL MEASURESM HE IS SUED IN HIS INDIVIDUAL AND

OFFICIAL CAPACITIES.

PLACE OF EMPLOYMENT: ROUTE #99 SOUTH, P.O.BOX-100 MT, STERLING ILLINOIS 62353.


L-1. DEFENDANT: VENITA F, WRIGHT

     TITLE: ASSISTANT WARDEN OF PROGRAMS

     PLACE OF EMPLOYMENT: STATEVILLE C.C. P.O.BOX-112 JOLIET,ILL 60434


M-1 DEFENDANT: JIMMY DOMINGUEZ

     TITLE: ASSISTANCE WARDEN OF PROGRAMS

     PLACE OF EMPLOYMENT: STATEVILLE C,C, P.O.BOX-112 JOLIET, ILL 60434


N-1 DEFENDANT: JACKIE MILLER

     TITLE: ADMINISTRATIVE REVIEW BOARD CHAIR PERSON

     PLACE OF EMPLOYMENT: 1301 CONCORDA COURT, SPRINGFIELD,ILL 62794

O-1 DEFENDANT: GUY PEIRCE

TITLE: ASSOCIATE DIRECTOR DISTRICT #1

PLACE OF EMPLOYMENT; P.O.BOX-515 JOLIET,ILL 60432

At all times relevent to the events described herein, the defendant(s) have
acted,and continue to act under color of State and Federal Law.
Plaintiff(s) have no knowledge if the Named defendant(s) are still employed
as Dirsctors, Wardens, and employees, or are working in some other capacity
of the Illinois Department of Corrections, plaintiff(s) name their predecessors a
and sucessores in office as Defendant(s) in this action.

### .III. EXHAUSTION OF ADMINISTRATIVE REMEDIES:

Plaintiff has attempted on serveral occasions to Exhauste all
Avilable Administrative Remedies,
Plaintiff Filed AGrievance on December 16th,2006 concerning the
illegal confiscation of his Monthly Idle pay in which the Grievance
Officer responded Denying the grievance, Plaintiff forwarded his
Grievance to Springrield Administrative Review Board who has refused
to address the Grievance within Seven Months as required by IDOC
Rules and Regulations and **LEVI V. BRAILEY 2006 WL 216788, AT \*3
(N.D.ILL JULY 28TH,2006 (DECLINING TO DISMISS WHERE THE PRISONER
HAD WAITED TWO YEARS FOR A FINAL DECISION.**

PLAINTIFF FILED A GRIVENCE ON MAY 8TH.2007 CONCERNING BEING DENIED
DUE PROCESS AND EQUAL PROTECTION OF THE LAW, THIS GRIEVACNE WAS
ANSWERED BY COUNSLOR AMNA DOCKRY ON OR ABOUT 5/18/07 STATING THIS
IS OUTSIDE JURISDICTION OF FACILITY, SEND TO ARB, PLAINTIFF SENT
THIS GRIEVANCE TO SPRINGFIELD VIA INSTITUTIONAL MAIL ON OR ABOUT

5/19/2007, SPRINGFIELD ARB REFUSED TO ADDRESS THIS ISSUE WITHIN
SEVEN MONTHS AS REQUIRED BY DEPARTMENTAL RULES AND REGULATIONS
AND **LEVI V. BRILEY 2006 WL 2161788, AT \*3 (N.D.ILL JULY 28TH,2006)**
**DECLINING TO DISMISS WHERE THE PRISONER HAD WAITED TWO YEARS FOR**
**A FINIAL DICISION).**

PLAINTIFF FILE A GRIEVANCE ON **MAY 2007 AND GAVE** IT TO THE ARB
ON MAY 25TH,2007 WHEN HE WAS CONVENED BEFORE THIS BOARD FOR BEING
DENIED PROTECTIVE CUSTODY, THIS GRIEVANCE WAS DENIED AT THE FINAL
LEVEL OF APPEAL.

PLAINTIFF FILED A GRIEVANCE ON OR ABOUT JUNE 3RD,2007 FOR BEING
IN IMMNENT DANGER AT THE STATEVILLE CORRECTIONAL CENTER UNDER
INSTITUTIONAL RULES AS AN EMERGENCY GRIEVANCE, THE DEFENDANT(S)
REFUSED TO ASNWER.(SEE ATTACHED GOPY)

PLAINTIFF FILE AN EMERGENCY GRIEVANCE TO THE WARDEN VIA-INSTIT-
UTIONAL MAIL AND ASKED THAT IT BE EXPEDITED AS AN EMERGENCY FOR
PLAINTIFF IS SUBJECTED TO IMMINENT DANGER IN THE CONDITIONS OF
HIS CONFINEMENT, THIS GRIEVANCE WAS NEVER ANSWERED AND PLAINTIFF
IS STILL FACED WITH THE SAME DANGERS HE HAS ATTEMPTED TO GRIEVE.

III.   **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.   Name of case and docket number: __RODGERS V. WALKER JR,et,al 07 C 5545__

B.   Approximate date of filing lawsuit: __OCTOBER 1ST,2007__

C.   List all plaintiffs (if you had co-plaintiffs), including any aliases: __LARRY__
__RODGERS IS THE ONLY PLAINTIFF.__

D.   List all defendants: __ROGER E, WALKER JR; DEIDRA BATTAGLIA;__
__M,LAKE, J,NICKERSON, B, JOHNSON,TIERNEY; B, BUCZKOWSKI__

E.   Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): __NORTHER DISTRICT OF ILLINOIS.__

F.   Name of judge to whom case was assigned: __JUDGE JOHN W,DARRAH__

G.   Basic claim made: __FAILURE TO PROTECT,DENIAL OF MEDICAL TREATMENT__
__DUE PROCESS, CRUEL AND UNUSUAL PUNISHMENT;__

H.   Disposition of this case (for example: Was the case dismissed? Was it appealed?
Is it still pending?): __INITIAL SCREENING PROCESS__

I.   Approximate date of disposition: __DECEMBER 2007__
__PLAINTIFF RODGERS FILED STATE MANDAMUS IN WILL COUNTY COURT CASE__
__WAS DISMISSED. CASE NUMBER# 03 MR 324 DISMISSED IN 05__

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE
ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME
FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED,
YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY,
AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-
PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

3

Revised 5/2007

## .V. JURISDICTION:

This Honorable Court has jurisdiction over plaintiff(s) State-Law claims pursuant to 42 U.S.C §1983,and 28 U.S.C. §1367.

This Honorable Court has jurisdiction over plaintiff(s) claims against Federal Officials pursuant to 42 U.S.C. §1985(3).

This Honorable Court has jurisdiction over plaintiff(s) claims pursuant to 28 U.S.C §1331 and 1343 (a) (3). Declaratory relief is sought pursuant to 28 U.S.C §2201 and §2202.

This Honorable Court has jurisdiction over class members Injunctive relief pursuant to 15 U.S.C.A. §1601 et,Seq for Federal Officials.

## .VI. VENUE:

The Northern District of Illinois, Eastern Division is an appropriate Venue under 28 U.S.C §1391(b) becasue a substantial part of the events and omissions given rise to plaintiff(s) and Class members claims occurred in this District.

## .VII. PRELIMINARY STATEMENT:

1) The plaintiff(s) Larry Rodgers and Robbie J,Moore are State Prisoners of the Illinois Department of Corrections(IDOC). On their behalf and on the behalf of all inmates who are now, and will be hereafter incarcerated within the Illinois Department of Corrections (IDOC) claim that the Defendant(s) Rod Blagojevich and Lisa Madigan have approved and passed Legislation which



allows prison officials to enforce illegal policies that unconstitutionally
Denies (without Due Process) all rights available for the benefit of persons
incercarated throughout the Illinois Department of Corrections(IDOC) and
that such Legislation and illegal policies are a direct violation of the laws
and regulations of the State of Illinois, I.D.O.C Rules and Regulations and
the United States Constitution which further deprives plaintiff(s) and class
members of Equal Protection as secured by the Fourteenth (14th) Amendment.
The actions of defendant(s) subjects plaintiff(s) and class members to an
Act of Taxation without Representation, Third party to a contract both without
Due Process in violation of plaintiff(s) and class members First(1st), Fifth
(5th),Eighth(8th),Fourteenth (14th) and Sixteenth (16th) Amendments Rights to
the United States Constitution.
Plaintiff(s) and Class members further allege that the actions of defendant(s)
in subjecting them to Cruel and unusual punishment in the conditions of their
confinement by increasing the amount of sales prices to 35% on all tobacco
products and 25% on none tabacco products and decreasing the amount of app-
ropriated idle pay and the monthly pay an inmate may recieve for a job assignment.


3) Plaintiff(s) and class members further allege that the actions of the defendant(s)
continues to deprive plaintiff(s) and class members of their monthly idle pay
entitlement by enforcing unwritten and illegal policies that whenever an inmate
is placed in Segregation for any infraction of the Rules,plaintiff and class
members are deprived of their idle pay,even though the adjustment committee
placed no restitution restrictions on plaintiff(s) or class members idle pay.
These actions of the defendant(s) prohibites plaintiff(s) and class members
from adequately obtaining hygene products and or adequately and meaningful
legal materials or other writing materials to stay in contact with their

families, resulting in plaintiff(s) and class members being made into paupers
and causing them to incur and suffer exorbants and tremendous legal expenses,
These illegal policies forces plaintiff(s) and class members to choose
between pursuant of their legal remedies to obtain their freedom and or
challenge the conditions of their confinement and have their idle pay taken
for legal cost, or not liigating and trying to hold on to his/her idle pay
to purchase the basic civilied measures of life's necessities, this pattern
of deprivation and defrauding the Government and Plaintiff(s) and class memebrs
shows a pattern of abuse of Power,Fruad, Embezzlement and misappropriating
State Funds, and this pattern of abuse remains ongoing between all Illinois
Department of Corrections Directors, Wardens and Business Administrators of
all prisons which violates plaintiff(s) and class members Fifth(5th),Eighth
(8th) and Fourteenth(14th) Amendment Rights to the United States Constitution.

4) Plaintiff(s) further allege on their behalf and on behalf of all inmates
that are now and will be hereafter housed within the Stateville C.C.X-House
Protective Custody Unit that the defendant(s) have enforced illegal policies
and unconstitutionally discriminated by denying without Due Process of law
all Rights available to all persons incarcerated within the Protective Custody
Housing unit,and that such illegal policies and discrimination are in direct
violation of the United States Constitution which further deprives plaintiff(s)
and class members of Equal Protection and Due Process of the Laws as secured
by the Fourteenth (14th) Amendment to the United States Constitution.

5) Plaintiff and class members are in imminent Danger through the deliberate
actions of defendant(s) exposing plaintiff(s) and class members to their listed
Emenies (General Population) and known active Gang members while they are

approved and assigned protective custody housing at the Stateville C.C or
after being denied protective custody after interviews with internal affairs
and being labeled as Snitches.

6) Plaintiff(s) and class mebers claim that the defendant(s) denied and
continue to deny plaintiff and class members adequate and meaningful access
to the Courts becasue of their protective custody status,inviolation of their
First(1st), Fifth (5th) Sixth(6th) and Fourteenth (14th) Amendment Rights to
the United States Constitution. through denying access to the Law library.

7) Plaintiff and Class members at the Stateville protective custody X-House
further claim that the defendant(s) deliberate actions of denying plaintiff(s)
and class members their Right to Freedom of Religious beliefs under 2000 CC
Religious Land Institutionalized Persons Act,which violates plaintiff(s) and
class members First(1st) and Fourteenth(14th) Amendment Rights to the United
States Constitution.

8) Plaintiff(s) and class members further allege that the deliberate actions
of the defendant(s) of denying them adequate and meaningful Medical care,and
Dental carebecasue of their protective custody status,inviolation of their
Eighth(8th) Amendment Rights to the United States Constitution.

9) Plaintiff(s) and class members further allege that the deliberate actions
of the defendant(s) in denying plaintiff(s) and class members Educational
and Vocational opportunities as provided to inmates in general population
creates a liberty interest as plaintiff(s) and class members are entitled
to earn Good-time credits from the completion of G.E.D. and Drug and Alcohol
programs as provided to inmates in general population, and that such discrimination

and legislation and illegal policies are of an ongoing nature and without
requisite penalogical justification.

## .VIII. CLASS ACTION ALLEGATIONS:

10) This action is brought by the plaintiff(s) on behalf of all inmates who
are now, or will be hereafter incarcerated within the Illinois Department of
Corrections (IDOC). A class action is proper pursuant to Rules 23(a), 23(b)(1),
23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedures.

11) Members of the class action on whose behalf plaintiff(s) is suing are so
numerous that joinder of all members is impractical,adding to the impracticility
of joinder in the constant change of inmates population within the Illinois
Department of Corrections (IDOC) and the undersirability of subjecting countless
inmates to similare conditions before the Court could conduct Trials in
individual claims.

12) There are common questions of Law and Fact affecting the Rights of inmates
to be free from punishment (without Due Process of Law) and the claims of the
Plaintiff(s) and class members involves common fact questions,as does the
inquiry into the Nature of the overall Public Act 93-607 and the Classification
sytem at   Stateville Correctional center effecting the Rights and placement
of inmates in protective custody, The common questions are whether the
legislation passed un der Public Act 93-607 and other claims made in the body
of this complaint comport with constitutional standards and whether subjecting
plaintiff(s) and class members to such conditions constitutes denial of Due
Process and Equal Protection of the law.

13) Plaintiff(s) claims are typical to the claims of the class members, and plaintiff can fairly and adequately represent and protect the interest of the class as a whole.

14) Separate injunctive and Declaratory actions maintained by individual members of the class would create a risk of inconsistent or varying adjudication with respect to individual members of the class, thereby, establishing incompatible standards of conduct for the defendant(s), adjudication regarding individual class members would, as a practical matter, be dispositive of or impair the interests of the other class members not parties to the adjudication or substantially impair their ability toprotect their interests.

15) Defendant(s) have acted or refused to act on grounds generally applicable to the class that plaintiff(s) seek to represent, thereby making final injunctive or corresponding declaratory relief appropriate for the class as a whole.

16) The questions of Law or Fact common to the members of the class predominate over any questions affecting only individual members, and class action is superior to other available methods for the fair and efficient adjudication of this controversy.

17) Due to the actions of the defendant(s) in their deliberate actions which
. deprives and continues to deprive plaintiff and class members of their constitutional Protected Rights,    plaintiff(s) and class members are now subjected to imminent danger and discrimination and Denial of Due Proess and Equal Protection which subjects plaintiff(s) and class members to cruel and unusual punishment in the conditions of their confinement, in violation

of their Eighth (8th)and Fourteenth (14th) Amendment Rights to the United
States Constitution.

18) Due to the actions of Defendant(s) Roger E,Walker Jr, Lisa
Madigan and Rod Blagojevich in increasing the selling price for
tobacco products up to 35% and non-tobacco products up to 25%,
And decreasing the amount of idle pay an inmate can recieve on
a monthly basic,has caused plaintiff(s) and class members to under
go harsh conditions in their confinement,Not only is the plaintiff(s)
and class members faced with the increase in the commissary selling
price, but plaintiff(s) and class members are also faced with
the defendant(s) illegally misappropriating,withholding or diverting
their funds for segregation confinement, Institutional lockdowns,
$2.00 medical co-payment, institutional transfers, Restitution,
Legal fees, Copy cost and Court filing fess even though the defendant(s)
have no legal standing.


.IX.  **STATEMENT OF FACTS**

19) Plaintiff Larry Rodgers was recieved into the Illinois Department
of corrections (I.D.O.C.) on or around January 1988,at the State-
ville C.C. During the Two years that plaintiff was confined here
the plaitiff was repeatedly deprived of his property entitlement
of the Illinois Appropriated idle pay allowance of $10.00 monthly
by defendant(s) Salvadore Godinez(warden Godinez) and George E,
Detella(warden Detella) and unknown business administrator acting
in collusion,corroboration and conspiracy with defendant(s) Odie
Washington,(Director Washington) and Howard A,Peters III,Associate
Director Peters) to repeatedly deprive plaintiff(s) and class under
an illegal institutuonal policy of proson lockdowns,legal fees and Segregation

confinements,this actions of the Defendant's to divert and
misappropriate Illinois prisoners hygienic idle pay,and that such
idle pay accured to the Defendant's personal gain and benefit even
though the defendant's had no legal standing to divert or with
hold plaintiff or class members idle pay,and that such actions
deprived plaintiff and class members of their property entitle-
ment in violation of the United States Constitution,Illinois
State law and (I.D.O.C.) Rules and Regulation which in turn
deprived plaintiff and class members of his Right to Due Process,
Equal Protection and subjected them to Cruel and unusual punish-
ment which violates plaintiff and class members Rights under the
Fifth(5th),Eighth (8th) and Fourteenth(14th) Amendment Rights
to the United States Constitution.

209 Plaintiff was transfered on or about March 1990 to Pontiac c.c.
where Defendant's James Crans (warden Crans) and Richard B.Gramly
(warden Gramley) and unknown business administrator repeatedly
deprived plaintiff of his property entitlement of $10.00 monthly
idle pay allowance acting in collusion,corroboration and consp-
iracy with Defefant's Odie Washington (Director Washington) and
George E,Detella (Director Detella) under the illegal institutional
policy of prison lockdowns,Restitution,Legal fees,and segregation
confinement,even though the adjustment placed no sanction on
his/her montly idle pay,this actions of the defendant's to defraud,
Embezzle,Divert and misappropriate Illinois prisoners hygienic
idle pay,and that such idle pay accured to the defendant's own
personal gain and benefit even though they had no legal standing



to divert or withold plaintiff or class members idle pay, and

that such actions deprived plaintiff and class members of their

property entitlement in violation of the United States Constitution,

Illinois State law and I.D.O.C. Rules and Regulations which in

turn deprived plaintiff and class members of their Rights to

Due Process,Equal Protection and sunjected them to Curel and

unusual punishment which violate plaintiff and class members

Rights under the Fifth (5th) Eighth (8th) and Fourteenth (14th)

Amendment Rights to the United States Constitution.


21. Plaintiff was transfered on or about 1994 to Menard,C.C.

where Defendant"s George Welborn (warden Welborn) and Thomas

F.Page (warden Page) and unknown business administrator repeat-

edly deprived plaintiff of his propertly entitlement of $10.00

monthly idle pay allowance while acting in collusion,corroboration,

and conspiracy with Defendant's Doanld A.Snyder jr,(Director

Snyder) and George E,Dettla (Associate Director Snyder) under

the illegal institutional policy of prison lockdowns,Restitution,

Legal fees,and segregation confinement,even though the adjust-

ment committee placed no sanctions on plaintiff or class members

monthly idle pay,the actions of defendant's to defraud,embezzle

Divert and misappropriate Illinois prisoners hygienic idle pay,

and that such idle pay accured to the defendant's own personal

gain and benefit even though they had no legal standing to divert

or withold plaintiff or class members idle pay for any reason,

and that such actions deprived plaintiff and class members of

their property entitlement in violation of the United States

Constitution,Illinois State law and I.D.O.C Rules and Regulations
which in turn deprived plaintiff and class members of their
Rights to Due Process,Equal Protection and subjected them to
Curel and unusual punishment which violates plaintiff and class
members Rights under the Fifth(5th) Eighth(8th) and Fourteenth
(14th) Amendment Rights to the United States Constitution.

22. Plaintiff was transfered on or about March 2000 to Joliet,c.c
where Defendant James Crans(warden Crans) and unknown Business
administrator repeatedly deprived plaintiff of his property
entitlement of $10.00 monthly idle pay allowance while acting in
collusion,corroboration and conspiracy with Defendant Roger E.
Walker jr under the Illegal institutional policy of prison lock-
downs,Restitution,Legal fees and Segregation confinement,even
though the adjustment committee placed no sanctions on plaintiff
or class members monthly idle pay,the actions of the defendant's
to defraud,embezzle,divert and misappropriate Illinois prisoners
hygienic idle pay,and that such idle pay accued to the defendant's
own personal gain and benefit even though the defendant's had
no legal standing to divert or withold plaintiff or class members
idle pay for any reason, and that such actions deprived plaintiff
and class members of their property entitlement in violation of
the United States Constitution,Illinois States Law and I.D.O.C
Rules and Regulations which in turn deprived plaintiff and class
members of their Right to Due Process,Equal Protection and subjected
them to Cruel and unusual punishment,which violates plaintiff's
and class members Rights Under the Fifth(5th) Eighth (8th) and
Fourteenth (14th) Amendment to the United States Constitution.

23. Plaintiff was transfered on or about Feburary 2002 to Menard
c.c. where defendant's Johnathan R,Walls,(warden Walls) and
M.Zielinski Business Administrator repeatedly deprived plaintiff
of his property entitlement of $10.00 Monthly idle pay allowance
while acting in collusion,Corroboration and Conspiracy with
Defendant Donald A,Snyder jr(Director Snyder) under the illegal
institutional policy of prison lockdowns,Restitution,Legal fees,
$2.00 Medical Co-Payment for all none emergency Medical and Dental
Services,and Segregation Confinement even though the adjustment
committee placed no sanctions on the plaintiff or class members
idle pay,the actions of defendant's to Defraud,Embezzle,Divert
and Misappropriate Illinois Prisoners Hygienic idle pay,and that
such idle pay accured to the defendant's own personal gain and
benefit even though the defendant's had no legal standing to
divert or withold plaintiff or class members idle pay for any
reason, and that such actions deprived plaintiff and class members
of their property entitlement in violation of the United States
Constitution, Illinois State Law and I.D.O.C.Rules and Regulations
which in turn deprived plaintiff and class members of their
Rights to Due Process,Equal Protection and subjected plaintiff
and class members to Cruel and unusual punishment,which violates
plaintiff and class members Rights under the Fifth(5th) Eighth
(8th) and Fourteenth (14th) Amendment Rights to the United States
Constitution.

24. Plaintiff was Transfered on or about January 2003 to State-
ville C.C. where Defendant's Kennieth Bradly (warden Bradly)

and unknown Business Administrator repeatedly deprived plaintiff
of his property entitlement of $10.00 Monthly idle pay allowance
while acting in Collusion,Corroboration and Conspiracy with
Defendant Roger E.Walker jr (Director Walker) under the illegal
institutional policy of prison lockdowns,Restitution,Legal fees,
$2.00 Medical Co-Payment for all none emergency Medical and Denal
Services,and Segregation confinement even though the Adjustment
Committee placed no sanctions on plaintiff or class members monthly
idle pay,the actions of Defendant's to Defraud,Embezzle,Divert,and
Misappropriate Illinois Prisoners Hygienic idle pay,and that such
idle pay accured to the defendant's own personal benefit and gain
even though the defendant's had no legal standing to Divert or
otherwise withold plaintiff or class members idle pay for any reason.
and that such actions deprived plaintiff and class members of
their property entitlement in violation of the United States con-
stitution, Illinois State law and I.D.O.C. Rules and Regulations
which in turn deprived plaintiff and class members of their Rights
to Due Process,Equal Protection and subjected plaintiff and class
and members to Cruel and unusual punishment,which violates plaintiff
and class members Rights Under the Fifth (5th) Eighth (8th) and
Fourteenth (14th) Amendment Rights to the United States Constitution.


25. Plaintiff was transfered on or about Feburary 2004 to Menard
C.C. where Defendant Charles L, Hinsley (warden Hinsley) and
Defendant M,Zielinski Business Administrator repeatedly deprived
plaintiff of his property entitlement of $10.00 monthly idle pay
allowance while acting in collusion,Corroboration and Conspiacy
with Defendant Roger.E.Walker jr (Director Walker) under the

illegal institutional policy of prison lockdowns,Restitution,
legal fees,$2.00 medical Co-payment for all none emergency medical
and Dental services,and Segregation confinment even though the
adjustment committee placed no sanctions on plaintiff or class
members idle pay,the actions of defendant's to defraud,embezzle,
divert and misappropriate Illinois prisoners Hygienic idle pay,
and that such idle pay accured to the defendant's own benefit and
gain even though the defendant's had no legal standing to divert
or otherwise withold plaintiff or class members idle pay for any
reason, and that such actions deprived plaintiff and class members
of their property Entitlement in violation of the United States
Constitution, Illinois State law and I.D.O.C. Rules and Regulations
which in turn deprived plaintiff and class members of their Rights
to Due Process,Equal Protection and subjected plaintiff and class
members to Cruel and unusual punishment;ʌ which violates plaintiff
and class members Rights under the Fifth(5th) Eighth (8th) and
Fourteenth (14th) Amendment Rights to the United States Con-
stitution.

26. Plaintiff was transfered on or about Feburary 2005 to State-
ville C.C. where Defendant Kenneth Bradly (warden Bradly) and
Deidra Battaglia (warden Battaglia) and unknown Business Admin-
istrator repeatedly deprived plaintiff of his property entitle-
ment of $10.00 Monthly idle pay allowance while acting in coll-
usion, Corroboration and Conspiracy with Defendant Roger E,Walker
Jr, (Director Walker) under the illegal institutional policy of
Prison lockdowns, Restitution, Legal fees $2.00 Medical Co-payment
for all none emergency Medical and Dental Services, and Segre-

gation Confinement even though the Adjustment Committee placed
no sanctions on the plaintiff or class members idle pay,the actions
of Defendant's to Defraud, Embezzle, Divert and Misappropriate
Illinois Prisoners Hygienic idle pay,and that such idle pay accurred
to the defendant's own personal benefit and gain even though
the defendant's had no legal standing to Divert or otherwise with
hold plaintiff or class members idle pay for any reason,and that
such actions Deprived plaintiff and class Members of their pro-
perty entitlement in violation of the United States Constitution,
Illinois State law and I.D.O.C. Rules and Regulations which in
turn Deprived plaintiff and class members of their Rights to Due
Process, Equal Protection,and subjected plaintiff and class mem-
bers to Cruel and unusual punishment,which violates plaintiff and
class menbers Rights under the Fifth(5th),Eighth (8th) and Four-
teenth (14th) Amendment Rights to the United States Constitution.


27  Plaintiff was transfered on or about Feburary 2006 to Menard
C.C. wher Defendant's Alan Uchtman (warden Uchtman) and M,Zielinski
BUsiness Administrator repeatedly deprived plaintiff of his entit-
lement of $10.00 Monthly idle pay allowance while acting in Coll-
usion. Corroboration and Conspiracy with Defendant Roger E,WAlker
Jr, (Director Walker) under the illegal institutional policy of
prison lockdowns, Restitution, Legal fees, $2.00 Medical Co-Pay
ment for all none emergency medical and Dental services,and
Segregation Confinement even though the adjustment Committee
placed no sanctions on the plaintiff or class members idle pay.
the actions of Defendant's to Defraud,Embezzle,Divert and mis-
appropriate Illinois prisoners Hygienic idle pay,and that such

idle pay accured to the defendant's own personal benefit and gain
even though the defendant's had no legal standing to Divert or
otherwise withold plaintiff or class members idle pay for any rea-
son,and that such actions deprived plaintiff and class members
of their property entitlement in violation of the United States
Constitution,Illinois State law, and I.D.O.C. Rules and Regulations
which in turn deprived plaintiff and class members of their Right
to Due Process, Equal Protection and Subjected plaintiff and class
Members to Cruel and unusual Punishment,which violates plaintiff
and class members Rights under the Fifth(5th) Eighth(8th) and
Fourteenth (14th) Amendment Rights to the United States Constitution.

28. Plaintiff was transfered on or about Feburary 2007 to State-
ville C.C. where Defendant's Terry L,McCann (warden McCann) and
unknown Business Administrator repeatedly deprived plaintiff of
his Property entitlement of $10.00 Monthly idle pay allowance
while acting in Collusion, Corroboration and Conspiracy with
defendant Roger E,Walker jr, (Director Walker) under the illegal
institutional policy of prison lockdowns,Restitution,legal fees,
$2.00 Medical Co-payment for all none emergency Medical and Dental
Services, and Segregation Confinement even though the Adjustment
Committee placed no sanctions on the plaintiff or class members
idle pay,the actions of Defendant's to Deprive, Embezzle, Divert,
and Misappropriate Illinois Prisoners Hygienic idle pay,and that
such idle pay accured to the Defendant's own personal gain and
benefit even though the defendant's had no legal standing to
Divert or otherwise withold plaintiff and class members idle pay

**PAGE 55 OF 80**

for any reason, and that such actions deprived plaintiff(s) and
class members of their property entitlement in violation of the
United States Constitution, Illinois State Law and (I.D.O.C.)
Rules and Regulations which in trun deprived plaintiff(s)
and Class membes of their Due Process and Equal Protection Rights
and subjected them to Cruel and unusualpunishment,which violates
their Fifth(5th),Eighth(8th) and Fourteenth (14th) Amendmnet
Rights to the United States Constitution.


### IMMINENT DANGER/CONDITIONS OF CONFINEMENT:


29. On or about April 16th,2007 plaintiff was interviewed by State-
ville internal affairs officer,Mrs,Tarr concerning his emenies
from plaintiff(s) former gang the (Vice Lords) and a Rival gang
the Gangster Disciples (G D's) whom plaintiff Rodgers named as
threats on his life, as of the drafting of this complaint with
exception of 7-14 days plaintiff have been assigned to X-House
Protective Custody.


30. On or about April,2007, plaintiff Rodgers was interviewed
by clinical service counslor Mrs,Anna Dockery who gave plaintiff
some forms to fill out concerning placement in protective Custody
X-House in which plaintiff completed that same day and returned
them to Mrs,Anna Dockery clearly indentifying most of his emenies
by first and last name completing the forms as required by
Departmental Rules and Regulations.

31. On or about May 25th, 2007 plaintiff was convened before the Springfieeld Administrative Review Board on his final appeal for his grievance for being denied Protective Custody, and at this time plaintiff informed defendant Jackie Miller of the Administrative Review Board (ARB) of the imminent Threat surrounding his life, and that plaintiff renounced his former gang and was compelled to surrender vital information on high ranking members which also included the over all structural of this gangs operations, and that the members who were at that time classified as gang chiefs and high ranking members and placed in TAMMS SUPERMAX are now being released back into general populations of Stateville C.C. Menard C.C and even Pontiac C.C and that plaintiff was threaten for (Snitching on the Brothers). (see exhibit-H)

32. On or about May or June, 2007 while plaintiff was still awaiting to be informed of the decision from the Administrative Review Board(ARB) concerning his placement in protective custody, the defendant Terry L, McCann (warden McCann) approved for plaintiff to be kicked out of X-House (PC) and placed into general population (F-House).

33. While being processed into the F-House general population area, plaintiff expressed the dangers concerning his listed emenies to  Lt, Buczkowski who was the F-House Lieutenant, and plaintiff was told by Lt, Buczkowski to lock up or go to Segregation for refusing housing. later that same day plaintiff filed an emergency grievance to defendant Warden McCann concerning being denied protective custody  again and being exposed to his listed emenies and revial gang, plaintiff forwarded this emergency grievance through the Stateville institutional mail to Defendant Warden McCann. (see exhibit-I)

UNSAN●RY LIVING CONDOTIONS/FOOD PREPARAT●N:

34. While confined to F-House,plaintiff was not only exposed to his listed emenies and revial gang, but plaintiff was denied repeatedly access to the Law Library, Communial Religios Services in accordances with his Christian beliefs, as well as educational programs where the plaintiff could earn Good-Time Creadits, Vocational Programs such as G.E.D. as the inmates in General population , Plaintiff was also denied the requiste "Wholesome and Nutritional Diet" simply becasue F-House is divided into three cell houses only by gallaries. One (1) and Two (2) Gallary in F-House is Segregation, Three (3) Gallary is Court writs, and Four (4) Gallary is for Segregation release and Protective Custody kick outs general population inmates combined so the plaintiff was fed as if in punitive segregation status.

35. The Meals in F-House are prepared by other inmates workers in the Basement of F-House without the supervision of a food supervisor or even a Officer in violation of the defendant's own rules and regulations,codified under 20,Ill Adm,Code 504. the inmates workers walk around smoking and talking to other inmates and officers all the while with serving utensils(spoons) in their pockets.

36. It is a known fact that the area in F-House where the trays are prepared in the basement has no steam tables so the food is always cold,and there is no running water to clean before meals or after meals, and inmates are often seen with buckets of water going into the basement.

37.It is also known that F-House is filled with Cock roaches,Spiders, Bugs and even Birds flying around in the cell house which exposes plaintiff

to unsanitary conditions in his confinement and subjected plaintiff to Cruel
and Unusual punishment, which violates plaintiffs Eighth (8th) Amendment Right
to the United States Constitution.

38. On or about June,2007 plaintiff Girl Friend Mrs, Joanne Guilford called
Stateville Operations center and expressed the dangers that plaintiff was being
exposed to even though the defendant's already knew, and a few days later
plaintiff was moved back to X-House Protective Custody.

39. On or about May 2007,plaintiff wrote to Attorney General Lisa Madigan
and Defendant's Roger Walker jr, Guy Pierce,Salvadore Godinez,and McCann concerning
being denied his right to protective custody, and to be protected from his
emenies that poses an imminent threat. (see exhibit-E2)

40. On or about June 2007 plaintiff was issued a Hospital pass for the
Lab to have blood taken for his Hepatitis-C and while being escorted to the
(HCU) Sgt, Carrol ran one line with seven inmates(two Protective Custody)
and Five general population in mate even though institutional administrative
Rules clearly state that 1. protective custody inmate shall be kept seperate
from general population inmates, and 2, No more than five inmates can be
escorted by one officer at a time, but upon plaintiff expressing this concern
and fear of being exposed to population inmates, Sgt, Carrol told plaintiff
to grow some balls and stop bitching, when plaintiff reashed the (HCU) plaintiff
and the other six inmates were all secured in a small bull-pen(holding area)
with seven(7) other inmates from different cell houses in general population.

41. On or about June 12th,2007 plaintiff filed another emergency grievance



to defendant Terry L, McCann (Warden McCann) who never responded even though plaintiff requested that he (warden McCann) expedite it as an emergency as   plaintiff was subjected to imminent danger.  (see exhibit-L)

42. On or about August 2007 plaintiff spoke with Mrs, Tarr from Stateville internal affairs and expressed to her that plaintiff was still having trouble being approved protective custody from their interview in April, Mrs,Tarr said that she would see what she could do, and shorty there after plaintiff was approved by Springsfield Adminstrative Review Board after four 4 months of being deined and exposed to his emenies.

43. Since plaintiff have been in Stateville C.C X-House, plaintiff and class members have not been afforded the same rights and privileges (i,e) Educational Opportunities, Vocational Opportunities, Religious Services and Access to weekly Law Library as provided to inmates in General Population all due to plaintiff and class members being in protective Custody Status.

44. Plaintiff and class members was told that if they wanted the same programs that they had to sign out of protective custody and return to general population even though counslor Baldwin knows that this would create a danger for plaintiff and class members.

45. Since Febuary 2007 plaintiff and class members out of cell exercise area which is approximately 40x20 feet where 32 protective custody inmates are locked on the yard with no supervision from security staff for five hours with the exception to one population yard tower that is approximately 250

yards away from the protective custody area and is assigned to watch approx,
75 to 100 population inmates on it's yard time. protective Custody yard
tower is condemed and unmaned.

46. Plaintiff and class members in protective custody X-house are repeatedly
denied access to proper toliet facilities and are forced to urinate and deficate
in a corner by the stairs, there is no access to a toliet facitity, telephone
or a staff in case of an emergency as provided to general population inmates.

47  During the Winter months plaintiff and class members in protective
custody X-House are repeatedly denied adequate seasonal clothing such as
winter Boots and Hats, and are told that these items are only for the workers
and that plaintiff and other class members must buy them off the commissary
which forces plaintiff and class members to wear gym shoes in the snow that
are clearly made for the summer.

48.Also during the winter months in protective custody inmate are denied
access to indoor recreation (gym) as inmates in general population and are
forced to stay out in the cold without adequate clothing for five hours no
matter the weather the officer  wont    come back and get plaintiff or class
members off the yard.

49. On or about December 27th,2007 plaintiff was issued a hospital pass
(HCU) to see Medical Director Doctor Ghosh, and again plaintiff was locked
in a Bull-pen Holding Area) with inmates from general population even though
plaintiff informed officer Holemen that he was protective Custody, plaintiff



and inmate (Smith(C-10587) was secured in the holding area with inmates
Herny (K-72863) Catalano(R-66579) Charleston(R-52603) Moriarity(R-66617)
and inmate Murray (R-43595) from 9:30 until approximately 12:30 pm.(see exhibit-Z3)


50. Any time plaintiff and class members seek medical treatment in Stateville
Health care (HCU) plaintiff and class members in protective custody are forced
to inner act with inmates from general population, even when inmates in
protective custody request hair cuts, it is from a inmate from general
population thats assigned a    barber for protective custody, there is also
two to four other population inmates that live in this building that are
general population inmates and are allowed to run the gallaries in X-House,
each time plaintiff expresses this concern to officers and counslor Baldwin
and even to Warden McCann through Grievaces, plaintiff is labled a snitch and
retaliated against through unsupervised shake downs and the destruction and
confiscation of his personal property. (see exhibits I,L,O,R )


## DENIAL OF ADEQUATE MEDICAL TRATMENT:


51. Plaintiff and other class members are repeatedly denied access to
adeqaute Medical treatment becasue of their protective custody status and
being in X-House where they ae often told that no hospital passes are being
ran, only emergency passes are being honored, denying plaintiff his pass
to Hepatitis-C Clinic for which plaintiff has the virus, plaintiff is also
repeatedly denied hypretention clinic for the renewal of his Medication for
High blood pressure, Mental Health passes for the monthly screening and
renewal of medication, plaintiff is constantly requesting to be rescheduled



ensuring the Medical and Mental Health staff that he is not refusing the passes

but are in fact being denied. (see Medical and Mental Health notes)

## HEALTH, FIRE AND SAFETY VIOLATIONS:

52. Since Febuary 2007, plaintiff have been housed in X-House with the

expection of approximately 7-14 days of which plaintiff was assigned to F-House

General Population, during the month of Late May early June, all the other

times plaintiff has been secured in X-House under pad=locks and key on the

cell doors simply becasue the original locks do not work, there is approximately

#50 cells    in X-House Lower Center wing, Lower East and West wings and Upper

East and West wings combined holding approximately 100 inmates approved and non-

approved all secused with pad-locks which create a grave danger in case of a

fire or other emergency situtations.


53. On September 23rd, 2007 plaintiff was denied access out of his cell

becasue the pad lock would not open and maintainance had to be called over

to cut the lock and replace it with a new one, the officer simply stated.

We will make sure that you get a tray from the chow hall. (see Exhibit-U).


54. During the Months of July and August 2007, a Storm knocked out all

the power in X-House. plaintiff and clas members was in complete darkness

from approximately 8:23 pm until the next day, The defendants has failed to

ensure this building is kept up to code by in stalling flood lights to light

The way out of this building in case of a fire or power failure, Fire walls

in case of a fire to contain the fire to one area, or sprinkers to help



extinguish a fire, nor have the defendant's exercised a fire drill for inmates in the protective custody area since plaintiff has been assigned to this building for protective custody, each cell is open manually with a small key on a key ring of approximately 7-10 other keys that all look the same. The fire alarm which is directly in front of plaintiffs cell has the electric box completely open and there is no wireing to the fire alarm.

## DENIAL OF RELIGIOUS LAND USE AND INSTITUTIONAL PERSONS ACT 2000 CC:

55. The defendant's here at Stateville Correctional Center concerning plaintiff and class members in X-House Protective Custody unit has imposed a burden on the plaintiff and class members religious beliefs and practices on the grounds that plaintiff and class members are in protective Custody, these burdens and restrictions are not justifiable nor are they comparable to the treatment of general population inmates.  (see exhibits- B.F.G.M.N.O.P.S.U.X.Y)

56. Plaintiff and class members have repeatedly submitted request slips to attend religion services in accordance with their demonmenational beliefs. (see exhibits-B.F.G.M.N.P.S.X

57. Every Religious Demonmenation in general population at Stateville C.C have no restriction or burdens placed on their movement,expression or privilges concerning their Rights to congregate weekly in the chaple with other members of their religion except for protective custody inmates in X-House.

58. Plaintiff is a sincere Christian and have been for over 20years as his IDOC records indicate, despite this, defendant's have repeatedly denied



all opprotunities for plaintiff and class members to pursue their faith and to
congregate weekly as allowed and comparable to inmates in general population.

59. The actions of the defendant's clearly show that the unlawful and
unconstitutional policies and restrictions which has been placed on X-House
Protective Custody Inmates is established only as a punishement/penalty for
being in X-House Protective Custody, as Counslor Anna Dockery stated, "Protective
inmates are looked upon by officers as (Stool-pigeons and child Molesters)
and will not be treated the same as general population inmates.

60. The discrimination against Protective Custody inmates as to the better
treatement of general population inmates however, shows that the restrictions
on the plaintiff and class members as protective custody inmates is not
necessary to serve a compelling Government interest, and is applied with
intentional discrimination.

## DENIAL OF ACCESS TO COURTS
## LAW LIBRARY/RETALIATION:

61. Plaintiff has been repeatedly retaliated against for exercising his
right to file grievaces and complains about the conditions of his confinement.
Every since plaintiff filed against the Defendant's in the Northern District
entitled Rodgers V.Roger Walker,et,al 07 C 5545 the defendant's at Stateville
has retaliated against plaintiff for exercising his right to Redress. (see exhibits
V.W.)

62. Plaintiff has been repeatedly denied access to the Court/law Library
and trained legal assistants since April,2007 to further hinder plaintiff and

class members from the law library from X-House protective custody, Mrs,Baker
the Chief Librarian gave all of her workers Fridays off,including Mrs,Mason
the Paralegal, and then informs X-House staff not to bring inmates for law
library over becasue there is no workers, no paralegals, and that the copies
is broken. (see exhibits- G.M.P.Q.W._)

63. On or about November 2007 inmate Theodore Luczak (B00780) had a
Court Order from the Northern District of Illinois to take inmates from X-Housse
to the Law Library, defendant Asst, Warden Venita F,Wright told her staff
to make sure that inmates from X-House got over to the Law Library, Mrs,
Baker than informed the staff that the copies was broke, and that ther was no
one there except for her, and that it was not in her union contract to service
us and sent the entire X-House line back to the cell house, Denying plaintiff
and class members access to the Court/law library.

64.   Since October 2007 prison officials here at Stateville C.C have
conducted a total of #11 unsupervised shake downs on plaintiffs cell without
a Sergant or above to supervise the shake down, and on several occasions refusing
to issue plaintiff a shake down slip and calling it a routine shake down but
completely destroying plaintiffs cell confiscating certain items and destroying
others in which plaintiff filed a Grievance asking to be reimbursted for the
damges and to be protected from further acts of retaliation.

### DELIBERATE INDIFFERENCE:

65. From April 2007 until the drafting of this complaint plaintiff have
been continuiously filing emergency grievance and complaints to defendant's

and even outside Authority requesting to be provided adequate protection,adequate and meaningful access to Courts and Law Library with trained legal assistance,and Equal Protection and Adequate living condition.

66. Each of plaintiffs request and complaints and grievances have been either never adequately answered and or denied without a former heraing.

67. In 2003, Defendant(s) Rod Blagojevich,Lisa Madigan and Roger E.Walker jr,being represented by the Illinois General Assembly thereupon entered into a collective nargaining agreement,at which time plaintiff(s) nor class members were appointed any legal representation,when the defendant(s) elected to use 40% of the profit from the sales of commissary stores through out Illinois Department of Corrections to be expended by the Department for the Special benefit of the committed person which include,but not limited to the advancanement of Inmates Pay-Roll,for the special benefit of employees,and for the advancement or rein-burtsment of employees travle, In violation of plaintiff(s) and lass members Fourteenth (14th) and Sixteenth (16th) Amendment to the United State constitution.

68. The defendant(S) further agreed to use the reminder of the profits from commissary stores topay the wages and benefits of their employees covered under the collective bargaining agreement who are employed at commissary facitities of the Department, and then to pay the cost of their Dietary Staff.

69. Defendant Roger E,Walker jr, acting in collusion,Corroboration and Conspiracy with each Warden and Business Administrator of the Illinois Department of Corrections (I.D.O.C) to Defraud plaintiff and Class members, Further agreed to utilize more Funds from the Forty present 40% profit from the sales of commissary stores by deliberatly reducing the monthly idle pay from $15.00 a month to $10.00 a month and further reduced the amount of monthly pay an inmate may earn from certain prison assignments from $45.00 a Month to $28.20 a month.

70. Defendant Roger E.Walker jr (Director Walker) further continued this unlawful policy in each Facility of the I.D.O.C. acting in collusion, corroboration and conspiracy with each named Warden and named and unknown Business Administrators enforcing that if an inmate should cause a levle-1 through level-4 lockdown,each inmate would not recieve his/her Monthly idle pay of $10.00, these actions deprived plaintiff and class members of his/her property entitle-ment in violation of Illinois State law,I.D.O.C Rules and plain-tiff Rights under the Fourteenth (14th) Amendment Right to the United States Constitution.

71. Defendant Walker (Director Walker) continues to enforce these unlawful ploicies throughout each I.D.O.C Facility,acting in collusion,Corroboration and Conspiracy with each Warden Named as a Defendant and all named and unknown named business administ-rators that if an inmate is sent to segregation for any infraction of the Rules that plaintiff or class members would not receive his/her idle pay of $10.00 even though the adjustment committee

PAGE 68 OF 80

placed no sanctions on plaintiff or class members idle pay.
these actions deprives plaintif and class members of his/her Rights
of Equal Protection and Due Process of the law in violation of
Illinois State law,(I.D.O.C.) RUles and plaintiff and class members
Fifth(5th),Eighth (8th) and Fourteenth (14th) Amendment Rights
to the United States Constitution.

72. The Defendant's have used and continue to use the earnings
from the sales of inmates Commissary Stores without affording
plaintiff or class members any legal representation,Plaintiff
and class members are now faced with being Taxed without the same
constitutional Rights as any Citizen that legally pays taxes,
the actions of defendant's violates plaintiff and class members
Eighth (8th),Fourteenth(14th) and Sixteenth(16th) Amendment
Right to the United States Constitution.

73. The actions of defendant's in decreasing the plaintiff and class
members idle pay was a deliberate act to utilize more money from
commissary sales to pay the wages of their employess as the cost
of living for them increases,these actions pervents plaintiff and
class members from adequately pursuing his/her criminal Appeal
or Reddress for constitutional violations, As said plaintiff and
class members would be faced with either(purchasing)Hygiene
items from the inmate commissary which apart of the basic necess-
ities or (pursuing) his/her Criminal Appeal, Petitioning the Courts
and paying the cost of U.S.Postage. and Court filing fees.

74. The actions of defendant's to embezzle plaintiff and class

members idle pay which is appropriated by the Illinois State and Federal
Government for the plaintiff and clas members personal hygiene care.
Plaintiff placement records will clearly show that plaintiff has spent approx-
imately $10\frac{1}{2}$ to 11 years in and out of Segregation out of the 20 years that
plaintiff has been incarcerated and during this time plaintiff recieved no
monthly idle pay and which he suffered from lack of adequate hygiene products,
As said defendant's have redused plaintiff hygiene care to almost non-existent
as plaintiff has suffered hair and tooth lose, Athletic feet, Ear wax problems
and skin irretation as well as the constant denial of access to the Courts,
Family(mailing letters to family members without a phone) for not having any
money for adequate  U.S.Postage, Many of the class members suffer the same
issues,as well as divorce,child custody,and child and spousal support,(commun-
ication with the outside world) not being able to purchase adequate postage
from being denied their monthly idle pay,not limited to the deprivation of basic
human needs like sanitation and adequate hygiene products.

75 .Plaintiff has recieved on several occasions Medical treatment resulting from
the use of industrial products,not limited to recieving multipal physic
treatment and Medication(s),plaintiff is also aware of several class members
that suffers the same,if not greater issues for the same reasons as plaintiff,
Being deprived their monthly idle pay under the illegal prison policies
enforced by the defendant's throughout the Illinois Department of Corrections
as described in paragraph #3 of the declaratory relief requested, in violation
of plaintiff and class members Fifth (5th) Eighth (8th) and Fourteenth (14th)
Amendment Rights to the United States Constitution.

## CONSPIRACY

76. Plaintiff reallege and incorporate herein paragraph 19 throught 75 of this
complaint.

77. The defendant(s) through their unlawful actions, policies,
practicies and procedures have conspired to establish an unlawful
system which operates within the Illinois Department of Corections
with each named Defendant(s) Directors, Wardens, and Business
Administrators past and present to collectively embezzle, Divert
and or misappropriate plaintiff(s) and class members monthly idle
allowance as well as moneies derived from 40% of inmate commissary
Funds and Profits under prison policies enforced throughout the
State against plaintiff(s) and class members which in turn deprived
plaintiff and Class members of their Constitutional Rights.

## EMBEZZLEMENT:

78. The actions of defendant(s) to incorporate such policies, procedures and
practicies is clearly and act of embezzlement which has been enforced unlawfully
throughout the State of Illinois against plaintiff(s) and class members for
as far back as 1988, prehaps even longer, thus, constituting the act of
conspiracy and embezzlement by knowingly and intentionally diverting and
misappropriating Illinois State Funds which clearly violates plaintiff(s)
and class members Rights afforded to them by virture of Illinois State
Constituion and the United States Constitution.

## .X. CLAIMS UPON WHICH RELIEF MAY BE GRANTED:

WHEREFORE, Plaintiff(s) and class members request the Court to grant the
Following:

## A. ISSUE A DECLARATORY JUDGEMENT STATING THAT:

1) Declare that the actions of Defendant(s) Rod Blagojevich and Lisa
Madigan to utilize Forth(40%) of the profits from commissary or portions thereof

to pay the wages of their employees constitutes a claim of Denial of Due Process

Right under the Fourteenth (14th) Amendment to the United States Constitution.


2) Declare that the actions of defendant(s) Rod Blagojevich and Lisa

Madigan in their deliberate actions of increasing the selling price of 35%

on Tobacco products and 25% on non Tobacco products according to the Public

Act 93-609, but failing to take appropriated measures to ensure that plaintiff(s)

and class members pay roll would be increased to enable them to finanically

support themselves, constitutes a claim of deliberate indifference to

plaintiff(s) and class members Rights under the Fifth (5th), Fourteenth (14th)

and Sixteenth (16th) Amendment to the United States Constitution.


3) Declare that the actions of each Named defendant(s) and unknown

Business Administrators, their predeccessors and successors in office in a

conspiracy to devirt and deprive plaintiff(s) and class members of their

property entitlement (without Due Process) and these unlawful policies are

a long standing pattern of abuse of power that has  continued throughout

the plaintiff(s) and class members entire incarceration as stated in this

complaint, as the defenant(s) have embezzled and misappropriated plaintiff(s)

and class members idle pay and other Funds under the desguise of Eight

different Rules, Policies and procedures all of which are unauthorized by

Illinois State Law and the Defendant(s) own Rules and regulation. 1).$2.00

Medical Co-payment; 2) Segregation Confinement; 3) Institutional lockdowns;

4) Xerox Copies; 5) Legal mail; 6) Restitution; Institutional Transfers;

and 8) Court filing fees, even though no language in the law authorizes the

defendant(s) to withhold plaintiff(s) and class members idle pay.

4) Declare that the actions of defendant Walker jr,(Director Walker) in deliberately decreasing the monthly idle pay from $10.00 to $8.20 constitutes a claim of deliberate indifference of plaintiff(s) and class members Right to representation and Due Process before the utilization of such Funds to pay the wages of their employees, In violation of plaintiff(s) and class members Fifth(5th)and Fourteenth (14th) Amendment Rights to the United States Constitution.

5) Declare that the actions of defendant(s) Rod Blagojevich, Lisa Madigan and Roger E,Walker jr in increasing the seals price of products on the commissary but failing to take measures to ensure the increase of inmates pay roll as Mandated in public Act 93-609 constitutes a claim of deliberate indifference to plaintiff(s) and class members Rights to be free from Cruel and unusual punishment,to adequately pursue his/her Appeal and access to Courts, and adequate living conditions that comport to the constitution, and that such actions violates plaintiff(s) and class members First (1st),Fifth (5th) and Fourteenth (14th) Amendment Rights to the United states Constitution.

6) Declare that the deliberate actions of defendant(s) Roger E.Walker jr, Guy Peirce,Salvadore Godinez,Terry L,McCann,Jimmy Dominguez and Venita F,Wright in failing to ensure that the living conditions afforded to inmates in X-house Protective Custody were consistent with the requirements set forth under the United States Constitution,and that the defendant(s) failed to ensure Equal Protection and Due Process Rights to persons housed and kept in protective Custody X-House.

7) Declare that the actions of defendant(s) Walker jr, Godinez,Peirce,

McCann,Dominguez and Wright in deliberately allowing their subordinates to
retaliate against plaintiff and class members through their actions of
unsupervised shake downs in order to confiscate and destroy legal Documents
and personal perperty for the plaintiff and class members exercising their
Right to petition the Courts,and for denying plaintiff(s) and class members
adequate and meaningful access to Courts and Equal Protection and Due Process
of Law,in violation of plaintiff(s) and classs members First(1st),Fifth(5th)
Sixth(6th) and Fourteenth(14th) Amendment Rights to the United States
Constitution.


8) Declare that the actions of all defendant(s) in instituting and allowing
a discriminating policies against plaintiff(S) and class members without need
or provocation,and for failing to intervene and prevent such constitutional
violations even after they had knowledge constitutes deliberate indifference
and Cruel and unusual punishment,in violation of plaintiff(s) and class members
Eighth(8th) and Fourteenth(14th) Amendment Rights to the United States
Constitution.


9) Declare that the actions of all defendant(s) without need or Provocation
in denying plaintiff(s) and class members Job assignments,Educational and
Vocational Opportunities constitutes a claim of denial of due process,in
violation of plaintiff(s) and class members Eighth(8th) and Fourteenth (14th)
Amendment Rights to the United States Constitution.


10) Declare that the actions of all defendant(s) in refusing toover turn
discriminating policies and procedures against plaintiff(s) and class members
due to their protective custody status,despite their knowledge of the above

Due Process and Equal Protection violations, constitutes a claim of deliberate indifference in violation of plaintiff(s) and class members Fourteenth(14th) Amendment Rights to the United States Constitution.

11) Declare that the actions of defendant(s) McCann, Dominguez, and Wright, Walker.jr, Godinez, and Peirce without need or provocation in allowing discriminatory policies and procedures to be enforced on protective Custody inmates denying them access to their Religious Services and not allowing the free practice of their religious bœliefs, inviolation of plaintiff(s) and class members First (1st), and Fourteenth (14th) Amendment Rights to the United States Constitution.

12) Declare that the actions of all defendant(s) in refusing to ensure that plaintiff(s) and class members recieved adequate Medical treatment without being discriminated against Due to their protective Custody status, in violation of plaintiff(S) and class members Eighth (8th) and Fourteenth (14th) Amendment Rights to the United States Constitution.

13) Declare that the actions of all defendant(s) in denying plaintiff(s) and class members in X-House protective custody access to the courts, Law Library and trained legal assistance with legal materials, inviolation of plaintiff(s) and class members First (1st) and Eighth (8th) Amendment Rights to the United State Constitution.

## B. ISSUE AN INJUNCTION STATING:

That the Defendant(s) Rod Blagojevich and Lisa Madigan Shall take legal



actions to ensure that plaintiff(s) and class membes are not subjected to

Taxation without Representation by the enactment of Public Act 93-607

2) That the Defendant(s) Blagojevich,Madigan and Waker jr,all Named
Defendant(s) past and present shall not withhold plaintiff(s) and class members
monthly idle pay for any reason as such appropriated idle pay is for the
hygene care of the committed person throughout the State of Illinois.

3) If Public Act 93-607 is to remain in effect,the defendant(s) **SHALL**
take measures to ensure that there is an increase in the inmates pay-roll as
mandated.

4) If Public Act 93-607 is to remain in effect, the defendant(s) **SHALL**
take measures to ensure that plaintiff(s) and class memebers have a statement
imput of the products sold on the inmates commissary within departmental
guidelines as well as a monthly menue for each inmate from the
Dietary Department.

5) If Public Act 93-607 is to remain in effect, the defendant(s) Rod
Blagojevich and Lisa Madigan **SHALL** take measures to ensure that plaintiff(s)
and class members are afforded legal representation before Taxation.

6) That the defendant(s) **SHALL** take appropriate measures to ensure that
the health and safety of the plaintiff(s) and class members in X-House Protective
Custody unit comport to the conditions outlined under the United States
Constitution,and that they **SHALL** not expose any Protective Custody Inmate to
any form of imminent danger from other inmates assigned to general population
or from the conditions from which they are housed.

7) The defendant(s) **SHALL** arrange for the plaintiff(s) and class members to be afforded the same Rights and Privileges,Programs and opportunities as inmates in general population.

8) The Defendant(s) **SHALL** immdeiately take apporopriate steps to ensure that the X-House Protective Custody in which inmates are housed are kept up to Health,Fire and Safety Codes and that inmates assigned to this unit are **SHALL** NOT BE SECURED WITH PAD_LOCKS ON THEIR DOORS.

9) The defendant(s) **SHALL** immediately take appropriate measures to ensure that plaintiff is not subjected to any further acts of retaliation for conplaining about the conditions of his confinement,or for exercising his Right to Reddress.

10) The defendant(s) **SHALL** immediately arrange for plaintiff(s) and class members to have adequate toliet faciliates as inmates in general population.

Unless this Honorable Court enjoines the defendant(s) from doing so, the Department of Corrections will continue to Embezzle,Divert and Misappropriate plaintiff(s) and Class Members idle pay as well as the 40% from inmates Commissary Funds and Profits, these continuing Violations constitutes irreparable harm for which plaintiff(s) and class members have no adequate remedy at Law.

## C. ISSUE A TEMPORARY RESTRAINING ORDER

1) That the defendant(s) **SHALL** immediately cease from exposing protective Custody inmates with General Population inmates at all times which exposes plaintiff(s) and class memebrs to imminent danger as each protective custody inmate has declared emenies in general population.

2) That the defendant(s) **SHALL** immediately take measures to ensure that living conditions in X-House Protective Custody comports to the statndards of living set forth under the United States Constitution.

3) That the defendant(s) **SHALL** immediatly provide plaintiff(s) and class members with adequate and meaningful access to the Courts and Law Library with legal material and adequately trained legal personnel to help plaintiff and class members to draft Motions and Petition before this and all other Courts.

4) The defendant(s) **SHALL** immediately cease from all forms of retaliation against plaintiff and class members, denying access to Courts,LawLibrary, Conducting unsupervised shake downs,confiscating and destroying personal property.

## D. AWARD PLAINTIFF(S) COMPENSATORY DAMAGES AS FOLLOWS:

1) Award Plaintiff(s) $100.000 jointly and severally against defendant(s) Walker jr, Washington,Snyder jr, and Howard A,Peters III for deliberately subjecting plaintiff(S) to unconstitutional conditions in their confinement, and for their action which constitutes Fraud and Embezzlement in failing to ensure that plaintiff(s) and class members recieved their appropriated State idle pay after each level-1 through level-4 lock down, and for failing to ensure that plaintiff(s) and class members recieved their appropriated State idle pay while serving time in Segregation which subjected plaintiff(s) to Cruel and unusual punishment.

2) Award plaintiff(s) $100.000 jointly and severally against Defendant(s)
McCann;Charns:Battaglia:Gramley:Welborn:Hinsely:Godniez:Page:Detella:Braily:
Walls:Hulick:Uchtman::and Marla Zielinski for deliberately subjecting plaintiff(s)
to unconstitutional conditions in their confinement, for their actions of
Fraud and Embezzlement in failing to ensure that plaintiff(s) and class
members recieved their appropriated State idle pay after each level-1 through
level-4 lock down,and for failing to ensure that plaintiff(s) and class members
recieved their State Appropriated idle pay while serving time in Segregation
which subjected plaintiff(s) to Cruel and unusual punishment

3) Award Plaintiff(s) $100.000 jointly and severally against each
named Defendant(s) Walker jr, Peirce,Godinez,McCann,Dominguez,Wright,and
Miller for their discriminating actions enforced upon plaintiff(s) becasue
of their Protective Custody status which in turn denied plaintiff(s) all
Rights and Privileges afforded to inmates in general population at the
Stateville C.C.

4) Award plaintiff(s) $100.000 jointly and severally against each Named
Defendant(s) Walker jr, Peirce, Godinez, and McCann fro their unconstitutional
actions of Cruel and unusual punishment for forces plaintiff(s) to urinate
and deficate without providing adequate toliet facilities.

5) Award plaintiff(s) $100.000 jointly and severally against defendant(s)
McCann, Dominguez,and Wright for denial of access to the Courts and Law Library
because the plaintiff(s) was in protective Custody status.

## E. AWARD PUNITIVE DAMAGES AS FOLLOWS:

1) Plaintiff(s) request this Honorable Court to issue Punitive Damages against eash defendant as punishment for the Department of Corrections had been ordered through past consent decrees or Court Orders not to return to their old ways by Magistrate Judge Arlander Keys in LEWIS V. WASHINGTON,et,al. 99-V-7081.

F. Plaintiff(s) request that Criminal charges be pursued against appropriate defendant(s).

G. Award plaintiff(s) Attorney fees pursuant to 1976, 42 U.S.C. §1988.

H. Defendant(s) pay the cost of this action.

Plaintiff(s) Demands Jury Trail.

### CERTIFICATION.

By signing this complaint, I certify that the facts stated herein are true and correct to the best of my knowledge and belief, I understand that if this certification is not true I may be subject to sanctions by the Court.

Signed this ⟨27th⟩ day of ⟨JAN⟩. 2008

Larry Rodgers, N-53436
P.O.BOX 112
JOLIET, Ill 60434

Signed this ⟨27th⟩ day of ⟨JAN⟩ 2008

Robbie J, Moore B-16483
P.O.BOX 112
Joliet,Ill 60434

PAGE 80 OF 80

STATE OF ILLINOIS)
COUNTY OF WILL   ) SS.

LARRY RODGERS
REG NO# N-53436
STATEVILLE C.C.
P.O.BOX-112
JOLIET,ILL 60434

### CERTIFICATE/PROOF OF SERVICE

The undersigned states on oath, that I have served the attached documents on the Clerk of Court,Northern District of Illinois by personally depositing the same in the United States Postage at the Stateville Correctiona Center, Joliet,Ill 60434 on this 27th day of january,2008.

1# Motion to waive coying requirements. with affidavit
1# Complete Original complaint from Rodgers and Moore.
1# Motion for certification of Class.
1# Motion for appointment of counsel.
2# Affidavits in support of Motion for appointment of counel.
1# Memorandum of Law in support of Motion for appointment of counsel.
2# In forma Pauperis with Finanical affidavits.
1# Order to show cause.
1# Motion for TRO and Preliminary Injunction.
1# Declaration in support of TRO/Preliminary Injunction.
1# Memorandum of Law in Support of TRO/Preliminary Injunction.
1# Complete Exhibits A-Z3

All to filed with this Court.

PURSUANT TO TITLE 28 U.S.C.A. §1748 AND 18 U.S.C.A. §1621. 735 ILCS 5/109.
I declare under pentalty of purjury, that I am the plaintiff(s) in the attached documents, and that the information contained therein is true and correct to the best of my knowledge and belief.

Respectfully Submitted

Larry Rodgers, pro se.et,al.




ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

EXIBIT-A

| Date: DECEMBER 16TH,'06 | Committed Person: (Please Print) LARRY RODGERS | ID#: N-53436 |
|---|---|---|

| Present Facility: MENARD,C,C | Facility where grievance issue occurred: MENARD,C,C |
|---|---|

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ Other (specify): STATE PAY

- ☐ Disciplinary Report: ___/___/___
  Date of Report     Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: THIS GRIEVANCE IS BEING SUBMITTED PURSUANT TO 20 ILL.
ADM.CODE 504;SUBPART (F) GRIEVANCE PROCEDURES.
INSTITUTIONAL POLICY THAT CONFISCATES A PRISONERS STATE PAYROLL DUE TO
INSTITUTIONAL LOCKDOWNS VIOLATES THE ENTITLEMENT OF THE PRISONERS DUE
PROCESS RIGHTS. THE 10.00 MONTHLY UNASSIGN PAY WAS APPROPRIATED BY THE
GENERAL ASSEMBLY FOR A PRISONERS TO PURCHASE NECESSITIES FROM THE INMATE
COMMISSARY SUCH AS SOAP,DEODERANT,TOOTHPASTE AND WRITE OUTS,ECT. THIS GRIEVANT
IS BEING PENALIZED AND SUBJECTED TO DISCIPLINARY RESTRICTIONS OF HIS STATE
PAYROLL WITHOUT BEING AFFORDED DUE PROCESS.
ILLINOIS REVISED STATUES,CHAPTER 38,SECTION 1003-8-7 (E) (1),CLEARLY

Relief Requested: RELIEF REQUESTED ON BACK....

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____  N-53436  12,16,06
Committed Person's Signature   ID#   Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

| Date Received: 1/4/07 | ☒ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: Department policy does Not provide of State pay during institutional lockdowns

_Betsy Spiller_ (Print Counselor's Name)    _[signature]_ Counselor's Signature    1/4/07 Date of Response

---

**EMERGENCY REVIEW**

| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner. |
|---|---|---|

_____
Chief Administrative Officer's Signature    ___/___/___ Date

EXHIBIT-A

STATES;"ANY PERSON OR PERSONS WHO INITIATES A DISCIPLINARY CHARE AGAINST A PERSON SHALL NOT DETERMINE THE DISPOSTION OF THE CHARGE. THE DIRECTOR MAY ESTABLISH ONE OR MORE DISCIPLINARY BOARDS TO HEAR AND DETERMINE CHARGES TO THE EXTENT POSSIBLE,A PERSON REPRESENTING THE COUNSELING STAFF OF THE INSTITUTION OR FACILITY SHALL PARTICIPATE IN DETERMINING THE DISPOSTION OF THE DISCIPLINARY CASE.

(2) ANY COMMITTED PERSON CHARGED WITH VIOLATION OF DEPARTMENTAL RULES OF BEHAVIOR SHALL BE GIVEN NOTICE OF THE CHARGE INCLUDING A STATEMENT OF MISCONDUCT ALLEGED AND OF THE RULES THIS CONDUCT IS ALLEGED TO VIOLATE.

(3) ANY PERSON CHARGED WITH VIOLATING THE RULES IS ENTITLED TO A HEARING ON THAT CHARGE AT WHICH TIME HE SHALL HAVE THE OPPORTUNITY TO APPEAR BEFORE AND ADDRESS THE PERSON DECIDING THE CHARGE.

(4) THE PERSON OR PERSONS DETERMINING THE DISPOSITION OF THE CHARGE MAY ALSO SUMMON TO TESTIFY ANY WITNESSES OR OTHER PERSON WITH RELEVANT KNOW-LEGDE OF THE INCIDENT, THE PERSON CHARGED MAY BE PERMITTED TO QUESTION ANY PERSON SUMMONED.

(5) IF THE CHARGE IS SUSTAINED, THE PERSON CHARGED IS ENTITLED TO A WRITTEN STATEMENT OF THE DECISION BY THE PERSON DETERMINING THE DISPOSTION OF THE CHARGE WHICH SHALL INCLUDE THE BASIS OF THE DECISION AND THE DISCIPLINARY ACTION,IF ANY TO BE IMPOSED."

THE BASIS FOR THE DENIAL OF STATE PAY ON AND ACROSS THE BOARD BASIS WOULD ENTITLE EACH INDIVIDUAL TO BE AFFORDED A HEARING BY THE DISCIPLINARY COMMITTEE. FURTHER, AS CHIEF ADMINISTRATIVE OFFICIAL, THE WARDEN WOULD INITIATE AN INSTITUTIONAL LOCK-DOWN AND THEREFORE THIS WOULD NOT ENTITLE HIM TO DETERMINE THE PUNISHMENT,i,e.,"LOSS OF PAYROLL"THIS WOULD HAVE TO BE DETERMINED BE A DISCIPLINARY COMMITTE. THIS SAME INSTITUTIONAL POLICY VIOLATES THE ESTABLISHED ADMINISTRATIVE DIRECTIVE 730 ILCS 1003-2-2 AND ADMINISTRATIVE DIRECTIVE 05.05.103A II PROCEDURE WORK ASSIGNMENT AND UNASSIGNED PAY. UNDER ADMINISTRATIVE DIRECTIVE 05.03.103A SUBSECTION(F) IMPLEMENTATION OF PAY PLANE #2 UNASSIGNED PAY "MAY BE DETERMINED ONLY AFTER DOCUMENTED ATTEMPTS TO PLACE AN INMATE ON WORK OR SCHOOL ASSIGNMENT HAS BEEN MADE AND THE INMATE REFUSED TO EXCEPT EITHER OPPORTUNITY. GRIEVANT STATE PAY HAS BEEN UNLAWFULLY CONFISCATED FOR HIS ENTIRE INCAR-CERATION WITHOUT DUE PROCESS DUE TO LOCK-DOWNS, SEGREGATION,TRANSFERS AND LEGAL EXPENSES AND NEITHER WITHHOLDAL WAS ARUTHORIXED BY ILLINOIS STATE LAW. IDOC RULES OR ADMINISTRATIVE DIRECTIVE. FURTHER SUBJECTING HIM TO CRULE AND UNUSAL PUNISHMENT BY DENYING HIM THE BASIC CIVILIZED MEASURE OF LIFE'S NECESSITIES.

RELIEF REQUESTED; I REQUEST MY FULL 10.00 DOLLARS EVERY MONTH, AND ALSO MY BACK PAY FOR ALL THE YEARS THAT MY STATE PAY HAS BEEN ILLEGALLY CONFISCATED. WHICH CAN BE ASCERTAINED THROUGH INMATE MASTER FILE.

EXHIBIT

**NAME:** ~~LARRY RODGERS~~

**DATE:** ~~APRIL 23RD,~~ 2007

**NUMBER:** N-53436

CHAPLIAN SINCLERE/CLINE

~~I AM A INMATE ASSIGNED TO PROTECTIVE CUSTODY X-HOUSE, I LIKE~~
~~TO KNOW WHY INMATES IN PC ARE NOT ALLOWED TO ATTEND SERVICES?~~
~~ASSISTANT WARDEN DOMINGUEZ SAID THAT THE CHAPLINACY DEPARTMENT~~
~~IS ARRANGING FOR PROTECTIVE CUSTODY INMATES TO COME TO SERVICES.~~
~~THIS HAS BEEN AN ONGOING PROMLEM I AM TOLD FOR A LONG TIME.~~
~~MY SECOND QUESTION IS WHY DON'T PEOPLE FROM THE CHAPLE~~
~~COME OVER HERE BBR SERVICES? THERE IS ROOM FOR PC AND OTHERS.~~

~~THANK YOU FOR YOUR TIME~~

~~LARRY RODGERS~~

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**                    HIBIT-C

| Date: XXXXX DATE 5/8/07 | Offender: (Please Print) LARRY RODGERS | ID#: N-53436 |
|---|---|---|
| Present Facility: | Facility where grievance issue occurred: | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): STATE AND FEDERAL VIOLATIONS.

- [ ] Disciplinary Report: ___/___/___    Date of Report    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:**    THIS GRIEVANT CONTENTS THAYT, THE ILLINOIS DEPARTMENT OF CORRECTIONS AND THE ILLINOIS ATTORNEY GENERAL, HAVE VIOLATED THIS GRIEVANTS FIFTH (5TH) AND FOURTEENTH (14TH) AMENDMENT RIGHTS TO DUE PROCESS UPON ENTERING INTO THE AGREEMENT TO TAKE FORTY (40) PERCENT OF THE PROFITS ON SALES FROM COMMISSARY STORES, TO PAY FOR THE WAGES AND BENEFITS OF IT'S EMPLOYEES. UPON THE ENACTMENT OF PUBLIC ACT 93-607 THE DEPARTMENT OF CORRECTIONS AND THE ATTORNEY GENERAL MADE ME A THIRD (3RD) PARTY TO SAID CONTRACT, AND DOING SO, MADE SUCH AGREEMENT WITHOUT AFFORDING ME LEGAL REPRESENTATION BEFORE TAXSATION, FURTHERMORE, I AM NOT BEING AFFORDED ANY RIGHT TO HAVE AN EXPENSION OF THIS OPERATION.

**Relief Requested:**    TO BE AFFORDED TAXSATION REPRESENTATION; TO HAVE A RIGHT TO A EXPENSION OF THE COMMISSARY PRODUCTS; AND A DIATARY MENUS, OR REFUND OF ALL FUNDS USED TO PAY ANY WAGES OF EMPLOYEES.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Larry Rodgers_    N-53436    51 8-07
Offender's Signature    ID#    Date

(Continue on reverse side if necessary)

---

| **Counselor's Response (if applicable)** | | |
|---|---|---|
| Date Received: 5, 12, 07 | [ ] Send directly to Grievance Officer | [x] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
| Response: Outsde jurisdiction of facility. Send to ARB | | |

_Anna Dockery_    _Anna Dockery_    5 12 07
Print Counselor's Name    Counselor's Signature    Date of Response

---

| **EMERGENCY REVIEW** | | |
|---|---|---|
| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance<br>[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

_____    _____
Chief Administrative Officer's Signature    Date

EXHIBIT-D

DATE: MAY 19TH, 2007


TO: TERRY L. MCCANN
     WARDEN STATEVILLE C.C.


FROM: LARRY RODGERS
      N-53436


RE: PROTECTIVE CUSTODY:


Warden McCann

I am writing to you because my life is in danger, and your administration is being bias in who is approved for place mement in Protective Custody all because of Budget cuts and lack of bed space.

In March of 200, I renounced the Vice Lords Organzation after being a member for 23 years, and some of the names that I had to give up were some the most powerful members within this Gang, now my life is being threaten because the same members are now being released from back into general population.

Zallo, A Five Star universal Elite for the Conservative Vice Lords who is in MenardC.C. Gark Clark (Thristy) A Five Star univerastive Elite for the Four Corner Hustlers Vice Lords, Now in Menard C.C in which I am scheduled to be transfered back to due to my Level-E status.

Patrick Carr (Bat-Mike) a Five star Star universal Elite for the Conservuictive Vice Lords now in F-House General population as mack working.

I have followed the institutional requirements out lined in Departmental Rules 501.320 (B)(2) and I hope that this administration will approve me for Protective custody.

Respective Submitted Larry Rodgers

**EXHIBIT E1**

DATE: MAY 19TH, 2007

TO: ROGER WALKER JR
    DIRECTOR, ILLINOIS DEPARTMENT OF CORRECTIONS
    P.O.BOX-19277
    SPRINGFIELD, ILLINOIS 62794


FROM: LARRY RODGERS
      REG NO# N-53436
      P.O.BOX-112
      JOLIET, ILL 60434


RE: PROTECTIVE CUSTODY


        DIRECTOR WALKER,

I AM WRITING TO YOU BECAUSE MY LIFE IS IN DANGER, AND THE ILLINOIS
DEPARTMENT OF CORRECTIONS (STATEVILLE) IS BIAS IN SEC IS REFUSING
FOR PROTECTIVE CUSTODY ALL DUE TO BUDGET CUTS AND LACK OF BED
SPACE.

        IN MARCH OD 2000, I RENOUNCED THE VICE LORDS AFTER 23 YEARS
AND I WANTED OUT OF THE MOST POWERFUL OFFICES WITHIN THIS GANG.

        MY PC LIST IS TO CERTAIN PRISONERS WHICH RENOUNCED AND PUT IN
PROTECTIVE PC TRANS CUSTODY BACK INTO GENERAL POPULATION.

        RICKY WTO IS A FIVE STAR UNIVERSAL PRINT FOR THE CONSERVATIVE
VICE LORDS WHO IS NOW IN MENARD C.C.

        JAMES CLARK, (AUGUSTY) A FIVE STAR UNIVERSAL PRINT FOR THE
FOUR CORNER HUSTLERS VICE LORDS WHO IS NEAR NOW IN MENARD C.C.
IF I TOLD I AM REFUSING TO BE CONSTITUTES BACK TO IN DANGER OF
PRO CUSTODY I AM A LOYAL-T FELONY.

        PATRICK CASE, (PAT-RICK) WHO IS A FIVE STAR UNIVERSAL PRINT
FOR THE CONSERVATIVE VICE LORDS WHO IS NOW IN STATEVILLE C.C.

        I HAVE FOLLOWED THE REQUIREMENTS OUTLINED IN DEPARTMENTAL
RULE 501,570 (V)(2) AND HOPE THA THIS NOTIFICATION WILL APPROVE
OF MY PROTECTIVE CUSTODY.
                    RESPECTFULLY SUBMITTED
                    LARRY RODGERS

C.C/FILED
WARDEN WRIGHT
LEAL COUNSEL
LISA MADIGAN
ROGER WALKER
LARRY RODGERS

EXHIBIT 32

DATE: MAY 19TH, 2007

TO MISS/MRS, LISA MADIGAN
    ILLINOIS ATTORNEY GENERAL
    100 N. RANDOLPH STREET
    CHICAGO, ILL 60601

FROM: LARRY RODGERS
      REG NOS N-83436
      P.O. BOX-112
      JOLIET, ILL 60434

RE: PROTECTIVE CUSTODY

    MISS/MRS, LISA MADIGAN

I AM WRITING TO YOU BECAUSE MY UNIT IS IN DANGER, AND THE ILLINOIS
DEPARTMENT OF CORRECTIONS (STATEVILLE) IS SLOW TO TRY TO APPROVED
FOR PROTECTIVE CUSTODY ALL DUE TO BUDGET CUTS AND LACK OF BED
SPACE.

        IN MARCH OF 2000, I CONCLUDED MY GANG AFTER 23 YEARS, AND
THE REASONS THAT I GAVE INFORMATION ON WHAT THE MOST RESPECTED,
HIGHEST WITHIN THE VICE LORDS ORGANIZATION.

        ON MY LIST IS IN DANGER BECAUSE THESE MEMBERS ARE NOT
ALL RELEASED FROM GANG SUPREME BACK INTO GENERAL POPULATION.

        DELLO, A FIVE STAR UNIVERSAL ELITE FOR THE CONSERVATIVE
VICE LORDS WHO IS NOT IN STATEVILLE CORRECTIONAL CENTER.

        TARY GLENN, (CHICAGO) WHO IS A FIVE STAR UNIVERSAL ELITE
FOR THE FIVE POINTS UNIVERSAL VICE LORDS, HIM AT MENARD C.C. IN
WHICH I AM SCHEDULED TO BE TRANSFERRED BACK TO IT DENVILLE OR NOT
BECAUSE I AM A LEVEL-E INMATE.

        PATRICK CARR, (PAT-MENT) WHO IS A FIVE STAR UNIVERSAL ELITE
FOR THE CONSERVATIVE VICE LORDS WHO IS NOT IN STATEVILLE C.C.

        I HAVE FOLLOWED ALL REQUIREMENTS OUTLINED IN THE CORRECTIONAL
RULES THAT IS SET FORTH AS 5J1.326 (P)(2).

        I HOPE THAT YOU CAN HELP IN GETTING ME PLACED SOMEWHERE
SAFE.

                    RESPECTFULLY SUBMITTED
                        LARRY RODGERS

C.C/FILES
WARDEN MCCANN
ROGER WALKER JR
RYAN POURCHEY
LISA MADIGAN
LARRY RODGERS

# REQUEST FOR PAYMENT

**STATE OF ILLINOIS**
**DEPARTMENT OF CORRECTIONS**

e: 5/8/ 20 07

Name (print): LARRY RODGERS          I.D. No.. N-53436          Housing Unit: X-LW-02

Please pay to: _____

Address: _____

City: _____ State: _____ Zip: _____

The sum of _____ dollars and _____ cents

and charge to my account, for   CERTIFIED MAIL TO
ATTORNET GENERAL LISA MADIGAN REQUEST
RETURN RECEITE.

☐ APPROVED
☐ NOT APPROVED          _____
                        Inmate Signature        ID No.

_____          _____
Assistant Warden/Superintendent/Designee        Witness

---

**REQUEST FOR PAYMENT OF POSTAGE**

Postage requested
in the amount of ___4___ dollars __64__ cents      Cert

☐ Postage Paid      CERTIFIED MAIL

DC 828 (09/91)      CerT# 7004 1160 0002 4945 4728      5/9/07      IL 426-0207

---

## REQUEST FOR PAYMENT OF POSTAGE

I hereby request and authorize payment of
postage for the attached mail.

_____
Inmate Signature

ID No. _____

### FOR TRUST FUND USE ONLY          C 1139

Trust Fund Balance          $ 4.64
Less amount of payment      $ 4.64
Current balance after payment  $ _____

Check No. _____  Date _____

_____
Business Office

### FOR JUVENILE DIVISION USE ONLY

Received by: _____
              (Staff)          Date

Received by: _____
              (Youth)          Date

EXHIBIT-E1

DATE: MAY 19TH,2007

TO: ROGER WALKER JR
    DIRECTOR,ILLINOIS DEPARMENT OF CORRECTIONS
    P.O.BOX-19277
    SPRINGFILED,ILLINOIS 62794


FROM: LARRY ROGERS
      REG NO# A-53436
      P.O.BOX-112
      JOLIET,ILL 60434

RE: PROTECTIVE CUSTODY


     DIRECTOR WALKER,

I AM WRITING TOYOUU BECAUSE MY LIFE IS IN DANGER,AND THE ILLINOIS
DEPARTMENT OF CORRECTIONS (STATEVILLE) IS BIAS IN HOW IS APPROVED
FOR PROTECTIVE CUSTODY ALL DUE TO BUDGET CUTS AND LACK OF BED
SPACE.

     IN MARCH OF 2009, I REJOINGED THE VICE LORDS AFTER 23 YEARS
AND I NAMED SOME OF THE MOST POWERFUL MEMBERS WITHIN THIS GANG.

     NOT MY LIFE IS IN DANGER BECAUSE THESE MEMBERS ARE SET TO
RETALIATE AND AWAIT ORDERS AND TAKE THIS CRUTIAL POPULATION.

     APOLLO TEO IS A FIVE STAR UNIVERSAL ELITE FOR THE INSECTORATED
VICE LORDS WHO IS NOW IN MENARD C.C.

     ANDY CLARK,(IMYRENIT) A FIVE YEAR UNIVERSAL ELITE FOR THE
INSECTORATED CONSERVE VICE LORDS WHO IS ALSO NOW IN MENARD C.C.
I AM WELL I AM ACQUITAL TO ALL INFORMATION ONLY DUE TO BECAUSE OF
BOTH BECAUSE I AM A LEVEL-T THREAT.

     TERRANCE CRAD, (PEP-STAR) WHO IS A FIVE STAR UNIVERSAL ELITE
FOR THE CONSERVATIVE VICE LORDS WHO IS NOW IN STATEVILLE C.C.

     I HAVE FOLLOWED THE PROHIBITIONS OUTLINED IN DEPARTMENTAL
RULE 501,320 (B)(2) AND HOPE THE THIS ADMINISTRATION WILL APPROVE
ME FOR PROTECTIVE CUSTODY.

                    RESPECTFULLY SUBMITTED
                         LARRY ROGERS

C.C/FILED
NATHAN GOANN
GINA GOURGUTY
LISA MADIGAN
ROGER WALKER
LARRY ROGERS

EXHIB1   52

DATE: MAY 19TH,2007

TO MISS/MRS,LISA MADIGAN
    ILLINOIS ATTORNEY GENERAL
    100 W,RANDOLPH STREET
    CHICAGO,ILL 60601


FROM: LARRY RODGERS
      R00 NO# N-53436
      P.O.BOX-112
      JOLIET,ILL 60434


RE: PROTECTIVE CUSTODY


    MISS/MRS,LISA MADIGAN

I AM WRITING TO YOU BECAUSE MY LIFE IS IN DANGER, AND THE ILLINOIS
DEPARTMENT OF CORRECTIONS (STATEVILLE) IS FLAG IN WHO IS APPROVED
FOR PROTECTIVE CUSTODY AND DUE TO BUDGET CUTS AND LACK OF BED
SPACE.

    IN MARCH OF 2006, I RENOUNCED MY GANG AFTER 23 YEARS,AND
DUE TO FEARS THAT I GAVE INFORMATION ON THE PAST FOUR MONTH'S
TO WARD WITHIN THE VICE LORDS ORGANIZATION.

    NOW MY LIFE IS IN DANGER BECAUSE THESE MEMBERS ARE NOW
BEING RELEASED FROM EACH SEGREGATION BACK INTO GENERAL POPULATION.

    APOLLO, A FIVE STAR UNIVERSAL ELITE FOR THE CONSERVATIVE
VICE LORDS WHO IS NOW IN STATES CORRECTIONAL CENTER.

    GARY CLARK, (TY-STICK) WHO IS A FIVE STAR UNIVERSAL ELITE
FOR THE CONSERVATIVE VICE LORDS, NOW IN PONARD C.C. IN
WHICH I AM SCHEDULED TO BE TRANSFERRED BACK TO IN FEBRUARY OF 2008
DEFAULT I AM A LEVEL-E INMATE.

    PATRICK CAPP, (PAY-PICK) WHO IS A FIVE STAR UNIVERSAL ELITE
FOR THE CONSERVATIVE VICE LORDS WHO IS NOW IN STATEVILLE C.C.

    I HAVE FOLLOWED THE REQUIREMENTS OUTLINED IN THE DEPARTMENTAL
RULES THAT IS SET FORTH AS 501,320 (B)(3).

    I HOPE THAT YOU CAN HELP IN GETTING ME PLACED SOMEWHERE
SAFE.

                    RESPECTFULLY SUBMITTED
                    LARRY RODGERS

C.C/FILE:
WARDEN MCCANN
ROGER WALKER JR
RYAN COUROHEY
LISA MADIGAN
LARRY RODGERS

EXHIBIT-E3

DATE: MAY 19TH, 2007

TO: RYAN DOURGHTY
    ILLINOIS DEPARTMENT OF CORRECTIONS
    100 W. RANDOLPH STREET
    CHICAGO, ILL 60601

FROM: LARRY RODGERS
      REG NO# N-63436
      P.O. BOX-112
JOLIET, ILLINOIS 60434

RE: PROTECTIVE CUSTODY:

MR. RYAN DOURGHTY,
I AM WRITING YOU(!) BECAUSE MY LIFE IS IN DANGER, AND THE ILLINOIS
DEPARTMENT OF CORRECTIONS (STATEVILLE) IS FIXS IN WHO IS APPROVED
FOR PROTECTIVE CUSTODY ALL DUE TO BUDGET CUTS AND LACK OF BED
SPACE.

     IN MARCH OF 2006, I RETRACTED THE VICE ORGANIZATION AFTER
BEING A MEMBER FOR 23 YEARS, AND SOME OF THE NAMES THAT I HAVE
ARE SOME OF THE MOST POWERFUL MEMBERS WITHIN THAT GANG.

     SO MY LIFE IS IN DANGER THROUGH THESE GUYS IF I AM TO
BE(!) RELEASED BACK INTO GENERAL POPULATION.

     LARRY, A FIVE STAR UNIVERSAL ELITE FOR THE CONSERVATIVE
VICE LORDS WHO IS NOW IN MENARD CORRECTION CENTER.

     GARY CLARK, (CHRISTY) A FIVE STAR UNIVERSAL ELITE FOR THE
CONSERVATIVE VICE LORDS, WHO IS IN MENARD CORRECTION CENTER
TO WHICH I AM SCHEDULED TO BE TRANSFERED BACK TO IN TERRITORY OF
THESE BECAUSE I AM A REVEALED INMATE.

     PATRICK CARR, (PAT-MIKE) WHO IS A FIVE STAR UNIVERSAL ELITE
FOR THE CONSERVATIVE VICE LORDS WHO IS NOW HERE IN STATEVILLE
C.C.

     I HAVE FOLLOWED THE REQUIREMENTS OUT LINED IN DEPARTMENTAL
RULES 501.320 (B)(2) AND HOPE THAT THIS ADMINISTRATION WILL APPROVE
ME FOR PROTECTIVE CUSTODY.
                    RESPECTFULLY SUBMITTED
                    LARRY RODGERS.

C/C/FILE:
LARONE MCCANN
ROGER WALKER JR
RYAN DOURGHTY
LISA MADIGAN
LARRY RODGERS

EXHIBIT

**NAME:** ~~LARRY RODGERS~~            **DATE:** ~~MAY 20TH 207~~

**NUMBER:** ~~N-53436~~

~~CHAPLIAN SINCERE/CLINE~~

~~I AM WRITING TO REQUEST THAT I BE TAKEN OVER FOR CHRISTAIN~~
~~SERVICES IN ACCORDENCE WITH DEPARTMENTAL RULES, AND MY RIGHT~~
~~UNDER THE UNITED STATES CONSTITUTION FIRST 1ST AMENDMENT TO~~
~~FROMDOM FREEDOM OF RELIGION, AND I AM BEING DENIED BECAUSE~~
~~I AM IN PROTECTIVE CUSTODY ONLY, WHICH IS DIRECT DISCRIMINATION.~~
~~SO I AM SAKING YOU WOULD YOU  PLEASE COME AND TAKE ME ON~~
~~SUNDAY MORNINGS FOR EACH SERVIVCE? I UNDERSTAND THAT EVERY~~
~~THERE IS A DIFFERENT CHURCH. AND I VERY MUCH WOULD LIKE TO~~
~~ATTEND SERVICES.~~

~~THANK YOU FOR YOUR TIME~~

~~LARRY RODGERS.~~

MAY 20,0)TH

MAY 20TH,2007


FROM; LARRY RODGERS,
      RE NO N-53436
      STATEVILLE C.C.
      P.O.BOX-112
      JOLIET,ILL 60434


TO;   GUY PIRCE
      ASSISTANCE DIRECTOR OF
      P.O.BOX-515
      JOLIET,ILL 60432


RE;   PROTECTIVE CUSTODY;

I am writing to you becasue #1, my life is being threaten by
known Gang Members, and the Officials here at Stateville c,c, are
constantly dening my protective custody, and #2 I am also being
denied Religious services, Educational Programs, Assignment
Programs and Law Library all because of my placement in P.C.
while inmates in Gerneral population are afforded all opportunities
to go to school,attend drug programs, Vocational Programs, Religious
Services and to earn good time credtts, all of this is denied
inmates in X-House Protective Custody.

    I have been housed in Protective Custody X-House since April
16th,2007 and I am constantly being denied equal protection.

             I hop ethat you can look into this matter for me,
                 Thank You for your time


                 Larry Rodgers

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**HEARING OF ADMINISTRATIVE REVIEW BOARD**

*DATE OF HEARING:* 5/25/07

*INSTITUTION:* Stateville Correctional Center, Joliet, Illinois

*GRIEVANT NAME:* Larry Rodgers, Register No N53436

*BOARD MEMBERS PRESENT:* Jackie Miller, Administrative Review Board Chairperson, Office of Inmate Issues, Department of Corrections.

Grievant was personally interviewed by the Administrative Review Board. All information submitted to the Board by the Grievant, and the institution related to the issue being grieved, was reviewed. Issues warranting further action / consideration were discussed with the Stateville Correctional Center Administration.

Nature of Grievance: Offender Rodgers is grieving denial of Protective Custody at Stateville Correctional Center.

The Board notes the inmate is currently serving 68 years for Murder and unauthorized use of a weapon, with a custody date of 1/7/88 and a projected release date of 4/25/29. The grievant has been housed at Stateville Correctional center since 2/26/07. No clinical concerns noted. Medical concerns noted.

The Board reviewed the Protective Custody Vote sheet dated 5/16/07. Grievant requested Protective Custody placement stating the following: I would like to be in PC for my safety. The no-vote rational indicates: denied.

Inmate's statement: I have enemies that I gave up when I renounced from the VL's that are now in general pop. These enemies include, Cagle and Trainor from Men, bat-mike from STA and Fletcher from Sts. I don't want to be forced to protect myself.

This Chairperson was unable to ID any of the above mentioned enemies as being from Stateville. Additionally, it appears based on Rodgers own comments that he was participating in illegal activities.

Recommendations: Based on a review of all information it is the opinion of the Board that the Grievant has not provided sufficient information to warrant the Offender's retention in Protective Custody and recommends the Offender be placed in general population..

*FOR THE BOARD:* _____
Jackie Miller
Administrative Review Board Chairperson
Office of Inmate Issues

*CONCURRED:* _____ June 5, 2007
Roger E. Walker, Jr.
Director

cc:   Warden McCann, Stateville Correctional Center
      Larry Rodgers, Register No. N53436

| Date: JUNE 3RD, 2007 | Offender: (Please Print) LARRY RODGERS | ID#: N-53436 |
|---|---|---|

| Present Facility: STATEVILLE C.C. | Facility where grievance issue occurred: STATEVILLE C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): **IMMINENT DANGER**

- [ ] Disciplinary Report ____/____/____  **DENIED PROTECTIVE CUSTODY**
  Date of Report   Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
    Administrative Officer.

Brief Summary of Grievance: **EMERGENCY GRIEVANCE, WARDEN MCCANN, THIS GRIEVANT IS BEING DENIED PROTECTIVE CUSTODY AND I AM NOW ASSIGNED TO F-HOUSE GENERAL POPULATION WITH SOME OF THE SAME INMATES THAT I DECLARED AS MY EMENIES AND RAVIL GANG. MY LIFE IS IN DANGER EVERYDAY THAT I AM EXPOSED IN THIS CELL HOUSE TO GENERAL POPULATION. I TRIED TO EXPLAINED THIS TO LT. BUCZEKOWSKI, BUT I WAS GIVEN A DIRECT ORDER TO LOCK UP OR GO TO SEG FOR REFUSING HOUSING. I AM FILING THIS EMERGENCY GRIEVANCE BECASUE I AM IN IMMINENT DANGER.**

Relief Requested: **THAT I PLACED BACK IN X-HOUSE PROTECTIVE CUSTODY AWAY FROM MY LISTED EMENTES**

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Larry Rodgers_  N-53436  6, 3, 07
Offender's Signature   ID#   Date

(Continue on reverse side if necessary)

| **Counselor's Response** (if applicable) | |
|---|---|
| Date Received: ____/____/____ | [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

| Print Counselor's Name | Counselor's Signature | Date of Response ____/____/____ |
|---|---|---|

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: ____/____/____ | Is this determined to be of an emergency nature?   [ ] Yes; expedite emergency grievance   [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

| Chief Administrative Officer's Signature | Date ____/____/____ |
|---|---|

Distribution: Master File; Offender        Page 1        DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

EXHIBIT-J



# OFFICE OF THE ATTORNEY GENERAL
### STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

June 4, 2007

Mr. Larry Rodgers
Reg. No. #N-53436
PO Box 112
Joliet, IL 60434

**REF NR:  07 - 78578**

Dear Mr. Rodgers:

Thank you for your correspondence to Attorney General Lisa Madigan.  The Attorney General asked that I acknowledge receipt of your letter and respond on her behalf.

After reviewing your circumstances, it would appear that the issues you raise should be addressed by the Illinois Department of Corrections.  Therefore, I have taken the liberty of forwarding a copy of your letter to the director of IDOC.  I am confident that Director Roger E. Walker Jr. and his staff will respond accordingly.

Again, thank you for writing.

Sincerely,

Erin Ruebbelke
Public Affairs Officer

500 South Second Street, Springfield, Illinois 62706  •  (217) 782-1090  •  TTY: (217) 785-2771  •  Fax: (217) 782-7046
100 West Randolph Street, Chicago, Illinois 60601  •  (312) 814-3000  •  TTY: (312) 814-3374  •  Fax: (312) 814-3806
1001 East Main, Carbondale, Illinois 62901  •  (618) 529-6400  •  TTY: (618) 529-6403  •  Fax: (618) 529-6416

*PLEASE RETURN TO ME*

EXHIBIT–K



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

Stateville Correctional Center / Rt. 53 / P.O. Box 112 / Joliet, IL 60434 / Telephone: (815) 727-3607 / TDD: (800) 526-0844

June 12, 2007

Mr. Larry Rodgers # N53436
X-LW-05

This shall acknowledge receipt of your correspondences dated May 19, 2007 to Illinois Attorney General Lisa Madigan.

On April 16, 2007 you met with the Intel Unit and you were approved for protective custody and placed in protective custody. As of this date records indicate that you are in protective custody and your needs are being met by the Illinois Department of Corrections.

I trust this addresses your issues and concerns.

Sincerely,

Terry L. McCann
Warden
Stateville Correctional Center

cc:    Stateville Correctional Center
       File

| Date: JUNE 12TH, 2007 | Offender: (Please Print) LARRY RODGERS | ID#: N-53436 |
|---|---|---|
| Present Facility: STATEVILLE C.C. | Facility where grievance Issue occurred: STATEVILLE C.C. | |

**NATURE OF GRIEVANCE:**

☐ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☐ Disability
☒ Staff Conduct  ☐ Dietary  ☐ Medical Treatment  ☐ HIPAA
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator  ☒ Other (specify): EXPEDITE AS EMERGENCY GRIEVANCE

☐ Disciplinary Report: _____/_____/_____
　　　　　　　　　　Date of Report　　　　　Facility where issued

Note:　Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
　　Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
　　Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
　　Chief Administrative Officer, only if EMERGENCY grievance.
　　Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
　　administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
　　Administrative Officer.

Brief Summary of Grievance: __WARDEN MCCANN, I AM FILING THIS GRIEVANCE AND ASKING THAT__

__THIS ADMINISTRATION EXPEDITE IT AS AN EMERGENCY GRIEVANCE BECAUSE I__

__AM BEING EXPOSED TO IMMINENT DANGER IN THE CONDITIONS OF MY CONFINEMENT__

__I AM BEING DENIED PROTECTIVE CUSTODY AND TRANSFERED AROUND FROM CELL HOUSE__

__AND EXPOSED TO MY LISTED ENEMIES EACH TIME I LEAVE MY CELL FOR ALL MOVEMENT__

__HOSPT HOSPITAL, DENTAL,VISITS, INTERNAL AFFAIRS I AM MIXED IN LINES__

__WITH GENERAL POPULATION INMATES, I AM RESPECTFULLY REQUESTING THIS__

__THIS ADMINISTRATION TO EXPEDITE THIS ISSU AS AN EMERGENCY AS I AM IN__

__IMMINENT DANGER.__

Relief Requested: __TO BE APPROVED PROTECTIVE CUSTODY AND KEEP SEPREATED FROM__

__ALL INMATES IN GENERAL POPULATION__

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Larry Rodgers_　　　　　　　N-53436  6.12.07
　Offender's Signature　　　　　　　ID#　　　　　Date

(Continue on reverse side if necessary)

---

| Counselor's Response (if applicable) | | |
|---|---|---|

Date Received: _____/_____/_____　　☐ Send directly to Grievance Officer　　☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277.

Response: _____

_____

_____

_____

Print Counselor's Name　　　　　Counselor's Signature　　　　　Date of Response _____/_____/_____

---

| EMERGENCY REVIEW | |
|---|---|

Date Received: _____/_____/_____　　Is this determined to be of an emergency nature?　☐ Yes; expedite emergency grievance
　　　　　　　　　　　　　　　　　　　　　　☐ No; an emergency is not substantiated.
　　　　　　　　　　　　　　　　　　　　　　Offender should submit this grievance
　　　　　　　　　　　　　　　　　　　　　　in the normal manner

Chief Administrative Officer's Signature　　　　　　　　　　Date _____/_____/_____

EXHIBIT M

DATE; JUNE 15TH,2007

TO; ROGER E, WALKER JR
    DIRECTOR, I.D.O?.C
    1301 CONCORDA COURT,
    P.O.BOX-19277
    SPRINGFIELD,ILL 62794

FROM; LARRY RODGERS
      REG NO; N-53436
      P.O.BOX-112
      JOLIET,ILL 60434

RE; PROTECTIVE CUSTODY, EQUAL PROTECTION.

Dear Director Walker,
I last wrote to your officer concerning my life being placed in
Danger here at Stateville c,c, by dening my Protective Custody
for lack of bed space, I have since been removed from X-House
P.C. and placed in F-House General Population over flow, now I
am back in X-House awaiting to be approvled and to be placed
on the second floor with Approvled Protective Custody Inmates,
Warden McCann has indecated in his responce to me that I have
been approved P.C. since April 16th, that is not the case.

My Second reason for writing to you is because I am being denied
all access to the same Programs as General Population is giving,
I am denied access to the Law Library, School programs, Drug
Treatment Programs, Vocational Programs, and Religious communal
Service,all of this is denied to inmates in X-House Protective
Custody Approved/Non Approved inmates.

I hope that your office can look into this matter for me,
Thank You for your time

Larry Rodgers

EXHIBIT N

**NAME:** LARRY RODGERS

**DATE:** JUNE 16TH, 2007

**NUMBER:** N-53436

Warden McCann

I am writing to you requesting the right to attend chaplian services, I am being told that X-House do not go to the chaple with inmates in general population, and I understand that, but I want to know why PC is not allowed to atted with Chaplains and other people that come out from alot of different churches, I am being denied my right to practice and or attend communial services simply because I am assigned protective Custody, and yet, no Pastures, Revens,Bishops or even volunteer chaplians my do not come and over to Minister to inmates in protective custody.

I trust that you will look into this matter and act accordingly.

Thank You for your time and consideration.

Larry Rodgers

DATE: JUNE 16TH,2007

TO: TERRY L.McCANN

    WARDEN STATEVILLE C.C.


FROM: LARRY RODGERS

    N-53436


RE:  IMMINENT DANGER/EXPOSED TO INMATES IN GENERAL POPULATION;


    Warden McCann,

    I have written to your Administration several times  with no reply concerning

being exposed to inmates in general population each time I am moved out of my cell

for Hospital pass, Visits, Property  and other places, even though i have told

your staff that i am protective custody. I am still locked in holding areas with

general population and moved back and forth in lines with them, for complaining

of my conditions I am called snitches, and even subjected to unsupervised shake

downs from your staff members. this is a constant threat of being exposed to inmates

in general population and or my listed enemies, If this Administration cannot

adhere to it's own rules and regulations, Could you please Transfer me to Pontiac.


                Thank You for your Time.

                Larry Rodgers

DATE; JUNE 23rd, 2007

TO; TERRY L, McCANN
WARDEN, STATEVILLE C,C,
REG NO; N-53436
X-LW-05

RE; PROTECTIVE CUSTODY PLACEMENT, EQUAL PROTECTION;


Dear Warden McCann,
I am in receipt of your June 12th, 2007 response to the Attorney
General concerning the Danger in which I face here at Stateville c.c.
On April 16th, 2007 I was place in Protective Custody after my
interview with intel, I am being denied Religious Services,
Educational Programs, Assignment Programs and Access to the
Law Library simply because I am Protective Custody, while
Stateville General Population inmates treatment is different,
They are afforded opportunities to go to School, Drug Treatment,
Vocational Programs, Religious communial service and the oppro-
tunity to earn good time, which is denied to inmates in X House
Protective Custody.


I Trust that your Administration will look into this
matter appropriately.


Sincerely


Larry Rodgers,

EXHIBIT Q

DATE; JUNE 23rd,2007


TO; JIMMY DOMINGUEZ
     ASST, WARDEN OF PROGRAMS
     STATEVILLE C.C.


FROM; LARRY RODGERS
      REG NO; N-53436
      X-LW-05


RE; PROTECTIVE CUSTODY, EQUAL PROTECTION


    Asst, Warden Dominguez,

I am writing to you concerning my placement in protective custody,
I am being denied placement in X-House and my life is in Danger,
I feel there is some kind of mix up, Warden McCann whom I have
wrote to several times indicate that I am approved Protective
Custody and Have been since April 15th,2007, However, i am not
housed with approved inmates on the second floor, and I have
been kicke dout to F-House which is General population over flow.
I am now beack in X-House, still not housed with approved inmates.


    My Second issue is that I am being denied all of my Rights.
I am denied access to Religious serives, Educational Programs,
Job Assignments and access to the Law Library only becasue I
am placed in Protective Custody X-House, while every other
inmate in General Population here at Stateville C.C. is afforded
opprotunity to go to school, Attend Drug Programs, Vocational
Programs, Religious service and at least wekly law library
and X-House inmates are denied.


        I trust that you will look into this matter for me.
                    Sincerely


                Larry Rodgers

EXHIBIT R

DATE: JUNE 24TH, 2007

TO: TERRY L. McCANN
    WARDEN, STATEVILLE C.C.

FROM: LARRY RODGERS
      REG NO: N-53436
      X-LW-05

RE: __PROTECTIVE CUSTODY PLACEMENT:__

    Dear Warden McCann,
I am in receipt of your June 12th, 2007 responce to my Plead to
the Attorney General's Office concerning the Danger in which I face
here at Stateville C.C.

    Your responce indecated that I was Approved Protective Custody
on April 16th, 2007, and your records indicate that I am in Protective
Custody therefore my needs are being met.

    According to Clinical Service Counslor Anna Dockery, I am
not approved Protective Custody..and I was resently kicked out
and sent to General population where as I was housed with some of
the same inmates that I have listed as my enemies.

    I trust that you will look into this matter and respond
appropriately..As I have a Constitutional Right to be Protected
from any and all list enemies. __NEVER should I be placed in a__
__situation that I am forced to defend my life.__

        I THANK YOU FOR YOUR TIME AND CONSIDERATION

                LARRY RODGERS.

c.c./filed

Log/Sent 7/5/07 Initials



EXHIBS

**NAME:** LARRY RODGERS _____    **DATE:** AUDUST 18TH, 2007

**NUMBER:** N-53436 _____


CHAPLIAN SINCERE/CLINE _____

~~I HAVE WRITEN TO YOUR OFFICE SEVERAL TIMES REQUESTING TO~~
~~ATTEND SERVICES IN ACCORDANCE WITH MY RELIGIOUS BELIEFS~~
~~AND HAVE BEEN REPEATEDLY DENIED BECAUSE OF MY PROTECTIVE~~
~~CUSTODY STATUS, NOW I AM ASKING TO COMMUNIAL WITH THE THE~~
~~CHURCH THAT COMES OUT ON THE FIRST SUNDAY IN ACCORDANCE WITH~~
~~RELIGIOUS BELIEFS SINCE I AM NOT ALLOWED TO ATTEND THE SERVVICE.~~

~~I TRUST THAT THIS IS NOT ASKING TOO MUCH OF YOU TIME,~~

~~THANK YOU FOR YOUR TIME AND CONSIDERATION~~

~~LARRY RODGERS~~



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

August 24, 2007

Larry Rodgers
Register No. N53436
Stateville Correctional Center

Dear Mr. Rodgers:

This is in response to your recent request for Protective Custody placement. In accordance with DR501D, the Stateville Correctional Center notified you that your request for protective custody was denied on June 21, 2007. This office has determined that the issue will be addressed without a formal hearing.

This office notes that at the time of your request for placement on June 11, 2007, you cited the following reasons as your need for PC: enemies within the Vice Lord gang that are now being released from Tamms. They are high ranking members; Patrick Carr, Dixon (Fletcher), Audie Murphy, Gary Clark and Zello. I feel they are going to try to kill me. I fear for my life.

This office notes the offender is serving a 68 year sentence for Murder with a custody date of 1/7/88 and projected release date of 4//25/29. The grievant has been housed at the Stateville Correctional Center since 2/26/07. No clinical concerns noted.

This office reviewed the vote sheet wherein the recommendation to deny placement was approved by CAO on 6/21/07.

This office discussed the offender's concerns with the Stateville Intel Unit.

Based on a review of all available information, it is the opinion of this Chairperson that the offender *should remain in protective custody placement.*

For The Board: _____
Terri Anderson
Administrative Review Board
Office of Inmate Issues

Concurred: _____
Roger E. Walker Jr.
Director

CC: Warden McCann, Stateville CC

EXHIBIT U

NAME: LARRY RODGERS

DATE: SEPT, 23RD, 2007

NUMBER: N-53435

Warden McCann

I am writing to you becasue today i was denied access out of my cell becasue the pad lock would not open and Maintenance had to be called to cut the lock and replace it with a new one, even though I was told that i would get a tray from the chow hall, the officers never gave me anything to eat, denying me lunch and access out of my cell.

I am well aware that pad lockes on the cells are a direct violation of the Fire Code, I asked Officer Nash the Fire Officer about it and I was told to write to the Warden becasue he don't make the rules.

I am now asking to be moved out of this institution to Ponties C.,C so that I wont be secured with pad locks that work some times and other they don't, I can go to school, attend religious services and wont be exposed to my emenies.

I have asked Counslor Baldwin to pu tme in for a Transfer, But I was told becasue of my Level-2 status he coannot, and that it can only be approved through the Warden.

Thank You for your time

Larry Rodgers

EXHIBIT V

DATE; OCTOBER 16TH, 2007

TO: WARDEN TERRY L. MCCANN
    STATEVILLE C.C.

FROM: LARRY RODGERS
      REG NO: N-53436
      X-HOUSE UE-03

RE: RETALIATION/UNSUPERVSISED SHAKE DOWNS:

    Warden McCann

I am writing to you because I am now being retaliated against by your staff
for exercising my constitutional Rights to Reddress, and complaining about
the conditions of my confinement, Today the shake down crew came and shook
down Level-E inmates, I asked o/c Bush why are they shaking down with the
supervision of a Sargent or above, his response was that we are high escape
risk and they don't need to be supervised.

My cell was one of nine #9 Level-E cells to be shook down, and the only one
to be completely destroyed, my property and other personal items was totlely
discarded all over the cell, booth prints all over everything as if this crew
just threw my property on the floor and walked on it.

    I hope that you will look into the conduct of your officers and ensure
me equal protection for all forms of retaliation.

           Thank You for your time in consideration.

                Sincerely

                Larry Rodgers

DATE: October 23rd, 2007


To: Terry L. McCann
    Warden Stateville C.C.


FROM: Larry Rodgers
      Reg No: N-53436
      P.O.BOX-122
      X HOUSE UN 08


RE: Unsuperivsed Shake Downs/Confiscation of Legal Documents:


    Wareden McCann,

I am writing to you becasue your staff in X-House is constantly retaliating
against me for filing Grievances and complaints in the Courts. Every since
I filed in the Northern District in RODGERS V. WALKER JR, et, al 07C5545,
I have been harrassed and or Retaliated against in the form of Unsupervised
Shake downs, Denial of access to the Courts, or Law Library and now the
Shake down crew has consifcated all legal documents in relations to
the above mention case, I was told by Mrs, Baker that I do not have a Legal
Box in store in the Law Library, and I have 1 of 4 boxes filled with legal
papers, Transcripts from my Case, case law , and legal books, this is their
way of trying to fustrate this case and or the proceeding.


    Can you call me up to your office, I have some papers that I would like
to show you concerning this case and what they(the shake down crew did to
my cell without the supervision of a Sargent or above.


           Thank you for your time in this matter


              Larry Rodgers

EXHIB  X

**NAME:** LARRY RODGERS                    **DATE:** DEC 13RH, 2007

**NUMBER:** N-53436


**CHAPLIAN SINCLERE,**

I HAVE SPOKEN WITH YOU ON SEVERAL OCCASIONS CONCERNING PROTECTIVE CUSTODY INMATES BEING DENIED CHAPLE SERVICE. I UNDERSTAND THAT YOU ARE BEING TOLD THAT WE WILL BE COMING SOON FOR SERVICES. WELL, I HAVE BEEN HERE ALMOST A YEAR AND I HAVE BEEN DENIED THIS RIGHT. I AM SURE THAT YOU HAVE REQUEST FOR OTHER INMATES WANTING THE SAME. I UNDERSTAND THAT YOU COME OVER TO X-HOUSE EVERY WEDNESDAY TO ASSIST ON EINMATE WITH HIS RELIGIOUS BELIEFS. WHY NOT HOLD SERVICES FOR ALL OF US, AS YOU KNOW THE HOSPITAL ROOM IS NO LONGER IN USE, AND IT CAN EASY HOLD THE FEW PROTECTIVE CUSTODY INMATES. I HAVE WRITEN TO THE WARDEN, SPRINGFIELD, AND TO YOURSELF AND CHAPLAIN CLAINE SEVERAL TIMES, YET, I AM BEING DENIED MY RIGHT TO PRACTICE AND HAVE CUMMUNIAL SERVICE WHILE BEING HOUSED IN PROTECTIVE CUSTODY AS THE INMATES GENERAL POPULATION HAVE SERVICES EVERY WEEK.


I HOPE THAT WE WILL AT LEAST BE ALLOWED TO ATTEND TO CHRISTMAS SERVICES.


**THANK YOU**

**LARRY RODGERS**

EXHIBY

DATE; DECEMBER 21,2007


TO; VINITA F,WRIGHT
     ASST, WARDEN OF PROGRAMS
     STATEVILLE C.C.


FROM; LARRY RODGERS
      REG NO; N-53436
      X-UW07


ASST, WARDEN WRIGHT,

   I am a Protective Custody (P.C. inmate housed in X_HOuse
and I have been Approved Protective Custody according to Warden
MCCann since April 16th,2007 I have been in Protective Custody
for seven months, and I am been denied access to the Law Library
(with exception to once in November) in which every inmate from
X-House was turned around and sent back. I am also being denied
access to work opportunity, access to communial religious services,
access to educational programs and opprotunities to recreational
opportunities like gym during the witer months  as general population.
These deprivations and penalties are placed on me only because
of my P.C.status, this is not comparable to the treatment, Programs
and opprotunities provided to Stateville general populations
inmates. why I am being treated different?

         I trust that you will look into this for me.

                    Larry Rodgers

EXHIBIT-Z

# REQUEST FOR PAYMENT

STATE OF ILLINOIS
DEPARTMENT OF CORRECTIONS

Date: 11/9  20 06

Name (print): L. Rodgers          I.D. No.: N 53436          Housing Unit: E-6-09

Please pay to: Menard Correctional Center

Address: 711 Kaskaskia St.

City: Chester          State: IL          Zip: 62033

The sum of _____ 2 dollars and _____ 06 cents

and charge to my account, for _____ Sick call

☐ APPROVED

☐ NOT APPROVED          Inmate Signature          ID No.  N-53436

          B. Crownankey

Assistant Warden/Superintendent/Designee          Witness

## REQUEST FOR PAYMENT OF POSTAGE

Postage requested
in the amount of _____ dollars _____ cents

☐ Postage Paid

DC

---

## REQUEST FOR PAYMENT OF POSTAGE

I hereby request and authorize payment of
postage for the attached mail.

_____
Inmate Signature

ID No. _____

## FOR TRUST FUND USE ONLY

Trust Fund Balance          $ _____

Less amount of payment     $ _____

Current balance after payment  $ _____

Check No. _____  Date _____

_____
Business Office

## FOR JUVENILE DIVISION USE ONLY

Received by: _____
          (Staff)          Date

Received by: _____
          (Youth)          Date

# REQUEST FOR PAYMENT

STATE OF ILLINOIS
DEPARTMENT OF CORRECTIONS

Date: 12-8 20 07

Name (print): Rodney ___    I.D. No.: N53456    Housing Unit: X U F 3

Please pay to: IDOC

Address: Route P.O. Division

City: Joliet    State: IL    Zip: 60432

The sum of ___ 2 ___ dollars and 0 cents

and charge to my account, for: music

___

☒ APPROVED    x Rodney +S___
☐ NOT APPROVED    Inmate Signature    ID No.

___ Assistant Warden/Superintendent/Designee    ___ Witness

12-13-07

| REQUEST FOR PAYMENT OF POSTAGE | |
| --- | --- |
| Postage requested in the amount of ___ dollars ___ cents | |
| ☐ Postage Paid | |

DC 828 (09/91)

## REQUEST FOR PAYMENT OF POSTAGE

I hereby request and authorize payment of postage for the attached mail.

___
Inmate Signature

ID No. ___

## FOR TRUST FUND USE ONLY 12/7/001

Trust Fund Balance    $ ___
Less amount of payment    $ 2.00
Current balance after payment    $ ___

Check No. ___ Date ___

___
Business Office

## FOR JUVENILE DIVISION USE ONLY

Received by: ___
(Staff)    Date

Received by: ___
(Youth)    Date

IL 426-0207