FILED
JAN 3 1 2008
1-31-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LARRY RODGERS,
ROBBIE J. MOORE,
    PLAINTIFF(S),

V.

ROGER E, WALKER JR,
SALVADORE GODINEZ,
GUY PEIRCE,
TERRY L, McCANN, et, al.
    DEFENANT(S),

08CV686
JUDGE DARRAH
MAGISTRATE JUDGE DENLOW

HONORABLE JUDGE PRESIDING

### MOTION FOR CERTIFICATION OF CLASS:

    NOW COOMES, The plaintiffs Larry Rodgers and Robbie J. Moore on their behalf and on behalf of all inmates who are now, or will be hereafter incarcerated within the Illinois Department of Corrections (IDOC) and on behalf of all inmates housed and kept in the X-House Protective Custody unit of Stateville C.C. and move this Honorable Court pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure for Class Certification.

    WHEREFORE, the plaintiff states;

    1) Plaintiff Larry Rodgers and Robbie J, Moore have brought several claims against Federal and State Officials for the State Of Illinois, and the Illinois Department of Corrections(IDOC) for their actions taken under color of State

PAGE 1 OF 8

and Federal Law, in violation of the United States Constitution, Illinois State Constitution, and the IDOC Rules and Regulations which plaintiff has alleged have deprived and continues to deprive plaintiff and class members of their Rights to Due Process and Equal Protection as secured by the Fourteenth(14th) Amendment to the United STates Constitution.

2) Specifically, plaintiff(s) alleges on their behalf, and on behalf of the class members that defendant(s) have wrongfully withheld plaintiff(s) and class members monthly idle pay, wrongfully passed Legislation which allows the defendant(s) to enforce unlawful and unconstitutional policies and procedures of Taxation without Repersentation when the defendant(s) incresed the sales price of 35% on Tobacco products, and 25% on non Tobacco products, Third party to a contrct when the defendant(s) passed Public Act 93-607 approving and agreeing topay the wages of their employees from the inmate benefit fund commissary funds and profits, This clarely constitutes a claim of Due Process violation under Article1.section 2. of the Illinois Constitution, and the First (1st), Fifth(5th), Eighth(8th), Fourteenth(14th) and Sixteenth(16th) Amendments to the United States Constitution.

3) Plaintiff(s) and class members further alleges that the defendant(s) have enforced illegal policies that discriminate and unconstitutionally denie without due process of law all rights avaliable for the benefit of person incarcerated within the X-House Protective Custody Unit at Stateville C.C. and that such illegal policies are a discrimination and a direct violation of the United States Constitution which deprives plaintiff(s) and Class members of their Due Process and Equal Protection Rights as secured by the Fourteenth (14TH) Amendment to the United STates Constitution when the defendant(s)

knowingly and intentionally denied plaintiff(s) and class memebrs their Right to Freedom of Religious practice, denying plaintiff and class mcembers their right to be free from cruel andunusual punishment in the conditions of their confinement, for denying plaintiff(s) and class members adequate medical treatment, for denying plaintiff and class members adequate and meaningful access to the Courts and Law library, and adequate living conditions, in violation of their First (1st),Fifth (5th),Sixtth (6th),Eighth(8th) and Fourteenth (14th) and Sixteenth(16th) Amendment Rights to the United States Constitution.

4) Plaintiff(s) pro,se complaint request class certification,Declaratoary and Injunctive Relief for the Class and Demages for the Plaintiff(s).

5) Plaintiff(s) who has been confined in other institutions are currently assigned to Stateville Correctional Center Protective Custody,while members of the perspective class members are dispersed throughout the State Of Illinois

6) Plaintiff(S) on behalf of the class now seek class certification, all proposed class members claim that Illinois Federal and State Officials have deprive,and continue to deprive all prisoners of their Equal Protection Rights of the Law as secured by the Fourteenth (14th) Amendment.

7) In Order to maintain a class action, A plaintiff must first meet the requirements set forth in the Federal Rules of Civil Procedure 23(a).

8) One of more members of the class may sue as representative parties on the behalf of all only if...

(a) The class is so numerous that joinder of all parties is impracticable.

(b) There is Questions of Law or Fact common to the Class.

(c) The claims of the representive party are typical of the claims of the class;

(d) The representive parties will fairly and adequately protect the interest of the class.

9) NUMEROUSITY. The issue of Numerousity turns on the impracticability of joinder of the parties. Fed.R.Civ.Pro 23(a)(1). However, "Impracticable" under Rule 23(a)(1) does not mean impossible, <u>GOMEZ V. ILLINOIS STATE BOARD OF EDUCATION 117 F,R.D. 394 (N,D,Ill,1987) see also, 7a WRIGHT,MILLER AND KANE, FEDERAL PRACTICE AND PROCEDURE, SECTION 1762,(1986).</u> The Numersoity requirement is met if joinder is difficult or inconvenient.

This Honorable Court may consider several factors, including the nature of the relief sought, the ability of the litigant to maintain their own claims, The practicability of enforcing relitigation of common core issue, the size of the class and the geographic disperion of it's members. <u>WHITE V.SUNSTRAND Cor, 1999 U.S.Disct.Lexis 15091 *1,*8 (N.D.Ill 1999).</u> There is approzimately 50,000 or more potential class members that have been effected by this unlawful conspiracy seeking declaratory and Injunctive relief from the defendant(s) who have conspiried to violate their constitutionally protected Rights. the potential class moembers are dispersed throughout the State of Illinois, Due to the geographic disperion of the parties, the impossibility of

individual claims and impracticility of enforcing relitigation of the same core issue, joinder of the parties will be difficult and inconvenient, accordingly,plaintiff(s) has satisfied the numersoirty requirement of class certification.

10) **COMMONALITY:** Plaintiff(s) needs to demonstrates that at least one question of Law or Fact in common to all class memebrs. WALTERS,et,al. V. THOMPSON, 615 F.Supp,330,333 (N.D.ILL 91985),also see, HONORABLE V EAST LIFE REAL ESTATE Sym, 182 F.R.D.553 (.N.D,ILL 1998) Difference in the degree of injury "Rarely prohibits a class action if the class members claims posses Factual and Leagl commonality" GARY V.SHEAHAN, 1999 U.S.Disct,Lexis 5616. *1,*5 (N.D.ILL 1999). However, the potential class members in fact share a common question of Law and Fact; whether the defendant(s) denied prisoners in the (I.D.O.C) the Equal Protection of Law in violation of their Foureenth (14th) Amendment Rights, Therefore, plaintiff(s) have satisfied the Commonality requirement 6f Fed,R.Civ.Pro.23(a).

11) **TYPICALITY:** PLaintiff(s) claims are typical  1. if they arise from the same event of practice or course of conduct that gave rise to the claims of the other class members, and 2. if the claims are based on the same legal theory, JACKSON V. SHETTLE,et,al. 1990 U.S.Dist, Lexis 20803,*1,*6 (N.D. ILL 1990) aff'd SMITH V. SHETTLE. 946 F.2d 1250 7th Cir,1991) plaintiff(s) alleges the defendant(s) have wrongfully and repeatedly in conspiracy, collusion and corroboration with other defendant(s) to confiscate plaintiff(s) and class members idle state pay under Eighth different illegal reasons all of which are unauthorized by Illinois State Law and defendant(s) own Rules and Regulations under the disguise of (1) Restitution payments. (2) Segregation confinement.

(3) $2.00 Medical Co-Payment, (4) Xerox Copy.(5) Legal Mail Cost.(6) Instutional Lockdowns,(7) Institutional Transfers, and (8) Court filing fees even though no language in the Law authorizes the defendents to withhold plaintiffs and class memebrs idle state pay , plaintiff(s) and class memebrs further alleges that the defendant(s) have discrimnated against all prisoners in X-House protective Custody their rights under the United States Constitution of Freedom of Religion, The Right to Educational and Vocational opportunities to earn Good Time Credits for the completeion thereof, and the right to be free from Cruel and unusual punishment in the conditions of their confinement. in violation of their First (1st),Fifth(5th) Eighth(8th) and Fourteenth (14th) Amendment Rights to the United States Constitution.

12) Plaintiff(s) and class members further alleges that they are routinely and systematically deprived without Due Process of Law their Rights under the Fourteenth (14th) and Sixteenth (16th) Amendment to the United States Constutution when the defendant(s) deprived plaintiff(S) and class members representation before Taxation and other opportunities available for the benefit of persons incarcerated in the Illinois Department of Corrections (IDOC) each of the propsed class members have claims that stem from the routine denial (Without Due Process) of the Rights. Each of the proposed class members seek Declaratory and Injunctive Relief for the Deprivation of Equal Protection of the Law as secured by his/her Fourteenth (14th) Amendment Rights to the United STates Constitution. Accordingly, the Plaintiff(S) have satisfied the Typicality requriement of Rule 23(a).

13) <u>ADEQUACY OF REPRESENTATION:</u> adequacy of representation "Seeks to uncover confilcks of interest between named parties and the class they seek to repersent.<u>Am CHEM PROD, Inc, V. WINDOR, 521 U.S. 591,613 (1997).</u>

The adequacy of representation requirement has three elements:

(1) The chosen class representative cannot have antagonistic or conflicting claims with other members of the class.

(2) The named representative must have sufficent interest in the out come to ensure vigorous advocacy, and

(3) Counsel for the names plaintiff(s) must be competent, experienced, and Qualified and generally able to conduct the proposed Litigation vigorously.

Honorable, 182 F.D.R.553. also see, WILLIMAS V. LANE, 851 F.2d, 867 (7th Cir 1988). Plaintiff have suffered the same, and continue to suffer the same violations of Rights as the Potiential Class members, Plaintiff(s) does not have any conflicting or antagonistic claims to those of the proposed class members. Plaintiff(S) are not represented by Counsel at this early stage of the litigation, But has actively sought competent representation amongst several Lawyers and Law Firms (See Motion for Appointment of Cousel).

14) Once the Four prerequisities of Rule 23(a) have been met, the potential class must also satisfy at least one of the provisions of Fed,R.Civ,Pro 23(b);

(2) The parties opposing the class acted or refused to act on grounds generally applicable to the class, thereby making final Injunctive or Declaratory relief with respect to the class as a whole; or

(3) The Courts finds that the questions of Law or Fact common to the

members of the class predominated over any question effecting only individual members, and that a class action is Superior to other avilable methods for the fair and effecient adjudication of the controversy.

The defendant(s) actions and Omissions show that they have acted on grounds generally applicable to the proposed class members, Defendant(s) have wrongfully and systematically deprived without Due Process of Law plaintiff(s) and Class Members Rights under the First (1st), Fifth (5th) Sixth (6th) Eighth(8th) Fourteenth (14th) and Sixteenth (16th) Amendments to the United States Constitution, and has allowed such deprivation to effect every inmate in the Illinois Department of Corrections on one aspect, and every inmate Housed and kept in X-House Protective Custody unit of State ville C.C. Therefore, Final Injunctive Relief is appropriate in light of the actions taken against the plaintiff(s) and class members throughout the Illinois Department of Corrections.

The plaintiff(s) have satisfied Fed,R.Civ.Pro 23(b)(2) additionally, the common question of Law or Fact as to whether plaintiff(s) and class members Constitutional Rights were Violated as a result of the defendant(s) actions predominate over any individual questions, The class members can clearly show that they have suffered the same violations of their Fourteenth(14th) Amendment Rights as the Plaintiff(s) at the hands of the defendant(s).

The potential class mmeber seek collectively Injunctive and Declaratory relief to ensure that they will not be subjected to the same unconstitutional conditions in their confinement in the future.

Plaintiff(s) have also satisfied the requirements of Fed.R.Civ.Pro.23(b)(3).

　　　　WHEREFORE, Plaintiff(s) request this Honorable Court grant this Notion for certification of Class.

　　　　　　　　　　　　　　　　_Larry Rodgers_
　　　　　　　　　　　　　　　　LARRY RODGERS pro, se, et, al
　　　　　　　　　　　　　　　　PAGE 8 OF 8