FILED *MHK*

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAN 3 1 2008 *aew*
1-31-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

LARRY RODGERS
ROBBIE J,MOORE,
     PLAINTIFFS,'

    V.

ROD BLAGOJEVICH,
LISA MADIGAN,
ROGER E,WALKER JR,
TERRY L, McCANN,et,al.
    DEFENDANT"S,

08CV686
JUDGE DARRAH
MAGISTRATE JUDGE DENLOW

Honorable Juedge Presiding:

---

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF(S) MOTION FOR
A TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION:

    Plaintiff(S) submit this Memorandum of Law in Support of their Motion

for Preliminary Injunction and a Temporary Restraining Order.

This is a Civil Rights Action filed under 42 U.S.C. §1983, §1985(3),§1986

and 2000CC asserting claims of Conspiracy,Fruad, Embezzlement and Religious

Discrimination, in violation of plaintiff(S) and class members First (1st)

**Sixth** (6th) Eighth (8th), Fourteenth (14th) and Sixteenth (16th) Amendments

to the United States Constitution.

    Plaintiff(s) seek Damages as to all claims, and Preliminary Injunction,

and Temporary Restraining Order for the Class Members.

WHEREFORE, plaintiff(s) states the Following;

## .I. STATEMENT OF FACTS:

The complaint alleges that the plaintiff(S) and class members have been deprived and continue to be deprived of their Monthly idle pay, and other Monies devired from 40% of the commissary Funds and Profits by way of Conspiracy Fruad and Embezzlement, and that plaintiff(s) and class members in X-House Protective Custody are denied Equal Protection and Due Process becasue of their Protective Custody Status, the actions of defendant(s) has caused plaintiff(s) and class members hardship and undue Burdens by the Named Defendant(s) that are Local State and Government Employees who are considered to Act under the color of State and Federal Law or while exercising their Responsibilities pursuant to State law.

## .II. ARGUMENT

In determining whether a Preliminary Injunction and Temporary Restraining Order should issue, this Honorable Court must consider whether the party seeking the Injunction and T.R.O. has demonstrated that:

1) It has a reasonable likelihood of success on the Merits of the underlying claims;

2) No adequate remedy at Law exists;

3) Plaintiff(s) and class members will suffer irreparable harm if the Preliminary Injunction or T.R.O. is Denied.

4) The irreparable harm the party will suffer without Injunctive relief is greater than the harm the opposing party will suffer if the Preliminary

Injunction or T.R.O. is granted; and

5) The Preliminary Injunction and T.R.O. will not harm the Public interest. TY Inc, V. JONES GROUP,Inc, 23 F.3d 891,895 (7th Cir,2001) PLATINUM HOME MORTAGE Corp, V. PLATINUM FIN, GROUP, Inc, 149 F.3d,722,726 (7th Cir,1998).

A) THERE IS REASONABLE LIKELIHOOD THAT PLAINTIFF(S) WILL SUCCEED ON THE MERITS OF THE CASE:

1. The threshold for showing a reasonable likelihood of success is low, However, Plaintiff(s) need only demonstrate a "Better than Negligable chance of succeeding". COOPER V. SALAZAR, 196 F.3d 809,813 (7th Cir 1999). Here,the plaintiff(s) is likely to previal on the merits, the Eighth Amendment forbids Cruel and Unusual Punishment; and they may not conspire for the purpose of depriving a person or class of persons of Equal Protection of the Law,42 U.S.C §1985(3) or have knowledge that a conspiracy is taking place or being committed and does nothing about it.

In the case at bar, Defendant(s) where all notified concerning their actions and the actions of their subordinate which violates plaintiff(s) and class members constitutional Rights and were asked

to use their executive Authority to
rectify the circumstances given rise
to this lawsuit, HILDEBRANT V. ILLINOIS
DEPARTMENT OF NATURAL RESOURCES, 347, F.3d
1014, 1039 (7th Cir 2003). It is well
established that public officials and
employees act under the color of State
Law while acting in his or her official
capacity or exercising their Authority
and responsibilities pursuant to State
Law. WEST V. ATKINS, 487 U.S. 42, 50, 180
S.Ct, 2250(1988) accord, MONROE V. PAPE
365 U.S. 167, 184, 81 S.Ct 473 (1961).
This is true even if the employees is
abusing or exceeding his or her Authority
or continuly violating the law. "Monroe
V. Pape, 365 U.S.at 184, quoting, UNITED
STATES V. CLASSIC, 313 U.S. 325, 326(1941);
accord, WEST V, ATKINS, 487 U.S at 50:
BROWN V. MILLER, 631 F.2d, 408, 411 (5thCir
1980). The supreme Court has also equated
"Color of Law" with the "Pretense" of
Law, SCREWS V.UNITED STATES, 325 U.S.91,
111, 65 S.Ct, 1031 (1945), accord, DANG
VANG V. VANG XIONG, TOYED 944 F.2d 476,
479 (9th Cir 10991) Public elected officials
and prison personnel clearly exercise

official power in their dealing with
prisoners, so color of law is rarely an
issue in prison cases, people who work
in prisons or proform required services
for prisoners act under color of State
Law even if they are private contractors
and not employees. HOWELL V. EVENS,922
F.@d,712 723-24 (11th Cir)vacated as
Settled,931 F,2d 711(11th Cir,1991)
MITCHELL V. ALUISU, 872 F.2d, 577,580
(4th Cir, 1989):ANCATA V.PRISON HEALTH
SERVICES. 769 F.2d 711(11th Cir 1991).
Here, as the plaintiff(s) complaint
alleges, plaintiff(s) and class members
are repeatedly denied their monthly
idle pay allowance of $10.00 by the Named
defendant(s) in this complaint, as said
Defenant(s) have implemented their unlawful
policies of Lockdowns, Segregation,Legal
fees, Restitution, $2.00 medical payment,
Institutional Transfers, copy cost, and
Legal Postage,  Plaintiff(S) and class
members have repeatedly requested to
the defendant(s) through written complaints
and Administrative Grievances, most of
the defendant(s) have denied comments or
stated it is beyond this institutions
control or jusidiction, the defendant(s)

knew that this policy violates plaintiff(s)

and class members constitutional Rights and

poses hardship and undue burdens on the

plaintiff(s) and class members, Nevertheless,

the defendant(s) have failed to ebate the

constitutional violations alleged in the

complaint, they have refused to privide

plaintiff(s) and class members with any

explaination on how or why these monies

are being taken or where these monies

are going to if not to the plaintiff(s)

and class members as appropriated and

or Mandated in Public Act-93-607. the

defendant(s) also refuse to provide plai-

ntiff(s) and class members assigned to

X-House Protective Custody all Rights

and Privileges as inmates in general pop-

ulation in violation of their First (1st)

Fifth(5th),Sixth(6th),Eighth (8th),Fourt-

eenth (14th) and Sixteenth(16th) Amendments

to the United States Constitution.

B. PLAINTIFF(s) AND CLASS MEMBERS FACE
   A SUBSTANTIAL THREAT OF IRREPARABLE HARM:

2. Irreparable harm will continue unless

   an injunction in this case is granted,

   as a result of being denied monthly

   idle pay,and monies devired from 40% of

from inmates commissary Funds and profits
accured for the special benefit of the
committed person, plaintiff(s) and class
members have suffered and will continue
to suffer physical and mental injuries,
denial of access to Families,Mailing
letters to family members with no phone,
and unable to pay adequate postage,Many
class members suffer the same if not
greater injuries than the plaintiffS,
issues of divorce,child cusodty and
child and spousal support, not limited
to the deprivation of basic human needs
like sanitation and adequate hygiene
products, Plaintiff have suffered hair
and tooth lose, skin irretation from the
use of industrial products,headaches,
lethargy, depression and at times the
willingless to end ones life without
family support, Plaintiff have received
some medical treatment from the use of
inadequate products, as well as multipal
physic treatments and medications.
The Courts have recognized long term
incarceration under conditiona that vio-
lates the constitution were inmates are
housed without adequate Medical,Dental
Access to their Religious beliefs,

Educational, Vocational, Drug and alochol
opportunities can aggravate or even
cause a variety of psychiatric symptoms,
these continued deprivations subject
plaintiff(s) and class member to
experience Depression, Despair, Anxiety,
Rage, Claustrophobia, Hallucination,
problems with impulse control, and an
impaired ability to think, concentrate,
Communicate effectively, or even
remember, Illinois Law makers authorizing
Tax increases in these prisons and Budget
cut for prison constructions portray
these prisons as correctional Facilities
and a way to safely confine and rehab-
ilitate the most violent and dangerous
prisoners, all the while Illinois
Department of Corrections is wearhousing
prisoners for **MILLIONS OF DOLLARS A YEAR**,
while misappropriating a large portion
of the funds and telling the Taxpayers
and the prisoners that there is no
Funding for programs and Education which
Rehabilitates the prisoners, when
**REHABILITATION SHOULD BE OF THE HIGHEST**
**PRIORITY.** How can the Illinois Department
of Corrections continue to recieve
State and Federal Funding for Rehabilit-

ation of it's prisoners and continue to turn out defective prisoners each year. The justice Department has indicated that 66% of Prisoners entering the Illinois Department of Corrections are Drug and Alcohol users, Yet, very little funding is Appropriated for rehabilitational programs which include Drug and Alcohol Educational, and Vocational Programs. This shows that these inmates are in fact not the most dangerous and violent, But are largely the most vulnerable prisoners with reversable addictios who tend to end up in protective custody, and or Segregation, most are mentally ill, or have addictions, learning disabilities, and cannot function in general population or are illiterate and have difficulties in following prison Rules, and are most likely to be written up for disciplinary infractions.

On December 15th, 1970, The People of the State of Illinois adopted a new Constitution, It represented the Spirit and the will of the People of this State; thereby, binding all within this State to it's pronouncements, What does the Law for the State of Illinois say in

regarding the Rights of Offenders of the Law?  Does Due Process and Equal Protection of the Law apply? and if so, who bears the duties and responsibilities for enforcement of the Law? **ARTICLE 1. SECTION .11 OF THE ILLINOIS CONSTITUTION:** Based upon this section alone, it may be argued that the convicted felon has a constitutional Right to Restorative Justice; A Right clearly recognized and enforced by the Courts.

Plaintiff(s) and class members have reported their injuries and other concerns to defendant(s) in administrative Grievances and complaints, putting the defendant(s) on notice of the harm caused by their actions, Nevertheless, the defendant(s) have refused to change their illegal policies, Procedures and as a result, Plaintiff(S) and class members willcontinue to face a substantial risk of irrearable harm as long as they are confined under the conditions that are enforced by the defendant(s) throughout the Illinois Department of Corrections. Any remedy at Law for the plaintiff(s) and class members would be inadequate Due to the number of years this conspiracy

Fruad, Embezzlement and Discrimination
has taken place.

The Seventh Circuit has explained that
in the context of a Motion for a Pre-
liminary Injunction the term inadequate
does not mean holly ineffectual, But
rather seriously deficient as a remedy
for the harm suffered. ROLAND MACH,Co
V. DRESSER INDUS,Inc, 749, F 2d 380
386,(7th Cir, 1984) Here, any after fact
remedy for the harm suffered by the pla-
in tiff(s) and class mebers would be
seriously deficient, see, JOLLY V.
COUGHLIN, 76, F 3d, 468,482 (2nd Cir,
1996) (Finding that the plaintiff suffered
irreparable harm that cannot be adequately
compensated Monetarily) Federal Statutes
and case Law restrict the availability
of damages to  prisoners in civil Right
Suits, Damages for adverse affect of this
type of suit,particularly when the plain-
tiff(s) are unrepresented by Counsel,
Preliminary Injunction Relief is appro-
priate to correct this ongoing const-
itutional Violation.

C. THE THREATENED HARM TO THE PLAINTIFF(S)
AND CLASS MEMBERS OUTWEIGHS ANY HARM
THAT THE INJUNCTION MAY CAUSE THE DEFENDANT(S);

3. The threat of harm to the plaintiff(s)
and class members outweighs any harm that
might result to the defendant(S) by
a Preliminary Injunction or T.R.O as
this Memorandum has explained,
Plaintiff(s) and Class members in the
Department of Corections "Stateville"
are exposed to immanient danger in the
conditions of their confinement and to
an ongoing conspiracy which results in
a substanstial risk of irreparable
harm to the plaintiff(s) and class mem-
bers as a whole, The relief that the
plaintiff(s) and class members seek are
essentially an Order compelling the
defendant(s) to preform their preexisting
duties under the United States Constit-
ution, see, FARMER §11 U.S. at 832,33.
The proposed relief is narrowly tailored
to remedy the ongoing constitutional
violations of the plaintiff and class
members constitutional Rights and to
prevent the occurrence of continueous
irreparable harm in the Future,SEE
18, U.S. 3626 (a) It will not cause the

Defendant(s) any Harm.

**D. THE PUBLIC INTEREST WILL NOT BE DISSERVED
BY THE GRANT OF A PRELIMINARY INJUNCTION OT T.R.O.**

4. Plaintiff(s) seeks a Preliminary Injunction
and T.R.O to protect their's and the
Class members constitutional Rights under
the First (1st) Fifth(5th) Eighth(8th)
Fourttenth (14th) and Sixteenth (16th)
Amendments, As a general matter, the
Public's interest is always best served
by protecting the constitutional Rights
of all it's Members, REINERT V. HASS,
585 F Supp, 477,481 (S.D.IOWA 1984).
also see, SPARTACUS YOUGTH LEAGUE .V
BOARD OF TRUSTEES, 502 F,Supp, 789,804
N,D,ILL, 1980) Finding that, "The
ultimate Public interest lies in the
Protection of the Constitutional Rights
which Plaintiff(s) Asserts". The public
interest is not served by the defendant(s)
current unlawful practice of subjecting
prisoners throughout the State of Illin-
ois to the deprivation and Discrimination
of their constitutional Rights.

**E. THE PLAINTIFF(S) SHOULD NOT BE
REQUIRED TO POST SECURITY:**

5. Plaintiff(s) contends to the fact that

usually a litigant who would obtain interm

injunctive relief, is required to post

security, However, in the case at Bar,

the Plaintiff(s) are indigent prisoners

and unable to post security, this

Honorable Court has the descrection to

excuse an impoverished litigant from

posting security, ORANTES-HERNADEZ V.

SMITH, 541 F.Supp, 351,358 N.30 J.L.

V. PARHAM, 421 F,Supp, 112, 140, In view

of the serious nature of this proceeding,

This Honorable Court should grant the

relief requested without the posting of

security.

### CONCLUSION:

For the foregoing reasons stated in this Memorandum of Law, the plaintiff(s)
request this Honorable Court to Order the Defendant(s), their Successors, Agents,
Employees and all other persons acting in concert with them to provide plaintiff(s)
and class members monthly idle pay in which they are legally entitled to by Law.

It is Further Ordered that the defendant(s) SHALL not withhold, Embezzle,
Divert or Misappropriate the Funds from 40% inmates commissary funds and
profits to pay the wages of their dietary and commissary staff as such monies
are for the special benefit of the committed person.

It if Further Ordered that the defendant(s) shall provide Protective Custody
at Stateville correctional center X-House unit with the same Rights and

privileges as inmates in general population in the conditions of their confinement.

WHEREFORE plaintiff(s) pray.

LARRY RODGER, PRO SE N-53436

/s/ *Larry Rodgers*

ROBBIE J. MOORE B-16483

/s/ *Robbie J. Moore*

P.O. BOX-112
JOLIET, ILL 60434