

**FILED**
JAN 3 1 2008
1-31-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LARRY RODGERS
ROBBIE J. MOORE
    PLAINTIFF(S)

VS.

ROGER E. WALKER JR, et, al.
    DEFENDANT(S)

08CV686
JUDGE DARRAH
MAGISTRATE JUDGE DENLOW

JURY TRIAL DEMANDED

MEMORANDUM OF LAW IN SUPPORT OF THE
PLAINTIFF(S) MOTION FOR THE APPOINTMENT OF COUNSEL;

.I. STATEMENT OF THE CASE

    This is a Civil Right Action filed under 42 U.S.C.§1983, 42 U.S.C. §1985(3) and 2000 CC Religious Land Institutionalized persons Act by state prisoners asserting claims of Conspiracy, Fruad, Embezzlement, Discrimination, Denial of Medical Treatment, Access to Courts/Law Library and trained legal assistance, Denial of Educational and Vocational Programs, Indoor Recreation, Religious Exercise, and Denial of Due Process and Equal Protection.

    Plaintiff(S) seek demages to all claims, and Injunctive relief for the class members to ensure their constitutional Rights to Equal Protection and Due Process comport the U.S.Constitution now and in the Future.

.II. STATEMENT OF FACTS:

The complaint alleges that plaintiff(s) and class members have been deprived and are continue to be deprived of their Monthly idle pay, and monies devired from 40% of commissary Funds and Profits by way of conspiracy, fruad and Embezzlement,, plaintiff(s) and class members further allege that protective custody inmates in X-House are being discriminated against by defendant(s) (prison officials) by way of denying protective custody inmates opportunities and programs as provided to inmates in general population, Namely, being denied Educational and Vocational programs which create a liberty interest created by regulations requiring programs and housing opportunities for protective custody inmates, and denial of work assignments and State law entitlement to Good-Times, the plaintiff and class members of X-House allege denial of in door recreation, and denial of Religious exercise and opportunities, and Denial of adequate medical care as provided to general population inmates and other Hazardous and unsafe conditions which has caused plaintiff(s) and class members hardship and undue burdens in the conditions of their confinement by the named defendant(s) that are State employees and local Government and are considered to act under the Color of State Law or while exercising their authroity and responsibilities pursuant to State law.

### .III. ARGUMENT:

In deciding whether to appoint counsel for indigent litigants, the court should consider "The Factual Complexity of the case, The ability of the indigent plaintiff(s) to investigate the facts, The exisstance of conflicting testimony The ability of the indigent to present their claim(S) and the Complexity of the Legal issue" ADBULLAH V. GUNTER, 949 F.2d.1032,1035 (8th Cir,1991) (Citation omitted)certmdenied, 112 S,Ct,1995 (1992) In addition, Courts have

suggested that the most important factor is whether the case appears to have merit. COOPER V. SARGENT, Co, Inc, 877 F.2d, 170, 173 (2d Cir, 1989). Each of these factors weighs in favor of appointment of counsel in this case.

A) <u>FACTUAL COMPLEXITY</u>:

1. The plaintiff(s) and Class members allege that they are denied their monthly idle pay by the named defendant(s) who implemented their unlawful policies of prison lockdowns, Segregation confinement, Restitution payments, $2.00 Medical co-payments, Institutional transfers, Legal mailing, Copy fees, and court filing fees. plaintiff and class members further allege that the defendant(s) being represented by the Illinois General Assembly, entered into a collective bargaining agreement, electing to use portions from the inmates benefit funds and profits to pay the wages of their employees at the commissary and dietary facilities throughout the State of Illinois. plaintiff(s) and class members further allege that prison officials at Stateville C.C. are acting with discrimination against protective custody inmates not providing educational and vocational programs, indoor recreation during the winter months, access to the Courts and

law libraray and trained legal assistance, denail of adequate medical treatment, work assignments and Religious services and other opportunities that are Hazardous and unsafe in the conditions of their confinement. The plaintiff(s) also allege that prison officials were on notice of these violations which deprive them of their Rights, and that they were on notice of these violations of Court Orders and or consent decrees set up by the Court in an injunctive settlement, i,e. <u>WILLIAMS V. LANE 851, F.2d 867 (7th Cir, 1988) and LEWIS, et,al V. WASHINGTON,</u> despite this, prison officials have done nothing to ebate the conditions effecting plaintiff(s) and class members in Stateville C.C. X-house protective custody unit, and or the discriminating practicies since the Order or decree, nor have they the defendant's responded appropriately to the allegations of Fruad, Conspiracy and Embezzlement even after they had knowledge, the sheer number of claims and the defendant's make this a factually complext case, In addition, one of the plaintiff(s) claims involves the denial of medical case,

It will probably be necessary to present a Medical expert witness or to cross examine any Medical witness called by the defendant(s) or both, The presence of Medical or oother issues requiring expert testimony suppport appointment of counsel.<u>MOORE V. MABUS 967 F.2d,268,272 (5thCir1992) JACKSON V. COUNTY McLEAN, 953 F.2d 1070,1073 (7th Cir 1992); TUCKER V. RANDALL, 948 F.2d 388,392,(7th,Cir 1991).</u>

## 2. PLAINTIFF(S) ABILITY TO INVESTIGATE:

B. The plaintiff(s) are housed in protective custody, due to their claims of discrimination,the plaintiff(s) have no ability to investigate the facts, for example,they are unable to identify locate and interview inmates who were housed in near by cells,or ones that have been transfered for complaining about their living conditions,and or witnessed the conditions and mistreatment, nor are the plaintiff(s) able to interview other inmates that are housed in other institutions that are subjected to the misappropriation of their monthly idle pay,as well as the 40% profit devired from the sales

of commissary Funds and profits that are being used to pay the wages of IDOC staff. Many of the prisoners that complain of their conditions of confinement to prison officials and the Courts are usually transfered to institutions like Menard C.C or even Tamms SuperMax, most or forced to sign out of protective custody, a factor that several courts have cited in appointing counsel. <u>TUCKER V. RANDALL, 948 F.2d 388, 391-92 (7th,Cir,1991); GATSON V. COUGHLIN 679 F.Supp 270,273 (W.D.N.Y 1988; ARMSTRONG V. SNYDER, 103 F.K.D. 96,105 E.D.Wis,1984)</u>, In addition, this case will require considerable discovery concerning the identity of witnesses, Institutional Administrative Diractive, institutional policies, rules and regulations, Statements from officers, Employees, and the defendants statements about the incident(s), the history of these prisons procedures and or officials with prior misconduct, the plaintiff(s) medical history, see <u>TUCKER V. DICKEY 613 F.Supp, 1124,1133-34, (W.D.Wis,1985)</u>. Need for discovery supported appointment of counsel.

3. **CONFLICKING TESTIMONY:**

    C. The plaintiff(S) account of this Conspiracy Fruad, Embezzlement and discriminatory conduct, as stated in their complaint may cause conflict with prior court Order(s) or consent decrees, as well as the defendant)s) statements verses the plaintiff(s) and class members statements. this aspect of the case will a credibility contest between the defendant(s) and the plaintiff(s) and class members, The existance of these credibility isues support the appointment of Counsel. GATSON V. COUGHLIN, 679 F.Supp, 270, 273 (W.D.N.Y) 1988).

4. **THE ABILITY OF THE INDIGENT PLAINTIFF(S) TO INVESTIGATE THEIR CLAIMS:**

    D. The plaintiff(s) are indigent prisoners with no legal training, a factor that supports the appointment of counsel. WHISENANT V, YUAM 739 F.2d, 160, 163 (4th Cir 1984). In addition, the plaintiff(s) are confined to protective custody with no access to legal Materials. RAYES V. JOHNSON 969 F.2d, 700, 703-04 (8th Cir 1992) (Citing lack of ready access to a law library as a factor supporting appointment

of counsel. However, once the plaintiff(s) file this complaint, the defendant(s) will transfer them, this is their attempt to prevent the plaintiff(s) from presenting their claims.

**5. LEGAL COMPLEXITY.**

E. The large number of defendant(s) whom all are supervisory prison and State Officials presents complex legal issues of determining which defendant were sufficiently personally invovled in the discrimination, Due Process and Equal protection violations to be held liable, In addition, the plaintiff(s) has asked for a Jury Trial, which requires much greater legal skills than the plaintiffs have or can develope. **ADBULLAH V. GUNTER 949 F.2d, 1032, 1036 (8th Cir 1991).** Citing Jury Trials as a factor supporting the appointment of counsel, cert, denied, 112 S.Ct, 1995 (1992).

**6. MERIT OF THE CASE:**

F. The plaintiff(s) allegations, if proven, clearly would establish multipal constitutional violations, the unprovoked discrimination alleged in the complaint and allegations of Conspiracy, Fruad, Embezzlement clearly states a violation of due process Rights, **HUDSON V. McMILLIAN,**

112, S,Ct,995,1000(1992) The allegations of denial of Medical care amounts to intentionaly interfering with treatement once prescribed. Which the supreme Court has specifically cited as an example of unconstitutional deliberate indifference to prisoners medical needs. <u>ESTELLA V. GAMBLE.</u> 429, U.S.97,105,97 S,Ct,285(1976). The unjustifiable, and unprovoked actions of the defendant(s) against the plaintiff(s) and class members are plain violations of Due Process and Equal Protection. On it's face, this is a meritorious case.

### CONCLUSION:

For the foregoing reasons, the plaintiff(s) pray that this Honorable Court grant the plaintiff(s) Motion for appointment of counsel in this case.

/s/ _Larry Rodgers_

LARRY RODGERS N-53436
P.O.BOX-112
JOLIET, ILL 60434

/s/ _Robbie J. Moore_

Robbie J. Moore B-16483
P.O.BOX-112
JOLIET, ILL 60434