IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTEN DIVISION

MHW

Robbie J. Moore
    Plaintiff,

vs.

Rod Blagojevich, et al.,
    Defendant's.

Case No. 08C 686
Honorable
John W. Darrah
Judge Presiding

FILED
APR 2 8 2008
4-28-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## MOTION FOR EXTENSION OF TIME AND REQUEST FOR SEPERATION

    Plaintiff, Robbie J. Moore, pro-se, hereby request that this Honorable Court grant him a thirty (30) day extension of time, in which to amend his complaint from May 11, 2008, to and including June 10, 2008. Plaintiff further request that he be seperated from Larry Rodgers # N-53436 in this cause of action.

    An Affidavit in support of this motion is attached hereto.

April 18, 2008.

/s/ Robbie J. Moore
Robbie J. Moore
I.D. #B-16483

STATE OF ILLINOIS   )
                    ) SS.
COUNTY OF WILL      )

FILED
APR 28 2008
4-28-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# AFFIDAVIT

Robbie J. Moore, being first duly sworn upon oath, deposes and states as follows:

1) That I am a pro-se, plaintiff in this cause of action, currently incarcerated within the Illinois Department of Corrections, facility of Stateville, under registered number B-16483.

2) That on April 11, 2008, Honorable John W. Darrah, issued a docket entry; ordering the plaintiff to file an amended complaint within 30 days of the date of his order.

3) That on April 11, 2008, Honorable John W. Darrah, further granted plaintiff leave to proceed in forma pauperis, and orderd plaintiff's place of incarceration to deduct $1.50 from plaintiff's account as an initial partial filing fee.

4) That on April 11, 2008, Honorable John W. Darrah, denied plaintiffs motion for appointment of counsel;

-1-

injunctive relief, and class certification.

5) That on April 11, 2008, Honorable John W. Darrah, ordered the clerk to forward an amended complaint form and instructions for filing. As of the drafting of this affidavit; plaintiff has not received the filing instructions nor the amended complaint form.

6) That plaintiff Larry Rodgers # N-53436, has failed to provied this plaintiff with a copy of the original complaint filed, and after the filing of this action; Larry Rodgers has been transfered to the Pontiac Correctional Center, thus this plaintiff is prohibited from ensuring that Larry Rodgers properly states a claim upon which relief may be granted; in the amended complaint.

7) That due to the fact that plaintiff is prohibited from adequately expressing his input into the amended complaint, and to ensure that plaintiff is not issued one (1) of his three (3) allotted dismissals under 28 U.S.C. §1915(g), this Honorable Court should grant his request for seperation, and further grant him leave to file his own amended complaint.

8) That the clerk of the court should afford this plaintiff with a copy of the original complaint, and as

-2-

- ordered; filing instructions and amended complaint form.

9) That this motion is not for the purposes of delay; but is being made soley to ensure that plaintiff's interests are adequately protected.

10) That this petitioner respectfully prays that this Honorable Court grants his thirty (30) day extension of time; to and including June 10, 2008, and further grant his request to be seperated and allowed to file his own amended complaint.

FURTHER AFFIANT SAYETH NOT.

*Robbie J. Moore*
Robbie J. Moore
#B-16483

Case 1:08-cv-00686   Document 18   Filed 04/11/2008   Page 1 of 2

Order Form (01/2005)

## United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 686 | 4-11-08 DATE | 4-11-08 |
| CASE TITLE | Larry Rodgers (N-53436) v. Rod Blagojevich | | |

Plaintiff's motion for leave to proceed *in forma pauperis* [3], [4] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $1.50 from plaintiff's account as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Pontiac Correctional Center. However, summonses shall not issue. The current complaint is dismissed without prejudice to plaintiff filing an amended complaint within 30 days of the date of this order. Failure to submit an amended complaint in 30 days will result in dismissal of this case. Plaintiff's motions for the appointment of counsel, class certification, a temporary restraining order, and a waiver of the requirement to provide copies, [5], [6], [7], [8], are denied. All other pending motions are denied. The clerk shall forward an amended complaint form and instructions for filing to plaintiff.

■ [For further details see text below.]

Docketing to mail notices.

### STATEMENT

Plaintiff, Larry Rodgers, currently incarcerated at Pontiac Correctional Center, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging numerous unrelated claims against a number of defendants. Many of his claims involve conditions at Stateville Correctional Center, where he was incarcerated before his recent transfer to Pontiac.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $1.50. The trust fund officer at plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow plaintiff until it is satisfied, and the trust fund office at the Pontiac Correctional Center shall notify authorities at any facility to which plaintiff may be transferred of any outstanding balance.
(CONTINUED)

mjm

Page 1 of 2

**STATEMENT (continued)**

Although plaintiff may proceed *in forma pauperis*, his current complaint may not proceed forward as currently drafted. Plaintiff alleges the following claims: he and other prisoners were denied monthly pay; Stateville officers refused to protect plaintiff from rival gang members; and, after plaintiff was placed in protective custody in July 2007, he was denied access to: educational and vocational programs, a larger exercise area, sufficient time outside his cell, sometimes a toilet, an indoor recreation area during winter, protective custody when being transferred to a hospital, adequate use of Stateville's law library, religious services for his Druidism faith, and adequate medical, dental, and psychological treatment. Plaintiff also alleges that he and other inmates were housed in darkness for severrral hours after a storm knocked out power in July or August 2007; the building where he was housed may not be up to fire and safety codes; and the Illinois governor, attorney general, and director of prisons conspired to embezzle money by diverting funds raised from commissary sales and unprovided monthly pay to prisoners away from prisoner programs. Plaintiff names as defendants: the Illinois governor and attorney general, the current and former directors of the Illinois Department of Corrections, and current and former wardens at both Menard and Stateville Correctional Centers.

Plaintiff's complaint contains several problems preventing it from proceeding forward. First, the complaint does not clearly indicate what claims are being asserted against each defendant. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (though a plaintiff need only allege a valid claim and provide some indication of time and place, the complaint must provide sufficient information to put the defendant on notice of the claim so that he or she can file an answer). Second, the complaint asserts unrelated claims against different defendants. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (a complaint may not allege unrelated claims against different defendants, and a plaintiff should bring unrelated claims in separate suits). Third, all or almost all of the defendants are supervisory state or prison officials. However, the complaint alleges numerous claims about prison conditions, over which the supervisory officials had no personal involvement. Plaintiff must assert that the officials were either personally involved or acted with deliberate indifference with respect to an unconstitutional policy or custom.

For these reasons, the Court dismisses the current complaint without prejudice. Plaintiff's is given 30 days from the date of this order to submit an acceptable amended complaint, which should allege only related claims and specify the grounds upon which liability is being alleged against each defendant. The clerk shall send an amended complaint form to plaintiff. In order to continue with the current case, plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. Failure to submit an amended complaint within 30 days will result in dismissal of this case; however, plaintiff will remain responsible for the filing fee.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. The Court will not refer back to the original complaint to determine plaintiff's claims or the defendants. Thus, in addition to the above instructions, the amended complaint should state all the claims plaintiff seeks to raise in the instant action. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. Plaintiff's motion for injunctive relief, for class certification, and for the appointment of counsel are denied.