RECEIVED

JUN 17 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LARRY RODGERS, Individually and on behalf of all SiMilary Situated.
PLAINTIFF,

VS.

ROD BLAGOJEVICH,
LISA MADIGAN,
ROGER E, WALKER JR,
TERRY L,McCANN,
DONALD A,HULICK,
JOHN DOE AND JANE DOE,
DEFENDANT(S),

CASE NO 08 C 686

TRIAL BY JURY IS DEMANDED ON ALL COUNTS SO TRIABLE:

HONORABLE:
JOHN W, DARRAH
JUDGE PRESIDING.
MAGISTRATE JUDGE
DENLOW:

## AMENDED COMPLAINT

X COMPLAINT UNDER CIVIL RIGHT ACT, TITLE 42 SECTION 1983 U.S.CODE.

X COMPLAINT UNDER CIVIL RIGHT ACT, TITLE 18 U.S.C § 1964

X COMPLAINT UNDER CIVIL RIGHT ACT, TITLE 42 SECTION 1985(3) U.S.CODE.

NOW COMES, Plaintiff, LARRY RODGERS ("RODGERS"), PRO,SE, INDIVIDUALLY and on behalh all similarly situated, and complains of defendant's as follows:

**I. Plaintiff(s):**

A. Name: LARRY RODGERS

B. List all aliases: ROBERT CONWAY

C. Prisoner identification number: N-53436

D. Place of present confinement: PONTIAC,CORRECTIONAL CENTER

E. Address: 700 LINCLOND STREET P.O.BOX-99 PONTIAC,ILL 61764

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II. Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: ROD BLAGOJEVICH

Title: GOVERNOR FOR THE STATE OF ILLINOIS

Place of Employment: 100 W RANDOLPH STREET 12TH FLOOR,CHICAGO,ILL 60601

B. Defendant: LISA MADIGAN

Title: ATTORNEY GENERAL FOR THE STATE OF ILLINOIS

Place of Employment: 100 W RANDOLH STREET CHICAGO,ILL 60601

C. Defendant: RODGER E, WALKER JR

Title: DIRECTOR OF THE ILLINOIS DEPARTMENT OF CORRECTIONS

Place of Employment: 1301 CONCORDIA COURT,SPRINGFILED,ILL 62794

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

D. DEFENDANT; TERRY L, McCANN

TITLE: CHIEF ADMINISTRATIVE OFFICER

PLACE OF EMPLOYMENT: STATEVILLE CORRECTIONAL CENTER, P,O. BOX 112, JOLIET, ILL 60434

E. DEFENDANT; DONALD A, HULICK

TITLE: CHIEF ADMINISTRATIVE OFFICER

PLACE OF EMPLOYMENT: MENARD, CORRECTIONAL CENTER, P.O. BOX 711, MENARD ILL, 62259

F. DEFENDANT: JOHN DOE AND JANE DOE

TITLE: BUSINESS ADMINISTRATORS

PLACE OF EMPLOYMENT: MENARD, STATEVILLE CORRECTIONAL CENTERS. P.O. BOX-711 : MENARD Ill. 62259, P.O. Box 112 Joliet. Ill 60434

**III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: RODGERS V.WALKER JR,et,al 07 C 5545

B. Approximate date of filing lawsuit: OCTOBER 1ST,2007

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: RODGERS IS THE ONLY PLAINTIFF (ROBERT CONWAY)

D. List all defendants: WALKER JR, DEIDRA BATTAGLIA, M.LAKE,J,NICKERSON, B.JOHNSON,TIERNEY, B,BUCZKOWSKI. JOHN DOE JANE DOE.

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): NORTHEN DISTRICT OF ILLINOIS

F. Name of judge to whom case was assigned: JOHN W, DARRAH

G. Basic claim made: FAILURE TO PROTECT, DENIAL OF MEDICAL TREATMENT. CRUEL AND UNUSUAL PUNISHMENT,DUE PROCESS.

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): STATUS HEARING

I. Approximate date of disposition: DECEMBER 2007
PLAINTIFF RODGERS FILED A STATE MANDAMUS IN WILL COUNTY COURT CASE WAS DISMISSED 05, CASE NO# 03 MR 324

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

EXHAUSTION OF ADMINISTRATIVE REMEDIES:

Plaintiff has attempted on several occasions to Exhaust all avalable administrative Remedies .

Plaintiff filed Grievance on December 16th,2006 concerning the Illegal confiscation of his monthly idle pay, in which the Grievance officer responded denying the Grievance, Plaintiff forwarded his Grievance to Springfield Administrative Review Board who has until date refused to respond or address said grievance in Seven Months as required by IDOC Rules and Regulations.

Plaintiff filed a Grievance on May 8th,2007 concerning being denied Due Process and Eqial Protection of the Law, this Grievance was answered by Counslor Anna Dockery on 5/18/07 stating this is outside Jurisdiction of Facility, send to Administrative Review Board, Plaintiff sent his Grievance to Springfield Via Institutional Mail on or about 5/19/07, Springfiled Administrative Review Borad Has refused to addresss this Grievance within the Seven months as required by Departmental Rules and Regulations.

Plaintiff filed a Grievance on or about May,2007 and handed it to the Administrative Review Board Chair person on or about May 25th,2007, this Grievance was denied on the final level of appeal.

Plaintiff field an Emergency Grievance to the Chief Administrative Officer at the Stateville Correctional Center via-institutional mail and asked that it be expedited as an emergency for plaintiff was subjected to imminent dager Danger in the conditions of his confinement, Defendant McCann never answered

NATURE OF COMPLAINT

1. Plaintiff, Larry Rodgers, brings this action pursuant to Section 1983, 1985(3) and 1964 of the United States Code, for damages, declaratory and injunctive relief against the named defendant(s). as more fully identified below, claiming that certain defendant(s) deliberately deprived him of his Rights as secured by the First(1st), Eighth (8th), Fourteenth(14th) and Sixteenth (16th) Amendment(s) wherein certain defendant(s) deliberately denied plaintiff Medical Treatments, Equal Protection from discrimination and Retaliation for plaintiff filing Grievances and Complaints.

2. Plaintiff further brings this action under 42 U.S.C §1983, 18 U.S.C. §1964 and 42 U.S.C §1985(3) allaging that the failure of certain defendant(s) as discribed more fully below, to provide plaintiff with incarceration in a setting free from the unjust confiscation of his Finanical Property without Due Process of Law, and freedom from an atmosphere of violence; oppression; Tension; Anxiety and Fear resulting in unsafe and Life-THreatening living conditions, deprives him of his Right(s) as secured by the Eighth, Fourteenth, and Sixteenth Amendment(s). Plaintiff seeks Injunctive relief remedying these conditions of confinement.

COUNT I.

(Deliberate Indifference to Medical Needs,)

3. Plaintiff, as an incarcerated citizen, has a Right, secured by the Eighth Amendent to receive Adequate Medical Care, and not to be denied Medical treatment as a result of his custodians, deliberate indifference of Negligence.

4. In this count, plaintiff seeks damages under 42 U.S.C §1983,and State law(s) prohibiting negligence,against defendnat(s) Terry L,McCann, John Doe and Jane Doe, claiming that said defendant(s) deprived plaintiff of his Right secured by the Eighth (8th) Amendment and State Law(s) prohibiting Negligence.

5. At all times relevant hereto, defendant(s) Terry L, McCann and John Doe and Jane Doe wer acting under color of Law and within the scope of their employment,within the meaning of 42 U.S.C,§1983.

6. Plaintiff Rodgers currently suffers from both Hypretention and Hepatitis-C.

7. Rodgers has previous been diagnosed with both hypretention and Hepatitis-C by the physicians of the Illinois Department of Corrections.

8. As a result of the diagnois Rodgers was precribed regular monthly clinics and Medication treatment.

9. Between February 26,2007 and February 28th,2008 Plaintiff was denied Medical treatment by defendant(s) John and/or Jane Doe on Separate and repeated occasions refusing to escort Rodgers to hypreetention and Hepatitis-C clinis because of plaintiff(s) protective custody status,thus, obstructing limiting or refusing Rodgers use of physican prescribed medical treatment.

10. Defendant(s) McCann and John Doe or/Jane Doe was at all times relevant, fully aware of Rodgers diagnosis for Hypretention and Hepatitis-C, yet, unreasonably, arbitrarily and continuously refused Rodgers serious medical

Treatment.

11. As a proximate result of the foregoing actions/inactions of defendant(s) Terry L, McCann, John Doe and Jane Doe plaintiff has suffered great pain, physical injury and Mental distress.

WHEREFORE, Plaintiff, Larry Rodgers, respectfully requests Judgement be entered in his favor and against defendant(s) Terry L, McCann, and John Doe or Jane Doe, in an amount sufficient to compensate him for injuries, pain and suffering; and requests an award of Punitive damages in an amount to deter similar acts.

COUNT II.

(Civil Racketeering--Damages and Declaratory Relief)

12.12. Plaintiff, as an incarcerated citizen, has a Right, secured by the Fourteenth Amendment, to not have his Finanical Property unjustly confiscated by his Custodians.

13. In this count, Plaintiff seeks injuntive and declaratory relief and relief pursuant to 18 U.S.C §1964 against defendant(s) Roger E, Walker jr; Terry L, McCann; Donald A, Hulick and John Doe or Jane Doe Business Administrators. claiming that said defendant(s) individually and in conspiracy with each other, deprived plaintiff of his Rights secured by the Fourteenth (14th) Amendment.

14. From February 26, 2006 to February 28th, 2008, while plaintiff was incarcerated at the Menard Correctional Center ("Menard") and the Stateville Corr-

-ectional Center "Stateville", defendant(s) Hulick and McCann unjustly confiscated, Embezzled and or Misappropriated plaintiff(s)Monthly idle pay .

15. At all times relevant, defendant(s) Walker,Blagojevich and Madigan were aware of such policy practice of the confiscation of the Idle pay through out the IDOC,yet, Promulgated,condoned,approved,acquiesced and or turned a blind eye to said institutional policies that illegally embezzeled the idle pay of plaintiff through unwritten and illegal policies that whenever a inmate causes a Level-1 through Level-4 locked down each inmate would not recieve his/her $10.00 monthly idle pay, these actions deprives plaintiff of his property entitlement in violation of plaintiff's Fourteenth (14th) Amendment Rights to the United States Constitution.

16. At all times relevent, defendant(s) Walker jr, and John Doe/Jane Doe further continued to enforce unlawful and unwritten prison policies throughout the Illinois Department of Corrections to each Warden,McCann; Hulick and John Doe/Jane Doe Business Administrators while acting in collusion, Corroboration and conspiracy with one another that when a inmate is confined to Segregation for any infraction of the rules, he or she would not recieve their $10.00 idle pay even though the adjustment committee placed no sanctions on the plaintiff(s) trust fund account. the actions of defendant(s) McCann, Hulick, Roger Walker and John Doe/Jane Doe Business administrators violates plaintiff Fourteenth (14th) Amendment Rights to the United States Constitution.

WHEREFORE, plaintiff, Larry Rodgers, respectfully requests declaratory Judgement, injunctive relief, and Judgement pursuant to 18 U.S.C. §1964

AGAINST DEFENDANT(S) ROD BLAGOJEVICH; LISA MADIGAN; ROGER E,WALKER JR; TERRY L,MCCANN; DONALD A,HULICK AND JOHN DOE OR JANE DOE BUSINESS ADMINISTRATORS.

COUNT III

(TAXATION WITHOUT REPRESENTATION)

17. PLAINTIFF AS AN INCARCERATED CITIZEN,HAS A RIGHT ,SECURED BY THE FOURTEENTH, AND SIXTEENTH AMENDMENT TO EQUAL PROTECTION AND DUE PROCESS OF LAW,AND TO BE FREE FROM TAXATATION WITHOUT REPRESENTATION WHILE SERVING HISTIME IN PRISON.

18. RELIEF IS SOUGHT IN THIS COURT AGAINST DEFENDANT(S) BLAGOJEVICH,MADIGAN WALKER,MCCANN,HULICK JOHN OR JANE DOE BUSINESS ADMINISTRATORS OF THE ILLINOIS DEPARTMENT OF CORRECTIONS. AT ALL TIMES REVELANT HERETO,THE DEFENDANT(S) WAS ACTING UNDER THE COLOR OF STATE LAW WITHIN THE MEANING OF 42 U.S.C. §1983.

19. IN 2007 PLAINTIFF DISCOVERED THAT THE DEFENDANT(S) ROD BLAGOJEVICH,LISA MADIGAN BEING REPRESENTED BY THE ILLINOIS GENERAL ASSEMBLY,INCREASED THE SELLING PRICE FOR TABACCO PRODUCTS UP TO 35% AND 25% ON ALL NONE TOBACCO PRODUCTS. WITHOUT AFFORDING PLAINTIFF ANY LEGAL REPRESENTATION IN VIOLATION OF HIS FOURTEENTH AND SIXTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION.

20. THE DEFENDANT(S) ROD BLAGOJEVICH; LISA MADIGAN; AND ROGER E, WALKER JR BEING REPRESENTED BY THE ILLINOIS GENERAL ASSEMBLY THEREUPON ENTERED INTO A COLLECTIVE BARGAINING AGREEMENT, AT WHICH TIME PLAINTIFF WAS NOT AFFORDED ANY LEGAL REPRESENTATION, THE DEFENDANT(S) ELECTED TO USE 40% OF THE PROFITS FROM THE COMMISSARY STORES THROUGHOUT THE ILLINOIS DEPARTMENT OF CORRECTIONS

TO BE EXPENDED BY THE DEPARTMENT OF CORRECTIONS FOR THE SPECIAL BENEFIT OF THE COMMITTED PERSON WHICH INCLUDE, BUT NOT LIMITED TO THE ADVANCEMENT OF INMATES PAYROLL,AND FOR THE SPECIAL BENEFIT OF EMPLOYEE TRAVLE.

21. THE DEFENDANT(S) FURTHER AGREED TO USE THE REMAINDER OF THE PROFITS TO PAY THE WAGES OF THEIR EMPLOYEES COVERED UNDER THE COLLECTIVE BARGAINING AGREEMENT WHO ARE EMPLOYEED AT THE COMMISSARY FACILITY OF THE DEPARTMENT, AND THAN TO PAY THE COST OF THE DIETARY STAFF,IN VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT TO THE UNITED STATES CONSTITUTION.

22. THE ACTIONS OF DEFENDANT(S) BLAGOJEVICH;MADIGAN;WALKER;MCCANN,HULICK AND JOHN DOE OR JANE DOE BUSINESS ADMINISTRATORS TO UTILIZE THE MONEY FROM THE INMATES BENEFIT FUND TO DELIBERARTELY PAY THE COST OF THEIR EMPLOYEES SALARY DEPRIVES PLAINTIFF OF HIS PROPERTY ENTITLEMENT,AND PREVENTS PLAINTIFF FROM ADEQUATLY CARING FOR HIS HYGIENE,AS SAID DEFENDANT(S) HAVE REDUSED PLAINTIFF HYGIENE CARE TO ALMOST NON-EXISTENT AS PLAINTIFF HAS SUFFERED HAIR AND TOOTH LOST,ATHLETIC FEET,EAR WAX PROBLEMS AND SKIN IRRETATION AS WELL AS A CONSENT DENIAL OF ACCESS TO THE COURTS AS PLAINTIFF HAS TO CHOSE FROM EITHER (PURCHASING) HYGIENE ITEMS FROM THE INMATE COMMISSARY WHICH IS APART OF THE BASIC NECESSITIES OR (PURSUING) HIS APPEAL.

23.PLAINTIFF HAS RECIEVED ON SEVERAL OCCASIONS MEDICAL TREATMENT RESULTING FROM THE USE OF INDUSTRIAL PRODUCTS.

24. THE INJURIES SUSTAINED BY PLAINTIFF AND WHICH HE CONTINUES TO SUFFER

FROM IN THE FUTURE AS A RESULT OF THE AFOREMENTIONED UNSAFE CONDITIONS ARE IRREPARABLE,MAKING INJUNCTIVE RELIEF APPROPRIATE.

25. AT ALL TIMES RELEVANT,DEFENDANT(S), BLAGOJEVICH AND WALKER WERE AWARE OFSUCH POLICY PRACTICE INACTED WITHIN PUBLIC ACT 93-607 WHICH MANDATED THE UNLAWFUL CONFISCATION OF PLAINTIFF(S) FINANICAL PROPERTY,AND OR ADDED TAXS TO PLAINTIFF WITHOUT DUE PROCESS OF LAW,AND THAT EACH DEFENDANT(S) BLAGOJEVICH AND WALKER PROMULGATED,CONDONED,APPROVED,ACQUIESCED AND/OR TURNED A BLIND EYE TO SAID POLICY.

26. AS A PROXIMATE RESULT OF THE FOREGOING ACTIONS OF THE DEFENDANT(S),BLAGOJEVICH,MADIGAN,WALKER,AND JOHN OR JANE DOE BUSINESS ADMINISTRATORS WHO WERE ACTING IN CONCERT WITH ONE ANOTHER, RODGERS HAS BEED REPEATEDLY SUBJUCTED TO THE UNLAWFUL CONFISCATION OF HIS MONTHLY IDLE PAY AND 40% INTEREST FROM THE INMATE BENEFIT FUND.

WHEREFORE, PLAINTIFF, LARRY RODGERS, RESPECTFULLY REQUESTS DECLARATORY JUDGEMENT,INJUNCTIVE RELIEF,AND JUDGEMENT PURSUANT TO 42 SECTION 1983 AND 42 SECTION 1985(3) AGAINST DEFENDANT(S) ROD BLAGOJEVICH,LISA MADIGAN,ROGER E,WALKER JR, TERRY L, MCCANN, DONALD A,HULICK,AND JOHN DOE OR/ JANE DOE BUSINESS ADMINISTRATORS OF THE ILLINOIS DEPARTMENT OF CORRECTIONS,AND ANY FURTHER RELIEF THIS COURT DEEMS EQUITABLE AND JUST.

COUNT V.

(CRUEL AND UNUSAL PUNISHMENT-INJUNCTIVE RELIEF)

27. PLAINTIFF, AS AN INCARCERATED CITIZEN, HAS A RIGHT, SECURED BY THE EIGHTH AMENDMENT, TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT AND LIFE THREATENING LIING CONDITIONS, WHILE SERVING HIS SENTENCE IN PRISON.

28. RELIEF IS SOUGHT IN THIS COURT AGAINST DEFENDANT(S) ROGER E, WALKER JR, TERRY L, MCCANN, AND JOHN DOE AND OR JANE DOE, WHO AT ALL TIMES RELEVANT HERETO, WAS ACTING WITHIN THE SCOPE OF THEIR EMPLOYEMENT AS EMPLOYEES OF THE IDOC, AND WAS, AT ALL TIMES RELEVANT HERETO, ACTING UNDER COLOR OF STATE LAW WITHIN THE MEANING OF 42 U.S.C. §1983.

29. FROM FEBRUARY 26, 2007 TO FEBRUARY 2008, WHILE RODGERS WAS INCARCERATED AT THE STATEVILLE CORRECTIONAL CORRECTIONAL CENTER, "STATEILLE" AND SPECIFICALLY IN "PROTECTIE CUSTODY" DEFENDANT(S) WALKER JR, MCCANN AND JOHN DOE CREATED, PRACTICED, ACQUIESCED AND OR TURNED A BLIND EYE TO DISCRIMINATING POLICIES WHICH RESULTED IN DANGEROUSLY CRUEL AND UNSAFE LIVING CONDITIONS BY DOING THE FOLLOWING;

(A). FAILING TO RECOGNIZE INMATES NEEDS AND RIGHTS TO PROTECTIVE CUSTODY FROM OTHER VIOLENT INMATES.

(B). FAILING TO KEEP PROTECTIVE CUSTODY INMATES SEPARATED FROM GENERAL POPULATION INMATES.

(C), FAILING TO MAINTAIN FIRE SAFTY STANDARDS IN X-HOUSE PROTECTIVE CUSTODY UNIT.

(D).FAILING TO PROVIDE PROPER BATHROOM FACILITY,SEASONAL CLOTHING,SANITATION FOR PROTECTIVE CUSTODY RECREATIONAL YARD.

(E).FAILING TO ALLOW ADEQUATE MEDICAL CLINIC AND TREATMENTS FOR PROTECTIVE CUSTODY INMATES.

30. AS A DIRECT AND PROXIMATE RESULT OF THE AFOREMENTUONED ACTS AND OMMISSIONS, THE DEFENDANT(S) WALKER; MCCANN AND JOHN DOE HAVE CREATED AN ATMOSPHERE RESULTING IN UNSAFE AND LIFE-THREATENING LIVING CONDITIONS,AND HAS CONDONED AND OR TURNED A BLIND EYE TO WITHIN STATEVILLE C.C.

31. THE INJURIES SUSTAINED BY PLAINTIFF AND WHICH HE WILL CONTINUE TO SUFFER FROM IN THE FUTURE ARE IRREPARABLE,MAKING INJUNCTIVE RELIEF APPROPRIATE.

WHEREFORE, PLAINTIFF, LARRY RODGERS, RESPECTFULLY REQUEST THAT THIS COURT ENTER INJUNCTIVE RELIEF REQUIRING THAT DEFENDANT(S) ROGER E,WALKER JR, AND TERRY L,MCCANN PROVIDE INMATES(PLAINTIFF) WITH INCARCERATION FREE FROM MANUFACTURED ATMOSPHERE OF OPPRESSION, TENTION,ANXIETY,FEAR ANDVIOLENCE,RESULTING IN UNSAFE AND LIFE-THREATENING LIVING CONDITIONS, AS PLAINTIFF IS A LEVEL-E INMATE AND IS SUBJECT TO BEING TRANSFERED FROM PONTIAC C.C. BACK TO THE CONDITIONS OF STATEVILLE NEXT YEAR.

RELIEF REQUESTED.

A). ISSUE A DECLARATORY JUDGEMENT STATING THAT:

1. DECLARE THAT THE ACTIONS OF DEFENDANT(S) ROD BLAGOJEVICH, AND LISA MADIGAN TO APPROVE 35% TAXS ON ALL TOBACCO PRODUCTS, AND 25% ON ALL NON TOBACCO PRODUCTS ACCORDING TO PUBLIC ACT 93-607, CONSTITUTES A CLAIM OF TAXATION WITHOUT REPRESENTATION IN VIOLATION OF PLAINTIFF(S) FOURTEENTH AND SIXTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION.

2. DECLARE THAT THE ACTIONS OF DEFENDANT(S) ROD BLAGOJEVICH; AND LISA MADIGAN TO APPROVE AND ENTER PLAINTIFF INTO A THIRD PARTY CONTRACT ACCORDING TO PUBLIC ACT 93-607 WITHOUT AFFORDING PLAINTIFF ANY LEGAL REPRESENTATION VIOLATES PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT TOTHE UNITED STATES CONSTITUTION.

3. DECLARE THAT THE ACTIONS OF DEFENDANT(S) ROD BLAGOJEVICH; LISA MADIGAN; ROGER E, WALKER JR AND JOHN DOE OR JANE DOE BUSINESS ADMINISTRATORS DELIBERATELY VIOLATED PLAINTIFF(S) DUE PROCESS RIGHT WHEN SAID DEFENDANT(S) AGREED TO UTILIZE SUCH FUNDS FROM THE 40% OF THE COMMISSARY FUNDS AND PROFITS ACCORDING TO PUBLIC ACT 93-607 TO PAY THE WAGES OF THEIR EMPLOYEES CONSTUTUTES A CLAIM OF DUE PROCESS VIOLATION OF PLAINTIFF(S) FOURTEENTH AMENDMENT RIGHT TO THE UNITED STATES CONSTITUTION.

4. DECLARE THAT THE ACTIONS OF DEFENDANT(S) ROGER E, WALKER JR; TERRY L, MCCANN IN FAILING TO ENSURE THAT THE LIVING CONDITIONS

AFFORDED TO PLAINTIFF WHILE HE WAS ASSIGNED TO STATEVILLE PROTECTIVE CUSTODY X-HOUSE WERE NOT CONSISTENT WITH THE LIVING REQUIREMENTS SET FORTH UNDER THE UNITED STATES CONSTITUTION,AND THAT THE NAMED DEFNENDAT(S) WALKER;MCCANN AND JOHN DOE OR JANE DOE FAILED TO ENSURE EQUAL PROTECTION AND DUE PROCESS RIGHTS TO PLAINTIFF WHILE HOUSED AND KEPT IN PROTECTIVE CUSTODY AT STATEVILLE FROM FEBRUARY 2007 THROUGH FEBRUARY 2008,AND THAT SUCH ACTIONS CONSTITUTES A CLAIM OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS TO UNITED STATES CONSTITUTION.

5. DECLARE THAT THE ACTIONS OF THE DEFENDANT(S) IN INSTITUTING AND ALLOWING DISCRIMINATING POLICIES AGAINST PLAINTIFF EVEN AFTER THEY HAD KNOWLEDGE WITHOUT NEED OR PROVOCATION,BUT FAILED TO INTERVENE AND PREVENT SUCH CONSTITUTIONAL VIOLATIONS,CONSTITUTES A CLAIM OF DELIBERATE INDIFFERENCE,AND CRUEL AND UNUSUAL PUNISHMENT,IN VIOLATION OF PLAINTIFF'S EIGHTH,AND FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION.

B).ISSUE AN INJUNCTION STATING;

1. THAT THE DEFENDANT(S) ROD BLAGOJEVICH,AND LISA MADIGAN SHALL TAKE LEGAL ACTION TO ENSURE THAT PLAINTIFF IS NOT SUBJECTED TO TAXATATION WITHOUT REPRESENTATION BY THE ENACTMENT OF PUBLIC ACT 93=607.

2. IF PUBLIC ACT 93-607 IS TO REMAIN IN EFFECT,THE DEFENDANT(S) SHALL TAKE MEASURES TO ENSURE THAT THERE IS AN INCREASE IN THE

INMATES PAY ROLL AS MANDATED IN PUBLIC ACT 93-607.

3. THAT THE DEFENDAT(S) ROD BLAGOJEVICH.WALKER MCCANN AND JOHN DOE OR JANE DOE BUSINESS ADMINISTRATORS SHALL NOT WITHHOLD PLAINTIFF'S MONTHLY IDLE PAY FOR ANY REASON AS SUCH IDLE PAY IS APPROPRIATED FOR THE HYGIENE CARE OF THE COMMITTED PRISONER.

4. THAT THE DEFENDANT(S) WALKER JR,MCCANN AND JOHN DOE OR JANE DOE SHALL NOT TAKE THE FUNDS FROM INMATES BENEFITS FUNDS AND PROFITS TO PAY THE WAGES OF THEIR EMPLOYEES AS MANDATED IN PUBLIC ACT 93-607 AS SUCH ACTS VIOLATES PLAINTIFF'S DUE PROCESS RIGHTS.

UNLESS THIS HONORABLE COURT ENJOINES THE NAMED DEFENDANT(S) FROM DOING SO,THE DEPARTMENT OF CORRECTIONS WILL CONTINUE TO EMBEZZLE,DIVERT AND MISAPPROPRIATE PLAINTIFF'S IDLE PAY AS WELL AS THE 40% INTEREST FROM THE INMATES BENEFIT FUNDSAND PROFITS. THESE CONTINUING VIOLATIONS CONSTITUTES IRREPARABLE HAME FOR WHICH PLAINTIFF HAVE NO ADEQUATE REMEDY AT LAW.

C. <u>AWARD PLAINTIFF COMPENSATORY DAMAGES AS FOLLOWS:</u>

1. AWARD PLAINTIFF $100.000 JOINTLY AND SEVERALLY AGAINST DEFENDANT(S) WALKER JR,MCCANN,HULICK AND JHON DOE OR JANE DOE BUSINESSADMINISTRATORS FOR DELIBERATELY SUBJECTING PLAINTIFF TO UNCONSTITUTIONAL CONDITIONS IN HIS CONFINEMENT,AND FOR THEIR ACTIONS WHICH CONSTITUTES FRAUD AND EMBEZZLEMENT IN FAILING TO ENSURE THAT PLAINTIFF RECIEVES HIS APPROPRIATED STATE IDLE PAY AFTER

EACH LEVEL-1 THROUGH LEVEL-4 INSTITUTIONAL LOCK DOWN, AND FOR EACH TIME PLAINTIFF WAS PLACED IN SEGREGATION WHICH SUBJECTED PLAINTIFF TO CRUEL AND UNUSAL PUNISHMENT.

D. AWARD PLAINTIFF PUNITIVE DAMAGES AS FOLLOWS:

1. PLAINTIFF REQUEST THIS COURT TO ISSE PUNITIVE DAMAGES AGAINST EACH NAMED DEFENDANT(S) JOINTLY AND SEVERALLY AGAINST WALKER, MCCANN; HULICK; AND JOHN DOE AND JANE DOE BUSINESS ADMINISTRATORS.

2. PLAINTIFF REQUEST THIS COURT TO ISSUE PUNITIVE DAMAGES AGAINST EACH NAMED DEFENDANT(S) JOINTLY AND SEVERALLY AGAINST WALKER, MCCANN, AND JOHN DOE AS PUNISHMENT FOR THE DEPARTMENT OF CORRECTIONS HAD BEEN ORDERED THROUGH PAST CONSNT DECREES OR COURTORDERS NOT TO RETURN TO THEIR OLD WAYS BY MAGISTRATE JUDGE ARLANDER KEYS IN, LEWIS V. WASHINGTON, et, al. 99V 7081.

E. PLAINTIFF REQUEST CRIMINAL CHARGES BE PURSUED AGAINST APPROPRIATE DEFENDANT(S).

F. AWARD PLAINTIFF ATTORNEY FEES PURSUANT TO 1976, 42 U.S.C §1988.

G. DEFENDANT(S) PAY THE COST OF THIS ACTION.

H. PLAINTIFF DEMANDS JURY TRAIL.

CERTIFICATION

BY SIGNING THIS COMPLAINT, I CERTIFY THAT THAT THE FACTS STATED HEREIN ARE TRUE AND CORRECT TO THE BEST OF KNOWLEDGE AND BELIEF, I UNDERSTAND THAT IF THIS CERTIFICATION IS NOT TRUE I MAY BE SUBJECT TO SANCTIONS BY THE COURT.

SIGNED THIS 11TH DAY OF JUNE, 2008

Larry Rodgers

LARRY RODGERS
P.O. BOX-99
PONTIAC, ILL 61764

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE

EXHIBIT-L

Date: JUNE 12TH, 2007
Offender: (Please Print) LARRY RODGERS
ID#: N-53436
Present Facility: STATEVILLE C.C.
Facility where grievance issue occurred: STATEVILLE C.C.

NATURE OF GRIEVANCE:

- ☐ Personal Property
- ☐ Mail Handling
- ☐ Restoration of Good Time
- ☐ Disability
- ☒ Staff Conduct
- ☐ Dietary
- ☐ Medical Treatment
- ☐ HIPAA
- ☐ Transfer Denial by Facility
- ☐ Transfer Denial by Transfer Coordinator
- ☒ Other (specify): EXPEDITE AS EMERGENCY GRIEVANCE
- ☐ Disciplinary Report: / / (Date of Report) (Facility where issued)

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: WARDEN MCCANN, I AM FILING THIS GRIEVANCE AND ASKING THAT THIS ADMINISTRATION EXPEDITE IT AS AN EMERGENCY GRIEVANCE BECAUSE I AM BEING EXPOSED TO IMMINENT DANGER IN THE CONDITIONS OF MY CONFINEMENT. I AM BEING DENIED PROTECTIVE CUSTODY AND TRANSFERRED AROUND FROM CELL HOUSE AND EXPOSED TO MY LISTED ENEMIES EACH TIME I LEAVE MY CELL FOR ALL MOVEMENT HOSPT. HOSPITAL, DENTAL, VISITS, INTERNAL AFFAIRS I AM MIXED IN LINES WITH GENERAL POPULATION INMATES. I AM RESPECTFULLY REQUESTING THIS THIS ADMINISTRATION TO EXPEDITE THIS ISSUE AS AN EMERGENCY AS I AM IN IMMINENT DANGER.

Relief Requested: TO BE APPROVED PROTECTIVE CUSTODY AND KEEP SEPERATED FROM ALL INMATES IN GENERAL POPULATION

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Larry Rodgers (Offender's Signature) N-53436 (ID#) 6.12.07 (Date)

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: / /
☐ Send directly to Grievance Officer
☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response:

Print Counselor's Name — Counselor's Signature — Date of Response / /

**EMERGENCY REVIEW**

Date Received: / /
Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner

Chief Administrative Officer's Signature — Date / /






# OFFICE OF THE ATTORNEY GENERAL
STATE OF ILLINOIS

Lisa Madigan
ATTORNEY GENERAL

June 4, 2007

Mr. Larry Rodgers
Reg. No. #N-53435
PO Box 112
Joliet, IL 60434

REF NR: 07 - 78578

Dear Mr. Rodgers:

Thank you for your correspondence to Attorney General Lisa Madigan. The Attorney General asked that I acknowledge receipt of your letter and respond on her behalf.

After reviewing your circumstances, it would appear that the issues you raise should be addressed by the Illinois Department of Corrections. Therefore, I have taken the liberty of forwarding a copy of your letter to the director of IDOC. I am confident that Director Roger E. Walker Jr. and his staff will respond accordingly.

Again, thank you for writing.

Sincerely,

E. Ruebbelke

Erin Ruebbelke
Public Affairs Officer

500 South Second Street, Springfield, Illinois 62706 • (217) 782-1090 • TTY: (217) 785-2771 • Fax: (217) 782-7046
100 West Randolph Street, Chicago, Illinois 60601 • (312) 814-3000 • TTY: (312) 814-3374 • Fax: (312) 814-3806
1001 East Main, Carbondale, Illinois 62901 • (618) 529-6400 • TTY: (618) 529-6403 • Fax: (618) 529-6416

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE

EXHIBIT-I

Date: JUNE 3RD, 2007
Offender: (Please Print) LARRY RODGERS
ID#: N-53436

Present Facility: STATEVILLE C.C.
Facility where grievance issue occurred: STATEVILLE C.C.

NATURE OF GRIEVANCE:

- [ ] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [x] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Other (specify): IMMINENT DANGER
- [ ] Disciplinary Report: ___/___/___ (Date of Report) ___ (Facility where issued) DENIED PROTECTIVE CUSTODY

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: EMERGENCY GRIEVANCE, WARDEN MCCANN, THIS GRIEVANT IS BEING DENIED PROTECTIVE CUSTODY AND I AM NOW ASSIGNED TO F-HOUSE GENERAL POPULATION WITH SOME OF THE SAME INMATES THAT I DECLARED AS MY ENEMIES AND RAVIL GANG. MY LIFE IS IN DANGER EVERYDAY THAT I AM EXPOSED IN THIS CELL HOUSE TO GENGERAL POPULATION. I TRIED TO EXPLAINED THIS TO LT. WUCSKOWSKI, BUT I WAS GIVEN A DIRECT ORDER TO LOCK UP OR GO TO SEG FOR REFUSING HOUSING. I AM FILING THIS EMERGENCY GRIEVANCE BECASUE I AM IN IMMINENT DANGER.

Relief Requested: THAT I PLACED BACK IN X-HOUSE PROTECTIVE CUSTODY AWAY FROM MY LISTED ENEMIES.

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Larry Rodgers — Offender's Signature — N-53436 (ID#) — 6/3/07 (Date)

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)

Date Received: ___/___/___
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: ____________________

Print Counselor's Name ___ Counselor's Signature ___ Date of Response ___/___/___

**EMERGENCY REVIEW**

Date Received: ___/___/___

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature ___ Date ___/___/___

EXHIBIT I

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**HEARING OF ADMINISTRATIVE REVIEW BOARD**

***DATE OF HEARING:*** 5/25/07

***INSTITUTION:*** Stateville Correctional Center, Joliet, Illinois

***GRIEVANT NAME:*** Larry Rodgers, Register No N53436

***BOARD MEMBERS PRESENT:*** Jackie Miller, Administrative Review Board Chairperson, Office of Inmate Issues, Department of Corrections.

Grievant was personally interviewed by the Administrative Review Board. All information submitted to the Board by the Grievant, and the institution related to the issue being grieved, was reviewed. Issues warranting further action / consideration were discussed with the Stateville Correctional Center Administration.

Nature of Grievance: Offender Rodgers is grieving denial of Protective Custody at Stateville Correctional Center.

The Board notes the inmate is currently serving 68 years for Murder and unauthorized use of a weapon, with a custody date of 1/7/88 and a projected release date of 4/25/29. The grievant has been housed at Stateville Correctional center since 2/26/07. No clinical concerns noted. Medical concerns noted.

The Board reviewed the Protective Custody Vote sheet dated 5/16/07. Grievant requested Protective Custody placement stating the following: I would like to be in PC for my safety. The no-vote rational indicates: denied.

Inmate's statement: I have enemies that I gave up when I renounced from the VL's that are now in general pop. These enemies include, Cagle and Trainor from Men, bat-mike from STA and Fletcher from Sta. I don't want to be forced to protect myself.

This Chairperson was unable to ID any of the above mentioned enemies as being from Stateville. Additionally, it appears based on Rodgers own comments that he was participating in illegal activities.

Recommendations: Based on a review of all information it is the opinion of the Board that the Grievant has not provided sufficient information to warrant the Offender's retention in Protective Custody and recommends the Offender be placed in general population.

***FOR THE BOARD:*** [signature]
Jackie Miller
Administrative Review Board Chairperson
Office of Inmate Issues

***CONCURRED:*** [signature] June 5, 2007
Roger E. Walker, Jr.
Director

cc: Warden McCann, Stateville Correctional Center
Larry Rodgers, Register No. N53436




ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: DECEMBER 16TH,06 | Committed Person: (Please Print) LARRY RODGERS | ID#: N-53436 |
|---|---|---|
| Present Facility: MENARD,C,C | Facility where grievance issue occurred: MENARD,C,C | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ Other (specify): STATE PAY
- ☐ Disciplinary Report: ___/___/___ Date of Report ___ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
**Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer**, only if EMERGENCY grievance.
**Administrative Review Board**, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** THIS GRIEVANCE IS BEING SUBMITTED PURSUANT TO 20 ILL. ADM.CODE 504;SUBPART (F) GRIEVANCE PROCEDURES.
INSTITUTIONAL POLICY THAT CONFISCATES A PRISONERS STATE PAYROLL DUE TO INSTITUTIONAL LOCKDOWNS VIOLATES THE ENTITLEMENT OF THE PRISONERS DUE PROCESS RIGHTS. THE 10.00 MONTHLY UNASSIGN PAY WAS APPROPRIATED BY THE GENERAL ASSEMBLY FOR A PRISONERS TO PURCHASE NECESSITIES FROM THE INMATE COMMISSARY SUCH AS SOAP,DEOERANT,TOOTHPASTE AND WRITE OUTS,ECT. THIS GRIEVANT IS BEING PENALIZED AND SUBJECTED TO DISCIPLINARY RESTRICTIONS OF HIS STATE PAYROLL WITHOUT BEING AFFORDED DUE PROCESS.
ILLINOIS REVISED STATUES,CHAPTER 38,SECTION 1003-8-7 (E) (1),CLEARLY

**Relief Requested:** RELIEF REQUESTED ON BACK....

☐ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[signature] Committed Person's Signature — N-53436 ID# — 12,16,06 Date

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)

Date Received: 1/4/07 ☒ Send directly to Grievance Officer ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Department policy does not provide of state pay during institutional lockdown

Betsy Spiller — Print Counselor's Name — [signature] Counselor's Signature — 1/4/07 Date of Response

**EMERGENCY REVIEW**

Date Received: ___/___/___ Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

___ Chief Administrative Officer's Signature ___/___/___ Date

Distribution: Master File; Committed Person — Page 1 — DOC 0046 (Eff. 10/2001) (Replaces DC 5657)

Printed on Recycled Paper

EXHIBIT-A



ILLINOIS DEPARTMENT OF CORRECTIONS
COMMITTED PERSON'S GRIEVANCE (Continued) DOC 0046, Page 2

STATES:"ANY PERSON OR PERSONS WHO INITIATES A DISCIPLINARY CHARE AGAINST A PERSON SHALL NOT DETERMINE THE DISPOSTION OF THE CHARGE. THE DIRECTOR MAY ESTABLISH ONE OR MORE DISCIPLINARY BOARDS TO HEAR AND DETERMINE CHARGES TO THE EXTENT POSSIBLE,A PERSON REPERSENTING THE COUNSELING STAFF OF THE INSTITUTION OR FACILITY SHALL PARTICIPATE IN DETERMINING THE DISPOSTION OF THE DISCIPLINARY CASE.

(2) ANY COMMITTED PERSON CHARGED WITH VIOLATION OF DEPARTMENTAL RULES OF BEHAVIOR SHALL BE GIVEN NOTICE OF THE CHARGE INCLUDING A STATEMENT OF MISCONDUCT ALLEGED AND OF THE RULES THIS CONDUCT IS ALLEGED TO VIOLATE.

(3) ANY PERSON CHARGED WITH VIOLATING THE RULES IS ENTITLED TO A HEARING ON THAT CHARGE AT WHICH TIME HE SHALL HAVE THE OPPORTUNITY TO APPEAR BEFORE AND ADDRESS THE PERSON DECIDING THE CHARGE.

(4) THE PERSON OR PERSONS DETERMINING THE DISPOSITION OF THE CHARGE MAY ALSO SUMMON TO TESTIFY ANY WITNESSES OR OTHER PERSON WITH RELEVANT KNOW-LEGDE OF THE INCIDENT, THE PERSON CHARGED MAY BE PERMITTED TO QUESTION ANY PERSON SUMMONED.

(5) IF THE CHARGE IS SUSTAINED, THE PERSON CHARGED IS ENTITLED TO A WRITTEN STATEMENT OF THE DECISION BY THE PERSON DETERMINING THE DISPOSTION OF THE CHARGE WHICH SHALL INCLUDE THE BASIS OF THE DECISION AND THE DISCIPLINARY ACTION,IF ANY TO BE IMPOSED."

THE BASIS FOR THE DENIAL OF STATE PAY ON AND ACROSS THE BOARD BASIS WOULD ENTITLE EACH INDIVIDUAL TO BE AFFORDED A HEARING BY THE DISCIPLINARY COMMITTEE. FURTHER, AS CHIEF ADMINISTRATIVE OFFICIAL, THE WARDEN WOULD INITIATE AN INSTITUTIONAL LOCK-DOWN AND THEREFORE THIS WOULD NOT ENTITLE HIM TO DETERMINE THE PUNISHMENT,i,e.,"LOSS OF PAYROLL"THIS WOULD HAVE TO BE DETERMINED BE A DISCIPLINARY COMMITTE. THIS SAME INSTITUTIONAL POLICY VIOLATES THE ESTABLISHED ADMINISTRATIVE DIRECTIVE 730 ILCS 1003-2-2 AND ADMINISTRATIVE DIRECTIVE 05.03.103A II PROCEDURE WORK ASSIGNMENT AND UNASSIGNED PAY. UNDER ADMINISTRATIVE DIRECTIVE 05.03.103A SUBSECTION(F) IMPLEMENTATION OF PAY PLANE #2 UNASSIGNED PAY "MAY BE DETERMINED ONLY AFTER DOCUMENTED ATTEMPTS TO PLACE AN INMATE ON WORK OR SCHOOL ASSIGNMENT HAS BEEN MADE AND THE INMATE REFUSED TO EXCEPT EITHER OPPORTUNITY.

GRIEVANT STATE PAY HAS BEEN UNLAWFULLY CONFISCATED FOR HIS ENTIRE INCAR-CERATION WITHOUT DUE PROCESS DUE TO LOCK-DOWNS, SEGREGATION,TRANSFERS AND LEGAL EXPENSES AND NEITHER WITHHOLDAL WAS ARUTHORIXED BY ILLINOIS STATE LAW. IDOC RULES OR ADMINISTRATIVE DIRECTIVE. FURTHER SUBJECTING HIM TO CRULE AND UNUSAL PUNISHMENT BY DENYING HIM THE BASIC CIVILIZED MEASURE OF LIFE'S NECESSITIES.

RELIEF REQUESTED: I REQUEST MY FULL 10.00 DOLLARS EVERY MONTH, AND ALSO MY BACK PAY FOR ALL THE YEARS THAT MY STATE PAY HAS BEEN ILLEGALLY CONFISCATED. WHICH CAN BE ASCERTAINED THROUGH INMATE MASTER FILE.

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

EXHIBIT-C

Date: XXXXX DATE 5/8/07 Offender: (Please Print) LARRY RODGERS ID#: N-53436

Present Facility: Facility where grievance issue occurred:

**NATURE OF GRIEVANCE:**

☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☐ Disability
☐ Staff Conduct ☐ Dietary ☐ Medical Treatment ☐ HIPAA
☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator ☒ Other (specify): STATE AND FEDERAL VIOLATIONS.

☐ Disciplinary Report: / / Date of Report — Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: THIS GRIEVANT CONTENTS THAT; THE ILLINOIS DEPARTMENT OF CORRECTIONS AND THE ILLINOIS ATTORNEY GENERAL, HAVE VIOLATED THIS GRIEVANTS FIFTH(5TH) AND FOURTEENTH (14TH) AMENDMENT RIGHTS TO DUE PROCESS UPON ENTERING INTO THE AGREEMENT TO TAKE FORTY (40) PERCENT OF THE PROFITS ON SALES FROM COMMISSARY STORES, TO PAY FOR THE WAGES AND BENEFITS OF IT'S EMPLOYEES. UPON THE ENACTMENT OF PUBLIC ACT 93-607 THE DEPARTMENT OF CORRECTIONS AND THE ATTORNEY GENERAL MADE ME A THIRD (3RD) PARTY TO SAID CONTRACT, AND DOING SO, MADE SUCH AGREEMENT WITHOUT AFFORDING ME LEGAL REPRESENTATION BEFORE TAXATION, FURTHERMORE, I AM NOT BEING AFFORDED ANY RIGHT TO HAVE AN EXPENSION OF THIS OPERATION.

Relief Requested: TO BE AFFORDED TAXATION REPRESENTATION; TO HAVE A RIGHT TO A EXPENSION OF THE COMMISSARY PRODUCTS; AND A DIETARY MENUS, OR REFUND OF ALL FUNDS USED TO PAY ANY WAGES OF EMPLOYEES.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

*Larry Rodgers* Offender's Signature — *N-53436* — *5/8/07*

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: *5/12/07* ☐ Send directly to Grievance Officer ☒ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: *Outside jurisdiction of facility. Send to ARB.*

*Anna Dokey* Print Counselor's Name — *Anna Dokey* Counselor's Signature — *5/12/07* Date of Response

**EMERGENCY REVIEW**

Date Received: / / Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature — / / Date

Distribution: Master File; Offender



DOC 0046 (Rev. 3/2005)

Printed on Recycled Paper






Illinois
Department of
**Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker Jr.
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

August 24, 2007

Larry Rodgers
Register No. N53436
Stateville Correctional Center

Dear Mr. Rodgers:

This is in response to your recent request for Protective Custody placement. In accordance with DR501D, the Stateville Correctional Center notified you that your request for protective custody was denied on June 21, 2007. This office has determined that the issue will be addressed without a formal hearing.

This office notes that at the time of your request for placement on June 11, 2007, you cited the following reasons as your need for PC: enemies within the Vice Lord gang that are now being released from Tamms. They are high ranking members; Patrick Carr, Dixon (Fletcher), Audie Murphy, Gary Clark and Zello. I feel they are going to try to kill me. I fear for my life.

This office notes the offender is serving a 68 year sentence for Murder with a custody date of 1/7/88 and projected release date of 4//25/29. The grievant has been housed at the Stateville Correctional Center since 2/26/07. No clinical concerns noted.

This office reviewed the vote sheet wherein the recommendation to deny placement was approved by CAO on 6/21/07.

This office discussed the offender's concerns with the Stateville Intel Unit.

Based on a review of all available information, it is the opinion of this Chairperson that the offender *should remain in protective custody placement.*

For The Board: [signature]
Terri Anderson
Administrative Review Board
Office of Inmate Issues

Concurred: [signature]
Roger E. Walker Jr.
Director

CC: Warden McCann, Stateville CC

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTREN DIVISION

LARRY RODGERS
PLAINTIFF

VS.

ROD BLAGOJEVICH, et, al

CASE NO 08 C 686

## PROOF/CERTIFICATE OF SERVICE

TO: MICHEAL W, DOBBINS
CLERK OF THE COURT
U.S. DISTRICT COURT
219 SOUTH DEARBORN STREET
CHICAGO, ILL 60604

PLEASE TAKE NOTE THAT ON JUNE 11TH, 2008, I HAVE PLACED THE DOCUMENTS LISTED BELOW IN THE INSTITUTIONAL MAIL AT PONTIAC CORRECTIONAL CENTER PROPERLY ADDRESS TO THE ADDRESS ABOVE FOR FILING WITH THIS COURT.

# 1 ORGINAL AMENDED COMPLAINT AND #7 COPIES, #1 COPIE TO BE STAMPED AND RETURNED TO ME.

PURPUANT TO 28 U.S.C 1746, 18 U.S.C. 1621 OR 735 ILCS 5/1-109., I DECLARE UNDER PENATLY OF JURY, THAT I AM THE PLAINTIFF NAMED IN THE ABOVE ACTION, THAT I HAVE READ THE ABOVE DOCUMENTS, AND THAT THE INFORMATION CONTAINED THEREIN IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

JUNE 11TH, 08

LARRY RODGERS
P.O. BOX-99
PONTIAC, ILL 61764