## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 686 | DATE | 6-30-08 |
| CASE TITLE | Larry Rodgers (N-53436) v. Rod Blagojevich | | |

**DOCKET ENTRY TEXT:**

Plaintiff Larry Rodgers may proceed with his amended complaint [26] against Terry McCann. The clerk shall issue summonses for this defendant, and the United States Marshal shall serve this defendant. Plaintiff shall have 90 days from the date an attorney enters an appearance for Defendant McCann to identify the John Doe defendants. The other named defendants are dismissed. The clerk shall forward instructions for filing documents in this Court and a magistrate judge consent form to plaintiff.

■ [For further details see text below.]   Docketing to mail notices.

### STATEMENT

Plaintiff, Larry Rodgers, currently incarcerated at Pontiac Correctional Center, has submitted an amended complaint in accordance with the Court's May 13, 2008 order. Rodgers asserts two counts in his complaint. In count one, he alleges that, between February 2007 and February 2008, unknown Stateville Correctional Center systems administrators repeatedly denied Rodgers' access to a medical clinic for treatment for his hypertension and hepatitis conditions. Plaintiff states that Terry McCann, warden of Stateville, was aware of plaintiff's condition. In count two, plaintiff names as defendants Illinois Attorney General Lisa Madigan, Director of Illinois Department of Corrections Roger Walker, Menard Warden Donald Hulick, and Governor Rod Blagojevich. Plaintiff alleges that these defendants embezzled plaintiff's monthly idle pay.

The Court's preliminary review of the amended complaint, *see* 28 U.S.C. 1915A, reveals that plaintiff sufficiently states a colorable claim of deliberate indifference with respect to his allegations that he was denied treatment for his hypertension and hepatitis conditions while at Stateville. *See Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). Although it is unclear how Terry McCann was involved, when a plaintiff does not know the names of the persons who actually injured him, the law permits the plaintiff, at the pleading stage, to name the unknown defendant's supervisor for the purpose of conducting discovery to learn the identity of the unknown defendant. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Once the identity of an unknown defendant is discovered and a supervisory official is no longer needed, a plaintiff may then seek to amend the complaint to include the name of the John Doe defendant and dismiss the supervisory official.

(CONTINUED)   isk

**STATEMENT (continued)**

Accordingly, the amended complaint may proceed with count 1 against Terry McCann and the John Doe defendants. Once an attorney enters an appearance for Terry McCann, plaintiff may forward to the attorney interrogatories (a list of questions) that are designed to identify the unknown defendants. Plaintiff is given 90 days from the date an attorney enters an appearance to identify the unknown defendants. Plaintiff's failure to attempt to learn the identities of the unknown defendants within that time will result in dismissal of the claims against them.

Plaintiff's claims in count 2, that the other defendants embezzled plaintiff's idle pay, are dismissed. Not only are these claims wholly unrelated to the claims of denial of medical attention discussed above, but the claims appear to fail to state a claim for relief in this Court. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (a complaint may not allege unrelated claims against different defendants, and a plaintiff should bring unrelated claims in separate suits); *Vanskike v. Peters*, 974 F.2d 806, 809 (7th Cir. 1992) (prisoners have no constitutional right to state pay).

The clerk shall issue summons for service of the amended complaint, and the United States Marshals Service is appointed to serve the amended complaint only on Terry McCann at this time. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve this defendant. With respect to any former prison employee who can no longer be found at the work address provided by plaintiff, Stateville authorities shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. In addition, plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.